**IN THE UNITED STATES DSTRICT COURT**
**WESTERN DIVISION OF ARKANSAS**

**CURO HEALTH SERVICES, LLC d/b/a GENTIVA** — **PLAINTIFF/COUNTER-DEFENDANT**

**v.** — **CASE NO. 2:25-cv-02028-DCF**

**DEBRA SOBOLEWSKI** — **DEFENDANT/COUNTER-PLAINTIFF**

# PLAINTIFF'S MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER REGARDING DEFENDANT'S DEPOSITION NOTICES AND 30(B)(6) DEPOSITION NOTICE

Plaintiff/Counter-Defendant Curo Health Services, LLC d/b/a Gentiva ("Gentiva"), by and through its attorneys Friday, Eldredge, and Clark LLP, states for its Motion To Quash and/or for Protective Order regarding Defendant's Deposition Notices and 30(b)(6) Deposition Notice the following:

1. On September 21, 2026, Defendant unilaterally noticed Plaintiff with four Notices of Deposition Duces Tecum for Ronald Lazas, Gentiva's Chief General Counsel; David Causby, Gentiva's Chief Executive Officer; Tom Dolan, Gentiva's Chief Financial Officer; and Jeff Harris, Gentiva's Chief Information Officer.

2. On the same day, Defendant also served an Amended Notice of 30(b)(6) Deposition for Plaintiff's representative.

3. Plaintiff seeks to quash the depositions to Mr. Lazas, Mr. Causby, Mr. Harris, and Mr. Dolan, and the Notice of 30(b)(6) Deposition.

4. Alternatively, Plaintiff seeks a protective order limiting the scope of the topics proposed by Defendant for the 30(b)(6) Deposition and limiting the deposition that Defendant may take at this late hour.

5. Discovery in this matter has been ongoing since early 2026. The discovery deadline was continued at Defendant's request, purportedly to complete forensic review of the computer records and Gentiva laptop central to the claims at issue. *See* Doc. 36 at 4 – 5.

6. The current discovery cut-off is October 4, 2026. At a late date shortly before the close of discovery, Defendant seeks to depose four corporate officers and one or more Gentiva representatives on a wide range of topics. Further, two of the officers Defendant names as deponents lack the personal and unique knowledge required by the apex doctrine, and Defendant could uncover the same information through less burdensome means.

7. The Notices of Deposition for Mr. Lazas and Mr. Causby purport to schedule their depositions on October 1, 2026 and October 2, 2026. Mr. Causby and Mr. Lazas are not residents of the State of Arkansas. They are chief corporate officers for a large national corporation.

8. The topic list served with the Notices of Deposition to Mr. Causby and Mr. Lazas focuses almost entirely on the investigation into Defendant that resulted in the termination of her employment. Mr. Causby's job duties as CEO do not include participating in a human resources investigation into a single employee. He had no direct involvement in the investigation into Defendant and did not make the decision to terminate her. He has no unique or personal knowledge to offer.

9. Similarly, Mr. Lazas' limited involvement in the investigation was performed as part of his job duties as Gentiva's Chief General Counsel. Any information he has regarding Plaintiff's investigation and the resulting termination of Defendant is subject to attorney-client privilege and the work product doctrine.

10. Defendant has already deposed Julie Waller, the Vice-President of Human Resources who conducted the investigation into Defendant.

11. The notices of deposition to Mr. Lazas and Mr. Causby should be quashed, as Defendant's notices are untimely, improper, and insufficient, as expanded on in the incorporated brief in support of this motion.

12. Likewise, the unilaterally noticed depositions of Mr. Harris and Mr. Dolan violate this Court's scheduling order requiring the parties to provide notice of discovery requests with sufficient time to respond.

13. In addition, all of the deposition notices include improper requests for production of documents.

14. The 30(b)(6) notice likewise violates this Court's scheduling order as it only provides seven days to prepare one or more company representatives to be deposed on 26 topics with approximately 50 sub-topics.

15. With its 30(b)(6) Notice Defendant also served as Exhibit A a list of proposed topics for which Plaintiff is expected to prepare company representative(s) to testify, attached as **Exhibit E** to the incorporated Brief in Support.

16. The proposed list includes topics that exceed the reasonable scope of discovery in this matter and that are purely designed to annoy, embarrass, oppress, and cause undue burden and expense to Plaintiff.

17. The proposed list also includes several topics that are not described with reasonable particularity as required by Federal Rule of Civil Procedure 30(b)(6).

18. Between August 28, 2026 and September 21, 2026, Defendant and undersigned counsel conferred in good faith regarding the scope and description of the proposed topics.

19. Defendant rejected all changes proposed by Plaintiff. Parties have been unable to reach a mutual agreement regarding the scope and topics of the 30(b)(6) deposition. The list of proposed topics is attached as **Exhibit H** to the incorporated Brief in Support.

20. Accordingly, Plaintiff now moves for this Court to enter a protective order quashing the notice of 30(b)(6) deposition.

21. Alternatively, Plaintiff seeks a protective order requiring Defendant to propose a new set of topics limited in scope as explained and supported in the incorporated Brief in Support.

22. Plaintiff incorporates by reference with this motion a Brief in Support and attached exhibits:

a. **Exhibit A**— September 21, 2026 Notice of Deposition Duces Tecum to Ronald Lazas;

b. **Exhibit B** – September 21, 2026 Notice of Deposition to David Causby;

c. **Exhibit C** – September 21, 2026 Notice of Deposition to Tom Dolan;

d. **Exhibit D** – September 21, 2026 Notice of Deposition to Jeff Harris;

e. **Exhibit E** – August 28, 2026 Notice of 30(b)(6) Deposition and Exhibit "A";

f. **Exhibit F**— August 31, 2026 Letter from Plaintiff to Defendant requesting good faith conference regarding the August 28th Notice;

g. **Exhibit G** – September 18, 2026 Letter from Plaintiff to Defendant with its objections to proposed topics in August 28th Notice;

h. **Exhibit H** – September 21, 2026 Amended Notice of 30(b)(6) Deposition and Amended Exhibit "A".

Wherefore, Plaintiff respectfully requests that its Motion to Quash and/or for Protective Order Regarding Defendant's Deposition Notices and 30(b)(6) Deposition Notice be granted, for

its cost and attorneys' fees incurred in preparing this Motion, and for all other proper relief to which it may be entitled.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Suite 2000
Little Rock, AR 72201
Office: (501) 376-2011
Facsimile: (501) 244-5348
mmoore@fridayfirm.com
mcameron@fridayfirm.com
*Attorneys for Plaintiff*

Mike S. Moore, Ark. Bar No. 82112
Mark K. Cameron, Ark. Bar No. 2021193