FRIDAY | ELDREDGE & CLARK LLP

**Mark K. Cameron** | **Attorney**
Direct: (501) 370-1578
Fax: (501) 244-5379
E-mail: mcameron@fridayfirm.com

3350 S Pinnacle Hills Pkwy
Suite 301
Rogers, Arkansas 72758
www.FridayFirm.com

September 18, 2026

Rebecca D. Hattabaugh
Ledbetter, Cogbill, Arnold & Harrison, LLP
662 Parker Avenue
P.O. Box 185
Fort Smith, AR 72902-0185
rhattabaugh@lcahlaw.com

**VIA ELECTRONIC MAIL**

Re: *Curo Health Services, LLC d/b/a Gentiva v. Debra Sobolewsk*i
U.S. District Court, Western District of Arkansas, Case No. 2:25-cv-02028

Dear Rebecca:

As part of our continued good faith engagement with your client, what follows is Gentiva's objections to the topics proposed in your August 28 Notice of 30(b) Deposition.

As to topics 1-5, Plaintiff objects on the following basis: Plaintiff objects to this request as overbroad and unduly burdensome. Defendant seeks testimony on every document that does or may contain trade secret information among 5,000 documents. Defendant seeks this information on the eve of discovery closing and with little time for Plaintiff to fully analyze the documents in the same manner it intends to for trial. Had Defendant sought this deposition nearly a year ago when discovery began, the parties likely could have accomplished a deposition of this nature. There is simply insufficient time for Plaintiff to prepare the necessary witnesses prior to the close of discovery. Plaintiff is open to meeting and conferring regarding a small example set of documents that it contends contain trade secret information, including those already identified in its discovery responses. Further, Plaintiff objects to the extent these requests seek privileged information or a legal conclusion.

As to topics 8-9, Plaintiff objects on the following basis: Plaintiff objects to this request as overbroad and unduly burdensome. Plaintiff once again seeks testimony on an expanse of information that is overly broad and outside the proper scope of a 30(b)(6) deposition. This request would require interviewing every employee of the company who may have access to the alleged trade secret information to determine whether any disclosure, whether authorized or unauthorized, has occurred. This requested information would be impossible for any one representative of Plaintiff to know with complete certainty without several months of preparation. Further some of the information would simply be outside of the possession, custody, or control of Plaintiff. Again, this request for a 30(b)(6) has been made during the 30-day extension of discovery issued by the court, which Defendant represented as necessary primarily to complete forensic review, but has now extended to an onerous 30(b)(6) request.

Exhibit G

As to topics 11-12, Plaintiff objects on the following basis: Plaintiff objects to this request as overbroad and unduly burdensome. First, this request is not properly submitted as a 30(b)(6) as it does not relate to company information, policies, procedures, or decisions. Instead, it seeks opinions on information that is only in the possession of Defendant—namely what actions she has taken with the company information in her possession. The parties have been working to verify what actions have been taken through forensic review, which Defendant and her attorney have continuously delayed. Further, Defendant has yet to respond to discovery requests seeking information regarding her current position as a VP of Revenue Cycle at a competing company. This information is important to determining how Defendant has misappropriated Gentiva's information apart from the unauthorized transfer from Gentiva's company computer. Plaintiff further objects to the extent this request seeks attorney client privileged or work product information. Plaintiff further objects to the extent this seeks attorney-client privileged information. Plaintiff objects to the statement that "damages must be apportioned on a per trade secret basis and may not be presented solely on an aggregate or consolidated basis." That "instruction" has no place in a 30 (b) (6) notice

At to topic 14, Plaintiff objects to this request as overbroad and unduly burdensome. Plaintiff further objects that this request seeks information protected by the attorney-client privilege and work product doctrine, or information otherwise subject to confidentiality agreements. This topic likewise seeks an expanse of information that, even if properly within the scope of discovery, would require far more than two weeks to prepare a witness on.

As to topic 15, Plaintiff objects that this request seeks information protected by the attorney-client privilege and work product doctrine.

As to topics 22 – 25, Plaintiff objects to these as overbroad and unduly burdensome. These requests are not properly narrowed for a 30(b)(6) deposition. These are written as requests for production or interrogatories, not as seeking testimony from the company.

Sincerely,

Mark K. Cameron

MKC:scc