**IN THE UNITED STATES DSTRICT COURT**
**WESTERN DIVISION OF ARKANSAS**

**CURO HEALTH SERVICES, LLC d/b/a GENTIVA** **PLAINTIFF/COUNTER-DEFENDANT**

**v.** **CASE NO. 2:25-cv-02028-DCF**

**DEBRA SOBOLEWSKI** **DEFENDANT/COUNTER-PLAINTIFF**

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff/Counter-Defendant Curo Health Services, LLC d/b/a Gentiva ("Gentiva"), by and through its attorneys Friday, Eldredge, and Clark LLP, for its Plaintiff's Motion to Compel states the following:

1. Gentiva initiated this case against its former employee, Debra Sobolewski ("Sobolewski"), for six separate counts, all arising from the same set of actions committed by Sobolewski: her failure to return a Gentiva laptop containing confidential information to Gentiva after her termination; accessing, compiling, copying, and reproducing Gentiva's confidential information without Gentiva's express consent; and her failure to return to Gentiva all confidential information upon her termination of employment.

2. Analysis of the Gentiva laptop, the confidential records originating from said laptop, Cloud storage, and Sobolewski's devices are highly relevant to Gentiva's claims against Sobolewski.

3. As a result, Gentiva and Sobolewski (hereafter "The Parties") jointly agreed early in discovery that they would conduct joint expert discovery on the devices and cloud storage at

issue in this matter. This analysis has been ongoing by Guardian Forensics since June 4, 2026, when The Parties jointly initiated it.

4. On August 19, 2026, Defendant filed a motion to extend discovery for the explicit purpose of allowing Guardian time to complete the agreed forensic review of the Defendant's laptop, USB drives, and OneDrive.

5. The Court granted Defendant's motion and extended the discovery cut-off to October 4, 2026.

6. Now, at the tail-end of the extended discovery period, Defendant has refused to continue with the agreed to forensic review. Defendant has made these threats despite agreeing to and participating in the review since June 4, 2026.

7. The Federal Rules of Civil Procedure permit discovery that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Sobolewski's access of the confidential information and her possession and use of the information once it was transferred from the Gentiva laptop to her personal devices are relevant to each of Plaintiff's claims against Defendant, as they result from Sobolewski's illegal and unauthorized access of said information.

8. The Court has wide discretion in handling pretrial discovery, including whether to grant a motion to compel. *See Hill v. S.W. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017); *Jackson v. Minnesota Dept. of Human Services*, 20-CV-749 (KMM/TNL), 2022 WL 1261690, at *1 (D. Minn. Apr. 28, 2022).

9. Plaintiff has attempted to confer in good faith with Defendant's counsel to resolve this dispute without court intervention, as required by Fed. R. Civ. P. 37(a)(1). These efforts have been unsuccessful.

10. Accordingly, Plaintiff moves under Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv) for an order compelling Defendant to comply with The Parties' agreement to a joint forensic review, including compelling Defendant to pay half of the remaining cost owed for the forensic review and participating in carrying out the protocol agreed to by the parties.

11. Alternatively, Plaintiff requests an order compelling Defendant to produce her personal laptop, two USB devices, and her personal OneDrive for independent forensic review by Plaintiff. In anticipation that Defendant intended to obstruct completion of the agreed to forensic review, Plaintiff requested these devices in its Requests for Production served to Plaintiff August 26, 2026. Defendant has refused to produce it, even though analysis of the personal laptop, USB devices, and OneDrive support the heart of Plaintiff's claims and are relevant to Defendant's defenses.

12. Plaintiff incorporates by reference with this Motion a Brief in Support and attached exhibits:

a. Exhibit A – The Parties' June 4, 2026 Joint Email to Guardian Forensics.

b. Exhibit B – The Parties' Joint Protocol on the Guardian Forensic analysis, submitted to Guardian Forensics on June 4, 2026.

c. Exhibit C—Defendant's Counsel's September 3, 2026 Email to Plaintiff's counsel regarding the pending Guardian Forensics' review.

d. Exhibit D – September 17-18, 2026 Emails between Plaintiff's counsel and Defendant's counsel regarding Guardian Forensics' review.

e. Exhibit E – Defendant's Answers to Plaintiff's Set of Interrogatories and Requests for Production.

WHEREFORE, Plaintiff respectfully requests that its Motion to Compel be granted, for an award of its attorney's fees as permitted under Fed. R. Civ. P. 37(a)(5), and for all other proper relief to which it may be entitled.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Suite 2000
Little Rock, AR 72201
Office: (501) 376-2011
Facsimile: (501) 244-5348
mmoore@fridayfirm.com
mcameron@fridayfirm.com
*Attorneys for Plaintiff*

Mike S. Moore, Ark. Bar No. 82112
Mark K. Cameron, Ark. Bar No. 2021193