**IN THE UNITED STATES DSTRICT COURT**
**WESTERN DIVISION OF ARKANSAS**

**CURO HEALTH SERVICES, LLC d/b/a GENTIVA** — **PLAINTIFF/COUNTER-DEFENDANT**

**v.** — **CASE NO. 2:25-cv-02028-DCF**

**DEBRA SOBOLEWSKI** — **DEFENDANT/COUNTER-PLAINTIFF**

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff/Counter-Defendant Curo Health Services, LLC d/b/a Gentiva ("Gentiva"), by and through its attorneys Friday, Eldredge, and Clark LLP, for its Brief in Support of Plaintiff's Motion to Compel states the following:

Gentiva moves pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv) and seeks its reasonable attorney fees under Fed. R. Civ. P. 37(a)(5). The Parties jointly agreed early during discovery that they would conduct joint expert discovery of the forensic data available on the devices and cloud storage at issue in this matter. To that end, on June 4, 2026, the Parties jointly instructed Guardian Forensics to perform a forensic analysis of Ms. Sobolewski's personal laptop, two USB devices, and her personal OneDrive cloud storage. *See* **Exhibit A**. The parties prepared a joint protocol instructing Guardian as to how the analysis should be performed. *See* **Exhibit B**.[1] The parties agreed to split the cost of the forensic review. Defendant has now indicated that she does not intend to follow through with instructing Guardian to produce a final report and with completing her portion of the agreed upon protocol.

[1] Plaintiff notes that the Laptop identification information is absent in the attached protocol. Guardian had already been provided the laptop by Defendant for cloning prior to the protocol being completed.

## I. ARGUMENT

The Federal Rules of Civil Procedure permit discovery that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Determining whether discovery is proportional requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court has very wide discretion in handling pretrial discovery, including whether to grant a motion to compel. *See Hill v. S.W. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017); *Jackson v. Minnesota Dept. of Human Services*, 20-CV-749 (KMM/TNL), 2022 WL 1261690, at *1 (D. Minn. Apr. 28, 2022).

## II. DISCUSSION

On August 19, 2026, Defendant filed a motion to extend discovery for the explicit purpose of completing the agreed to forensic review of the Defendant's laptop, USB drives, and OneDrive. However, on August 24, 2026, Defendant instructed Guardian to cease the forensic review and to provide an estimation of costs prior to proceeding. The parties had previously discussed Defendant's concerns about the scope of the review during a call with Guardian on August 18, 2026. Plaintiff understood that Defendant was satisfied that the final report would be properly narrowed to focus only on the files at issue, which include approximately 3,000 files. On August 25th, Guardian responded with information on how much the remaining analysis and final report would cost and indicating that it would not proceed without a retainer from both parties.

On September 3, 2026, Defendant's counsel sent a lengthy email to undersigned counsel effectively stating that her client still questions (1) whether the final report will be properly narrowed, despite discussing this issue with Guardian on August 18; (2) newly questioning whether forensic review of the devices used to transfer 5,000 files from her work computer is relevant to the claims and defenses in this case, which include conversion, misappropriation of trade secrets, violation of her confidentiality agreement with Gentiva, and violation of the Computer Fraud and Abuse Act. *See* **Exhibit C**. All of the claims and defenses are based on the documents at issue and whether they were transferred beyond Defendant's personal devices and OneDrive. Defendant now seeks to hamper the agreed to discovery, despite representing to this Court her intent to complete such discovery to justify an extension of the discovery deadline.

On September 17 and 18, undersigned counsel responded to Defendant's email noting that these concerns had already been discussed and reminding Defendant of the agreed to protocol for the forensic review. *See* **Exhibit D**. Defendant's counsel has yet to respond to these emails. The agreed protocol requires Defendant's cooperation to complete the forensic review. The parties have agreed that the final report will be provided to Defendant's counsel first for review for potential attorney-client privileged information prior to being provided to Plaintiff.

Plaintiff is prepared to provide the requested retainer to Guardian to complete the agreed upon forensic review. Plaintiff asks that this Court enter an order compelling Defendant to comply with her agreement to conduct a joint forensic review, including paying her share of the costs. Alternatively, Plaintiff requests that this Court compel Defendant to turn over the data currently held by Guardian from her personal laptop, the USB devices, and OneDrive for independent forensic review by Plaintiff. Plaintiff served discovery requesting that Defendant turn over this

data for independent review on August 26th. Defendant responded on September 25th, refusing to provide such information. See **Exhibit E**.

> REQUEST FOR PRODUCTION NO. 18: Produce your personal laptop for forensic analysis and review by Gentiva's expert, Avansic.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 18: Objection, the request is overly broad, unduly burdensome, intrusive, seeks personal, confidential, financial and health information concerning Defendant and non-parties to this case which is privileged and protected from disclosure. Defendant further objects on the grounds that the information sought is not relevant and is privileged and protected from disclosure by the attorney-client privilege and work product doctrine. Defendant further objects on the grounds that the request seeks confidential, trade secret and proprietary information concerning non-parties to this case.
>
> REQUEST FOR PRODUCTION NO. 19: Produce the two USB drives at issue in this matter for forensic analysis and review by Gentiva's expert, Avansic.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 19: Objection, the request and overly broad, unduly burdensome, and seeks information that is not relevant to the issues in this case. Defendant further objects on the grounds that the request is unnecessary and harassing in light of Gentiva's statement that it utilized a device which prevented the transfer of files via a USB drive and Defendant's testimony as to the same.
>
> REQUEST FOR PRODUCTION NO. 20: Produce your personal OneDrive at issue in this matter for forensic analysis and review by Gentiva's expert, Avansic.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 20: Objection, the request is overly broad, unduly burdensome, intrusive, seeks personal, confidential, financial and health information concerning Defendant and non-parties to this case which is privileged and protected from disclosure. Defendant further objects on the grounds that the information sought is not relevant and is privileged and protected from disclosure by the attorney-client privilege and work product doctrine. Defendant further objects on the grounds that the request seeks confidential, trade secret and proprietary information concerning non-parties to this case.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that its Motion to Compel be granted, for its cost and attorneys' fees incurred in preparing this Motion, and for all other proper relief to which it may be entitled.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Suite 2000
Little Rock, AR 72201
Office: (501) 376-2011
Facsimile: (501) 244-5348
mmoore@fridayfirm.com
mcameron@fridayfirm.com
*Attorneys for Plaintiff*

Mike S. Moore, Ark. Bar No. 82112
Mark K. Cameron, Ark. Bar No. 2021193