**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| CURO HEALTH SERVICES, LLC<br>d/b/a GENTIVA,<br>Plaintiff/Counter-Defendant, | )<br>)<br>) | |
| | ) | CASE NO.: 2:25-cv-02028-TLB |
| vs. | )<br>) | |
| DEBRA SOBOLEWSKI,<br>Defendant/Counter-Plaintiff. | )<br>) | |

**ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, DEBRA SOBOLEWSKI**

The Defendant/Counter-Plaintiff, Debra Sobolewski, (hereinafter "Defendant"), by and through her counsel of record, Ledbetter, Cogbill, Arnold & Harrison, LLP, for her Answers to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents to Defendant, Debra Sobolewski, states as follows:

In responding to the Plaintiff's Interrogatories and Requests for Production, Defendant has sought information from those persons who are most likely to know of information or documents or other things responsive to Plaintiff's discovery. Defendant has also conducted a reasonable search for records kept in the ordinary course of business, where information, documents, or other things responsive to this discovery are most likely to be found. To the extent Plaintiff's Interrogatories and Requests ask for more, the Defendant objects because the discovery is overly broad, unduly burdensome, and asks for Defendant to undertake obligations beyond those required by the Federal Rules of Civil Procedure.

In addition, consistent with the Federal Rules of Civil Procedure, Defendant has limited its search to information in its possession, custody, or control. To the extent the Plaintiff's Interrogatories and Requests can be construed to require Defendant to obtain information or

Exhibit E

documents not in its possession, custody, or control, Defendant objects as it is asking it to undertake obligations beyond those required by the Federal Rules of Civil Procedure.

Defendant also objects to the words "all" and "any" as used throughout the Interrogatories and Requests as being overly broad and unduly burdensome. Defendant has made and will continue to make a good faith, reasonable, and diligent effort to locate information, consistent with any general and specific objections. Defendant will supplement these Responses consistent with the Federal Rules of Civil Procedure.

To the extent these requests ask Defendant to produce information without any relevance to this case, or to produce information with only a very marginal connection to the issues raised in this action, Defendant objects on the grounds that the burden of conducting a search for irrelevant or only marginally relevant information is disproportionate to any possible relevance to the issues here. The Federal Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed. R. Civ. P. 1. Accordingly the Rules should not be construed to mandate unlimited discovery or discovery that is disproportionately extensive in relation to the needs of the case.

GENERAL OBJECTIONS

Defendant asserts the following general objections to Plaintiff's Interrogatories and Requests for Production:

1. Defendant objects to Plaintiff's Interrogatories and Requests for Production to the extent they call for information that is subject to the attorney-client privilege, the work product doctrine, or both.

2. Defendant objects to Plaintiff's Interrogatories and Requests for Production to the extent they seek proprietary or confidential information. To the extent confidential documents

are produced, Defendant will provide Plaintiff with a proposed confidentiality protective order.

4. The introduction and general objections are incorporated by reference to the extent applicable and to the specific responses set forth below and are not waived, or in any way limited, by these specific objections. Defendant's objections and Responses as set forth herein are based upon information presently known to Defendant. Defendant reserves the right to:

(a) Rely on any facts, documents, or other evidence that may develop or subsequently come to its attention;

(b) Assert additional objections or supplemental responses if Defendant discovers additional information or grounds for objection; and

(c) Supplement or amend these Responses at any time.

5. Defendant objects to the "Rules of Construction" and purported "Instructions" which were included with Plaintiff's discovery requests as they inappropriately purport to expand the scope of the discovery requests beyond that which is permitted by the Federal Rules of Civil Procedure.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 23:** Identify the following with respect to your employment with Uplift:

(a) first date of contact with Uplift;

(b) date of application for employment with Uplift;

(c) first date of employment with Uplift; and

(d) each date you had communication with Uplift prior to your first date of employment, including the name of the person with whom you had communications.

**ANSWER TO INTERROGATORY NO. 23:** Objection, the request is overly broad, unduly burdensome and seeks information that is not relevant to the issues and claims in this case and is privileged and protected from disclosure. Notwithstanding and without waiving those objections, Defendant did not apply for employment at Uplift. She received a phone call from Matt Stearns at some point prior to March 6, 2025 in which he discussed the prospect of her employment with Uplift. She had a few conversations with Matt Stearns and others at Uplift and was ultimately hired on April 7, 2025.

**INTERROGATORY NO. 24:** State whether you contend that you have been physically or mentally harmed by the conduct of the Plaintiff and, if so, please generally state the nature of the harm, identify by name, address and telephone number each medical care or mental health professional that you have seen as a result of such injuries, and provide a full and accurate accounting for all costs of medical care, therapy, whether physical or mental, or medications you have required to date allegedly as a result of the conduct of Defendant.

**ANSWER TO INTERROGATORY NO. 24:** Objection, the request is vague, overly broad and unduly burdensome. Notwithstanding and without waiving those objections, Defendant was questioned about these issues and provided testimony in response to those questions at her deposition concerning the medical treatment she has received. In the event, Defendant seeks damages for medical bills, she will supplement and provide evidence of the same.

**INTERROGATORY NO. 25:** During your deposition, you testified that you often delete text messages from your phone and indicated that this may limit the communications that you have from former employees. Please describe in detail your practices from October 2024 to

present with respect to your practices regarding deletion and retention of communications or records, please provide the following information:

a. Approximately how often do you delete text messages from your phone?

b. Approximately when was the last date that you deleted text messages from your phone?

c. Do you enable automatic purge settings on your devices to remove texts, emails, or other records? If so, are those settings currently enabled?

d. Do you periodically delete emails from your email accounts? If so, approximately how often and when was the last time you did so?

e. Approximately how often do you delete or purge records whether kept in physical or digital format?

d. What steps have you taken to preserve relevant communications, documents, and records for purposes of this litigation?

**ANSWER TO INTERROGATORY NO. 25:** Objection, the request is vague, overly broad, unduly burdensome, and seeks information which is not relevant to the issues and claims asserted in this lawsuit. Defendant further objects on the grounds that discovery of meta-data is not warranted in this matter. Notwithstanding and without waiving these arguments, Defendant provided testimony responsive to this request at her deposition.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 14:** Produce all communications with any prospective employer with whom you had communications from October 1, 2024 until present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Objection, the request is overly broad, unduly burdensome and seeks information that is not relevant to the issues and

claims asserted in this matter. Defendant further objects on the grounds that the information sought is privileged and protected from disclosure by the attorney-client privilege. Notwithstanding and without waiving these objections, Defendant has previously provided information concerning her current employment, the date of her employment and compensation as well as information concerning her efforts to obtain employment.

**REQUEST FOR PRODUCTION NO. 15:** Produce all communications with your current employer, Uplift, from October 1, 2024, until your first day of employment with Uplift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Objection, the request is overly broad, unduly burdensome and seeks information that is not relevant to the issues and claims asserted in this matter. Defendant further objects on the grounds that the information sought is privileged and protected from disclosure by the attorney-client privilege. Notwithstanding and without waiving these objections, Defendant has previously provided information concerning her current employer, the date of her employment and compensation.

**REQUEST FOR PRODUCTION NO. 16:** Produce all applications for employment that you submitted to any company following your termination of employment from Gentiva, including your application to Uplift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Objection, the request is overly broad, unduly burdensome and seeks information that is not relevant to the issues and claims asserted in this matter. Notwithstanding and without waiving these objections, Defendant has previously provided information concerning her current employment, the date of her employment and compensation as well as information concerning her efforts to obtain employment.

**REQUEST FOR PRODUCTION NO. 17:** Produce all communications related to applications for employment to any company following your termination of employment from Gentiva, including your application to Uplift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Objection, the request is overly broad, unduly burdensome and seeks information that is not relevant to the issues and claims asserted in this matter. Defendant further objects on the grounds that the information sought is privileged and protected from disclosure by the attorney-client privilege. Notwithstanding and without waiving these objections, Defendant has previously provided information concerning her current employment, the date of her employment and compensation as well as information concerning her efforts to obtain employment.

**REQUEST FOR PRODUCTION NO. 18:** Produce your personal laptop for forensic analysis and review by Gentiva's expert, Avansic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Objection, the request is overly broad, unduly burdensome, intrusive, seeks personal, confidential, financial and health information concerning Defendant and non-parties to this case which is privileged and protected from disclosure. Defendant further objects on the grounds that the information sought is not relevant and is privileged and protected from disclosure by the attorney-client privilege and work product doctrine. Defendant further objects on the grounds that the request seeks confidential, trade secret and proprietary information concerning non-parties to this case.

**REQUEST FOR PRODUCTION NO. 19:** Produce the two USB drives at issue in this matter for forensic analysis and review by Gentiva's expert, Avansic

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Objection, the request and overly broad, unduly burdensome, and seeks information that is not relevant to the issues in this case. Defendant further objects on the grounds that the request is unnecessary and harassing in light of Gentiva's statement that it utilized a device which prevented the transfer of files via a USB drive and Defendant's testimony as to the same.

**REQUEST FOR PRODUCTION NO. 20:** Produce your personal OneDrive at issue in this matter for forensic analysis and review by Gentiva's expert, Avansic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Objection, the request is overly broad, unduly burdensome, intrusive, seeks personal, confidential, financial and health information concerning Defendant and non-parties to this case which is privileged and protected from disclosure. Defendant further objects on the grounds that the information sought is not relevant and is privileged and protected from disclosure by the attorney-client privilege and work product doctrine. Defendant further objects on the grounds that the request seeks confidential, trade secret and proprietary information concerning non-parties to this case.

**REQUEST FOR PRODUCITON NO. 21:** Produce your phone records showing the phone numbers with whom you made and received calls or exchanged text messages from October 25, 2024 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Objection, the request is overly broad, unduly burdensome, and seeks information that is not relevant to the issues and claims in this matter as well as information that is privileged and protected from disclosure pursuant to the attorney client privilege and/or work product doctrine.

**REQUEST FOR PRODUCITON NO. 22:** Produce your signed contract, offer letter, or any other employment agreement entered into as part of you employment with Uplift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Objection, the request seeks information that is not relevant to the issues and claims asserted in this matter and which contains confidential and proprietary information concerning a non-party to this case. Notwithstanding and without waiving those objections, Defendant has previously provider the offer letter, has disclosed her start date and salary and has provided Plaintiff with a release in order to obtain her payroll records.

Respectfully submitted,

LEDBETTER, COGBILL,
ARNOLD & HARRISON, LLP
622 Parker Avenue
P.O. Box 185
Fort Smith, Arkansas 72902
Phone: (479) 782-7294
rhattabaugh@lcahlaw.com

BY: ______________________
REBECCA D. HATTABAUGH, ABA#96029
*Attorney for the Defendant/Counter-Plaintiff, Debra Sobolewski*

**CERTIFICATE OF SERVICE**

I, Rebecca D. Hattabaugh, one of the attorneys for the Defendant/Counter-Plaintiff herein, do hereby certify that on September 25th, 2026 a true and correct copy of the above and foregoing was served via e-mail to the following:

Mr. Mark Cameron
Mr. Michael S. Moore
Friday, Eldredge & Clark, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201
mcameron@fridayfirm.com
mmoore@fridayfirm.com
*Attorneys for Plaintiff, Curo Health Services, LLC d/b/a Gentiva*

Rebecca D. Hattabaugh