**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **CURO HEALTH SERVICES, LLC d/b/a GENTIVA** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| **v.** | **2:25-CV-02028-TLB** |
| **DEBRA SOBOLEWSKI** | **DEFENDANT/ COUNTER-PLAINTIFF** |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff/Counter-Defendant, Curo Health Services, LLC d/b/a Gentiva ("**Plaintiff**"), by and through its attorneys, Friday, Eldredge & Clark, LLP, and for its Responses and Objections to Defendant/Counter-Plaintiff Debra Sobolewski's ("**Defendant**') First Set of Interrogatories and Requests for Production of Documents, states as follows:

**<u>RESERVATION OF RIGHTS</u>**

1. Gentiva provides these responses and objections without waiving or intending to waive, but on the contrary preserving and intending to preserve: (i) all objections to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this action or in any related or subsequent action or proceeding, of the documents and information, if any, produced hereunder or the subject matter thereof; (ii) the right to object on any ground to the use of the documents and information, if any, produced hereunder at any trial or hearing in this action or in any related or subsequent action or proceeding; (iii) the right to object



EXHIBIT "A"

on any ground at any time to any other set of discovery requests; and (iv) the right at any time to revise, amend, supplement, or correct the responses and objections provided herein.

2. The following Responses are made subject to all objections of competence, relevance, materiality, propriety, and admissibility and are subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

3. No incidental or implied admissions are intended.

4. Plaintiff has not completed its own investigation or discovery in this case. Accordingly, these Responses are based upon the best knowledge, information, and belief of Plaintiff at this time. Plaintiff reserves the right to make any further responses if it appears that any omission or error has been made in connection with these Responses or that are more accurate. These Responses are made without prejudice to the right of Plaintiff to use in later discovery or to present at trial such evidence that may be later discovered or evaluated.

5. In reading and responding to the discovery sought, Plaintiff has interpreted the Defendant's Requests and Interrogatories utilizing commonplace meanings for the terms used in the discovery requests. To the extent that the discovery requests purport to seek information other than as so interpreted, Plaintiff objects on the grounds that the discovery request is vague, ambiguous, and/or overly broad.

6. Plaintiff objects to the Interrogatories and Requests to the extent they call for information protected by the attorney-client communication privilege or the attorney-work product doctrine ("**Privileged Information**").

**RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**INTERROGATORY NO. 1:** Identify all persons who participated in the decision to terminate Ms. Sobolewski's employment, including each person's name, job title, address and telephone number, status of employment and specific role in the termination decision.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva further objects that this request is vague and unclear as to what "participated in the decision" means. Subject to and without waiving the foregoing, Tom Dolan made the decision to terminate Ms. Sobolewski's employment.

**INTERROGATORY NO. 2:** Identify all persons who received, reviewed, investigated, or responded to any complaints that you contend were made regarding Ms. Sobolewski and identify the specific actions each such person took in response to the complaints, including each person's name, job title, address and telephone number and status of employment.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva further objects to the extent this seeks information regarding "any complaints" over the entire course of Ms. Sobolewski's employment. Subject to and without waiving the foregoing, Gentiva identifies the following individuals with respect

to the complaints that were the subject of the investigation conducted in October 2024: Julie Waller, LaTonya Rampa, Scott Wandstrat, and Tom Dolan. All can be contacted through undersigned counsel.

**INTERROGATORY NO. 3:** Identify any and all persons who You contend made any complaint whatsoever with regard to Ms. Sobolewski and for each person state their name, job title, department, telephone number, address, status of employment and identify the date each such complaint was made, to whom the complaint was made, state the substance of each such complaint and all actions taken by You in response to the complaint along with the date each such action was taken.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva further objects to the extent this seeks information regarding "any complaints" over the entire course of Ms. Sobolewski's employment. Subject to and without waiving the foregoing, Gentiva identifies the following complaints and individuals who it is aware at this time made complaints regarding Ms. Sobolewski and that were part of the October 2024 investigation:

- See PLTF_000104 – 86.
- Michelle Mantel, August 28, 2024; documents attached herewith.
- Two anonymous complaints were submitted on October 16 and October 14, 2024. An investigation was conducted and additional complaints and corroborating information was gathered by Julie Waller between October 16 and October 29, 2024, from the following on the indicated dates and regarding the listed complaints/issues:

- Janett Watts, Revenue Cycle Director; 10/22/2024
- Marsha Cox, Director of Revenue Medicaid; 10/22/2024
- Hunter Hensley, Revenue Cycle Director; 10/22/2024
- Vicky Chandler, Revenue Cycle Senior Director; 10/22/2024; 10/28/2024
- Michael Anthony, Revenue Cycle Director; 10/24/2024
- Karen Bradfield, Revenue Cycle Senior Director; 10/24/2024
- Constance "Connie" Broome, Revenue Cycle Analytics Manager; 10/28/2024
- Stacy Stewart, Revenue Cycle Project Team Lead; 10/28/2024
- Allison Maddigan, Revenue Cycle Business Analyst; 10/29/2024

The complaints and corroborating information provided by these individuals included hostile and harassing work environment created by Ms. Sobolewski, retaliatory behavior by Ms. Sobolewski, discriminatory practices in management, hiring and firing by Ms. Sobolewski, and non-disclosure of nepotism and inappropriate favoritism toward family members in the revenue cycle department.

**REQUEST FOR PRODUCTION NO. 1:** Provide all documentation concerning each complaint identified in response to the preceding Interrogatories, including all information concerning the complaint, any documentation or notification that Ms. Sobolewski was provided concerning the complaint and her response thereto.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva objects to this request as vague, overbroad, and unduly burdensome.

Gentiva further objects to the extent this request seeks information outside of the possession, custody, or control of Gentiva. Subject to and without waiving the foregoing, Gentiva attaches with this response responsive documents within its possession at PLTF_000001 – 7; 96; 100; 104 – 317.

**INTERROGATORY NO. 4:** Did Gentiva perform an investigation in regard to the complaints referenced in response to the preceding Interrogatory? If so, please identify all interviews which were conducted, all statements which were taken along with the dates of each, as well as all documentation prepared by You with regard to Your investigation.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. See response to Interrogatory No. 3. Gentiva also interviewed Bethany Hood, Director of HR Technology on 10/31/2024.

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of all documentation concerning any investigation, interviews, statements, review or analysis of Ms. Sobolewski's job performance or any complaints which were made about Ms. Sobolewski.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva objects to this request as vague, overbroad, and unduly burdensome. Gentiva further objects to the extent this request seeks information outside of the possession, custody, or control of Gentiva. Subject to and without waiving the foregoing, non-privileged documents regarding the investigation into Ms. Sobolewski are attached at PLTF_000001 – 7; 104 – 317; 187 – 217.



EXHIBIT "A"

**REQUEST FOR PRODUCTION NO. 3:** Produce all Communications, documentation, and/or recordings concerning the decision to terminate Ms. Sobolewski's employment, including but not limited to e-mails, memoranda, notes, reports, recommendations, and any documentation supporting the stated reason(s) for the termination.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Subject to and without waiving the foregoing, please see the attached production for non-privileged documents.

**INTERROGATORY NO. 5:** Please identify the reason or reasons that Ms. Sobolewski was terminated from her employment by Gentiva.

**RESPONSE:** Ms. Sobolewski was discharged for the following reasons:

- Failure to follow Gentiva's Personal Relationship policy by not disclosing that she hired and supervised her brother.
- Providing preferential treatment to her brother, including a higher pay rate than other team members with more tenure and experience;
- Engaging in improper and unlawful hiring practices, including profiling candidates based on race, sexual orientation, pregnancy, criminal history and other improper or irrelevant physical characteristics;
- Creating a hostile work environment by yelling at, name-calling, and publicly humiliating team members;
- Retaliating against members of her team who raised concerns about her behavior;



EXHIBIT "A"

- Dishonesty during the investigation regarding the above complaints.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documentation whereby Gentiva notified Ms. Sobolewski of the cause for her termination.

**RESPONSE:** Gentiva objects to this request as such documentation is already in the possession of Ms. Sobolewski. Ms. Sobolewski was also informed via phone call of the reason for her termination of employment.

**INTERROGATORY NO. 6:** Identify Your policies and procedures for reporting and investigating complaints made regarding an employee by his or her co-workers that were in effect during Ms. Sobolewski's employment, including when each policy was implemented and any changes to these policies during Ms. Sobolewski's employment.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva objects to this request as vague, overbroad, and unduly burdensome. The terms "policies and procedures" is vague and undefined. Subject to and without waiving the foregoing, Gentiva attaches herewith the Employee Handbook in effect during Ms. Sobolewski's employment. See PLTF_000008 – 73.

**REQUEST FOR PRODUCTION NO. 5:** Produce all policies and procedures which are responsive to or which are identified in Your response to the preceding Interrogatory.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva objects to this request as vague, overbroad, and unduly burdensome. The terms "policies and procedures" is vague and undefined. Subject to and without

waiving the foregoing, Gentiva attaches herewith the employee handbook in effect during Ms. Sobolewski's employment.

**INTERROGATORY NO. 7:** Identify all persons who held the same or a similar position as Ms. Sobolewski in terms of position in the company and management authority during the three years before and after Ms. Sobolewski's termination including each person's name, gender, qualifications, dates of employment and current status of employment with You.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Information regarding the individuals who held Ms. Sobolewski's position before and after her is irrelevant to the claims and defenses in this case. Information regarding other employees at a similar level is likewise not relevant to this claims and defenses in this case. Ms. Sobolewski does not make a claim of discharge based on gender or any other protected characteristic that would warrant disclosure of the identity of other employees of Gentiva. Ms. Sobolewski likewise was not discharged due to her qualifications to perform the job, but rather due to legitimate complaints of serious policy and compliance violations that were corroborated by nearly every employee in her department.

**REQUEST FOR PRODUCTION NO. 6:** Produce an organizational chart or other documentation which identifies the organizational structure of Gentiva during the time of Ms. Sobolewski's employment, including the division in which Ms. Sobolewski worked.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Information regarding employees and company structure outside of the Revenue Cycle department is irrelevant. Subject to and without waiving the foregoing, Gentiva has included an organizational chart relative to Ms. Sobolewski's position. *See* PLTF_000333

**REQUEST FOR PRODUCTION NO. 7:** Produce all documentation and/or Communications, including e-mails, text messages, and internal messaging systems Communications, concerning any complaints made about Ms. Sobolewski during her employment with You or concerning Your notification to Ms. Sobolewski of any complaints or need for improvement.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva's communications and materials produced as part of an internal investigation are Privileged Information. Subject to and without waiving the foregoing, please see the documents attached as PLTF_000001 – 7; 96; 100; 104 – 317.

**INTERROGATORY NO. 8:** Describe all steps taken to preserve evidence related to Ms. Sobolewski's employment, her reports of discrimination, her suspension and termination, and alleged misappropriation of trade secrets, intellectual property, and/or confidential information including identification of Document retention policies and any litigation holds which were implemented by you.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the extent this request

seeks information outside of the possession, custody, or control of Gentiva. Meta-discovery is not warranted.

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents and Communications between Ms. Sobolewski and any supervisor, manager or any employee, representative or agent of Gentiva in any way relating to her employment during the two years preceding her termination from employment.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome. Gentiva further objects to the extent this request seeks information outside of the possession, custody, or control of Gentiva. This request seeks thousands of pages of confidential information and communications that bear no relevance to this matter. Gentiva has produced with this response email correspondence relevant to Ms. Sobolewski's discharge. Gentiva is open to producing additional relevant documents or communication with appropriate limitations, such as by relevant actors or search terms. Gentiva cannot consent to, however, blanket production of every communication and document exchanged between Ms. Sobolewski any other employee or agent of Gentiva "in any way relating" to Ms. Sobolewski's employment.

**INTERROGATORY NO. 9:** Identify all witnesses You may call to testify at trial, including each witness' name, address, telephone number and the subject matter of their anticipated testimony.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Discovery is ongoing, and Gentiva has not determined who it will call to testify as a witness at trial. Gentiva reserves the right to call any person identified in these

responses, in its initial disclosures, or any persons identified by Plaintiff. Gentiva reserves the right to supplement this response and to disclose its witnesses in accordance with the Federal Rules of Civil Procedure and the Court's scheduling order.

**INTERROGATORY NO. 10:** Please give the names, addresses, and telephone numbers of all persons whom You or Your attorneys may call as an expert witness at the trial of this case.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. At this time, Gentiva anticipates calling a representative of Avansic to provide expert testimony, but has not yet identified who that may be. Gentiva will supplement this response in accordance with the Federal Rules of Civil Procedure and will disclose any experts in accordance with the FRCP and the Court's scheduling order.

**INTERROGATORY NO. 11:** In regard to any expert witnesses named in Your answer to the preceding Interrogatory, please state the following:

a) The subject matter upon which each such person may testify;

b) A complete list of all the materials, reports, or any other Documents examined by the witness in connection with his/her review and opinions;

c) The substance of each fact or opinion to which each such person is expected to testify; and

d) A summary of the grounds for each such fact and opinion.

**RESPONSE:** See response to Interrogatory No. 10.

**<u>INTERROGATORY NO. 12:</u>** Please state whether You or Your attorneys have obtained any statements (whether written or recorded) from any person, regarding their knowledge or opinions concerning the facts and allegations which are stated in Your Complaint against Ms. Sobolewski, and if so, state:

a) From whom the statement was obtained;

b) The date the statement was obtained;

c) The form in which the statement was obtained; and

d) Who has possession of the statement.

**<u>RESPONSE:</u>** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva has attached with this response copies of non-privileged statements regarding the facts and allegations in this matter. At this time, Gentiva is not aware of any other non-privileged written or recorded statements that are responsive to this request.

**<u>INTERROGATORY NO. 13:</u>** Identify all persons who have knowledge of or access to the trade secrets, intellectual property, or confidential information that You claim Ms. Sobolewski misappropriated, including each person's name, current address, telephone number, job title, and a detailed description of their knowledge.

**<u>RESPONSE:</u>** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. In addition, given the thousands of documents taken by Ms. Sobolewski, Gentiva has not been able to identify each and every person with access to each and every document. Nor is such identification necessary. All employees are subject to a strict expectation of confidentiality with respect to the company's confidential information. Highly sensitive documents are restricted to a need-to-know basis and not

shared widely within the organization. For example, the employee compensation information that Ms. Sobolewski took is restricted to a select group of individuals within Gentiva's Human Resources department.

**INTERROGATORY NO. 14:** Identify with specificity each and every trade secret, item of intellectual property and/or confidential information that You claim Ms. Sobolewski misappropriated, including a detailed description of each such item, the date it was developed, how it was developed, who developed it, and why it qualifies as a trade secret, intellectual property or as confidential information.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome, and not proportional to the needs of this case. Ms. Sobolewski is aware of what documents Gentiva contends were misappropriated as they remain in her possession. Ms. Sobolewski has refused to return or destroy the documents that were improperly removed and stolen from Gentiva's laptop and company OneDrive. Gentiva further objects to the extent this request seeks Privileged Information.

Further, there is no dispute that these documents were stored on Gentiva's laptop and OneDrive and were therefore Gentiva property. Ms. Sobolewski improperly transferred several thousand documents amounting to more than one million pages. Reviewing every document will require undue burden and expense. Ms. Sobolewski cannot dispute that she no longer had authority to access these documents after her employment was terminated, let alone authority to transfer them to her personal device.

Subject to and without waiving the foregoing, generally Gentiva asserts that all documents containing confidential financial information of Gentiva qualify as trade secret.

In addition, the detailed salary data including employee names, seniority, pay rate, location, and title qualify as both confidential and trade secret. Gentiva has begun to identify files below that are, or were at the time Ms. Sobolewski took the files, trade secret, confidential, or proprietary in nature once the parties have a set of the documents bates stamped for use in this litigation.

**Trade Secret and Confidential:**

- RC Dept. Staffing Salary and Changes.xlsx
- Rev Cycle 09-13-23-org chart with salary.xls
- 202406 Curo Daily Reporting Statics June 2024 Final.xlsx
- 2025 Budget Review Palliative Round 1 Final.pdf
- Payer Issues SSOT 9262024.xlsx
- August Revenue Cycle MOR Slides Final (003).pptx
- Gentiva MOR 07 2024_vF.pdf
- 2024 Aug WO Worksheet-Heartland.xlsx
- Executive Business Review – Gentiva 5.7.24.pptx
- Commercial Rates 20242902.xlsx
- Revenue Cycle – Bonus Payout Calculations Q3 2024.xlsx
- 2024 Oct WO Final-Heartland.xlsx

Gentiva reserves the right to supplement this information and response.

**INTERROGATORY NO. 15:** Identify and describe all measures You implemented to maintain the secrecy of each trade secret, item of intellectual property or confidential information identified in Your response to the preceding Interrogatory

including but not limited to physical security measures, electronic security measures, confidentiality agreements, employee policies and access restrictions.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. In addition, given the thousands of documents taken by Ms. Sobolewski, Gentiva has not been able to identify each and every taken with respect to each and every document. Subject to and without waiving the foregoing, Gentiva states that it has implemented (1) a general confidentiality policy in its Handbook that specifically reminds all employees of their obligations under the Defend Trade Secrets Act; (2) individual confidentiality, nonsolicit, and noncompete agreements with all marketing employees and all employees above the executive director level; (3) IT tools to identify and alert appropriate personnel when a breach, or suspected breach, of company security has occurred; and (4) controls on access such as password protection, disabled USB drive, access limited to specific personnel based on role and need to access information. Gentiva reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 9:** Produce all policies and/or procedures which in any way pertain to trade secrets, intellectual property, confidential information, measures taken to protect and maintain the security of such information, including but not limited to any policies relating to the securing or destroying such information upon an employee's termination.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome. The terms "policies and/or procedures" is vague and undefined. Gentiva objects to this to the extent it seeks Privileged Information. Gentiva has attached its

Employee Handbook with relevant policies regarding confidential, proprietary, and trade secret information. Employees, such as Ms. Sobolewski are also subject to separate confidentiality agreements to ensure the security of the confidential, proprietary, and trade secret information that employees at the vice president level are likely to come in contact with. Ms. Sobolewski has these agreements in her possession.

**REQUEST FOR PRODUCTION NO. 10:** Produce all communications between You and Ms. Sobolewski regarding the alleged misappropriation of trade secrets, intellectual property or confidential information.

**RESPONSE:** Gentiva objects to this request as any such communications would already be in the possession of Ms. Sobolewski or her counsel. This request seeks all communications between Gentiva and Ms. Sobolewski regarding the "alleged misappropriation of trade secrets, intellectual property or confidential information". Any such communications would have been made to Rebecca Hattabaugh as Ms. Sobolewski's counsel following her termination of employment and discovery of Ms. Sobolewski's theft and misappropriation of Gentiva trade secrets, proprietary information, confidential information, and property.

**INTERROGATORY NO. 16:** Describe in detail all facts and evidence which you contend supports Your claim that Ms. Sobolewski misappropriated Your trade secrets, intellectual property, or confidential information, including the specific actions taken by Ms. Sobolewski which constitute said misappropriation.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome. Discovery is ongoing and Gentiva's investigation into Ms. Sobolewski's

misappropriation is ongoing. Gentiva objects to this request to the extent it seeks Privileged Information. Subject to and without waiving the foregoing, the following facts and evidence support Gentiva's claim that Ms. Sobolewski misappropriated its trade secrets, intellectual property, and confidential information:

- Ms. Sobolewski acquired Gentiva's trade secrets, intellectual property, and confidential information through improper means including by unauthorized access to Gentiva documents and unauthorized use of Gentiva hardware.
- Ms. Sobolewski engaged in the unauthorized transfer of Gentiva's trade secrets, intellectual property, and confidential information to her personal laptop.
- Ms. Sobolewski has intentionally delayed the removal of the documents from her laptop to date on the grounds that they contain personal information.

**INTERROGATORY NO. 17:** Describe in detail all damages You claim to have suffered as a result of Ms. Sobolewski's alleged misappropriation of trade secrets, intellectual property or confidential information, including the method of calculation, supporting documentation, and persons with knowledge of such damages.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome. Discovery is ongoing and Gentiva's investigation into Ms. Sobolewski's misappropriation is ongoing. Gentiva objects to this request to the extent it seeks Privileged Information. Subject to and without waiving the foregoing, Gentiva has incurred



EXHIBIT "A"

significant cost in responding to Ms. Sobolewski's unlawful actions, including forensic review of its laptop and legal fees to curtail Ms. Sobolewski's misappropriation of its trade secrets, intellectual property, confidential information and property as well as to seek the permanent removal of such property from her devices. To date, this has resulted in more than $50,000 in costs. Gentiva expects additional cost for forensic review and legal fees.

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents which support Your calculation of damages as a result of Ms. Sobolewski's alleged misappropriation of trade secrets, intellectual property or confidential information.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Current damages based on the information known to Gentiva to date are based on the cost of services provided by third-parties to respond to Ms. Sobolewski's actions. The relationship with those third-parties are currently privileged. Subject to and without waiving the foregoing see PLTF_000103.

**INTERROGATORY NO. 18:** Identify all competitors of your businesses who You believe have received, used, or benefitted from the trade secrets, intellectual property or confidential information allegedly misappropriated by Ms. Sobolewski.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome. Discovery is ongoing and Gentiva's investigation into Ms. Sobolewski's misappropriation is ongoing. Gentiva objects to this request to the extent it seeks Privileged Information. At this time Gentiva is not aware of a specific competitor who has received, used, or benefited from the trade secrets, intellectual property or confidential information misappropriated by Ms. Sobolewski.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents or information that You contend that Ms. Sobolewski misappropriated during or after her employment with Gentiva and identify which specific documents You contend contained trade secrets, intellectual property, or confidential information.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome, and not proportional to the needs of this case. Ms. Sobolewski is aware of what documents Gentiva contends were misappropriated as they remain in her possession. Ms. Sobolewski has refused to return or destroy the documents that were improperly removed and stolen from Gentiva's laptop and company OneDrive. Gentiva has previously identified several documents by file name that contain trade secrets, intellectual property, or confidential information to substantiate its claims. Ms. Sobolewski improperly transferred several thousand documents amounting to more than one million pages. To review every document will require undue burden and expense. There is no dispute that these documents were stored on Gentiva's laptop and OneDrive and were therefore Gentiva property. Ms. Sobolewski cannot dispute that she no longer had authority to access these documents following termination of her employment, let alone transfer them to her personal device. The vast majority of these documents contained, at a minimum, confidential information. Gentiva reserves the right to supplement this response.

**INTERROGATORY NO. 19:** Describe all exit procedures or protocols that were followed when Ms. Sobolewski's employment with You ended, including return of property, securing or destruction of intellectual property, confidential or trade secret information, exit interviews and reminders about confidentiality obligations.

**<u>RESPONSE:</u>** Upon notice of termination on November 4, 2025, Ms. Sobolewski was asked by Julie Waller what company property she had in her possession, to which she responded that she had a company laptop. She was notified that arrangements would be made to return the equipment and the company information thereon. On November 5, 2024 her account was deactivated to remove her access to Gentiva's systems. On November 5, 2024, the first return materials for her company laptop were shipped, along with instructions for returning it. On or about November 25, 2024, the second return materials and instructions were sent for the return of her laptop and arrived on November 27, 2024. On or about November 26, 2024, a third set of return materials and instructions for her laptop was sent and arrived on December 2, 2024.

Gentiva also employs a data loss protection tool that alerts the company if a large file transfer occurs. On March 13, 2025, Gentiva received notice that over 5,000 files had been moved from Gentiva's network to Ms. Sobolewski's personal drive. On March 16, 2025, a fourth set of return materials for her laptop was shipped to Ms. Sobolewski.

Ms. Sobolewski was Vice President, had worked at the company for many years, and purports to have a background in IT. Ms. Sobolewski also signed and was aware of her various agreements with the company, all of which contain confidentiality requirements. Accordingly, she was well aware of her obligations with respect to company property and digital information. Moreover, obligations regarding trade secrets are legal obligations to which every person is subject. Ignorance of that obligation is not an excuse. These obligations are also outlined in the Employee Handbook.

**REQUEST FOR PRODUCTION NO. 13:** Produce all written procedures and protocols which are responsive to or are described in your response to the preceding Interrogatory.

**RESPONSE:** Gentiva objects to this request as vague. Attached with this response are a copy of Gentiva's general exit procedures. See PLTF_00074-77.

**INTERROGATORY NO. 20:** Identify all forensic investigations or analysis conducted regarding the alleged misappropriation, including the date of the investigation, the person or entity who conducted it, the scope, the findings, and all reports generated.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome. Discovery is ongoing and Gentiva's investigation into Ms. Sobolewski's misappropriation is ongoing. Gentiva objects to this request to the extent it seeks Privileged Information. At this time, all such "investigations or analysis" qualify as Privileged Information.

**INTERROGATORY NO. 21:** Identify all prior incidences of alleged trade secret misappropriation, theft of intellectual property or confidentiality breaches by current or former employees of Your business within the past five years, including the employee's name, the nature of the alleged misappropriation, and the resolution of the matter.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva objects to this request to the extent it seeks Privileged Information. Subject to and without waiving the foregoing, over the past 5 years, two former employees have been sued: Madison Hollabaugh in the U.S. District

Court for the Southern District of Indiana and Erica Lilly in U.S. District Court for the District of Maine. Ms. Sobolewski has access to these through public records.

**INTERROGATORY NO. 22:** Identify by case style all lawsuits in which You have been involved in the last ten years as either a named Plaintiff or a named Defendant, and for each such lawsuit, state the jurisdiction and venue in which each case was filed, date of filing, status of the litigation and how it was resolved.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva objects to this request to the extent it seeks Privileged Information. This request is clearly overbroad and not related in any way to the claims or defenses in this matter. Any non-privileged information would be a matter of public record that Ms. Sobolewski can access without the need for discovery.

**INTERROGATORY NO. 23:** Identify all persons who have knowledge of the commercial value of the trade secrets or confidential information allegedly misappropriated by Ms. Sobolewski, including each person's name, address, telephone number, job title, and the basis for their knowledge.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. In addition, given the thousands of documents taken by Ms. Sobolewski, Gentiva has not been able to identify each and every person with knowledge to each and every document. Nor is such extensive identification necessary.

**INTERROGATORY NO. 24:** Describe all efforts You made to mitigate the damages resulting from the alleged misappropriation of trade secrets, intellectual property, or confidential information by Ms. Sobolewski.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva has taken various steps to mitigate its damages. First and foremost it notified Ms. Sobolewski's counsel, Rebecca Hattabaugh, that Gentiva's system had flagged a suspicious transfer of more than 5,000 files on March 13, 2025. Gentiva instructed Ms. Sobolewski to cease and desist from unauthorized access, to return all company equipment, and to maintain all transferred files as confidential. Gentiva also worked to remove/block the loophole that Ms. Sobolewski used to access the company OneDrive. When Gentiva received no response from Ms. Sobolewski, it immediately moved for a Temporary Restraining Order, which the Court granted. Ms. Sobolewski then swore under oath that she had not transferred, communicated, or otherwise disseminated any of the confidential information or property of Gentiva to any third party. Further, she swore to continue to comply with the TRO while this matter is pending and, further, not to disclose any of Gentiva's confidential, proprietary, and/or trade secret information.

Gentiva has since sought to preserve all of the data on Ms. Sobolewski's personal computer to permit proper analysis and assurance that all such data was maintained as confidential. Gentiva has further sought to have Ms. Sobolewski remove all of the files from her laptop. However, Ms. Sobolewski has continued to delay such removal by alleging that many of the files are personal and not subject to deletion, despite the undisputed fact that all of the files were previously stored on Gentiva's equipment and OneDrive thereby making them Gentiva property. Gentiva asked Ms. Sobolewski to identify which files she alleges are personal, but to date Ms. Sobolewski has not provided an exhaustive list. Instead, Ms. Sobolewski's counsel has insisted that it is Gentiva's responsibility to identify

which documents are the personal property of Ms. Sobolewski—a position that lacks any reasonable grounding. Gentiva's position remains that all transferred files are the property of Gentiva and must be removed from Ms. Sobolewski's personal devices and cloud storage accounts.

**INTERROGATORY NO. 25:** Identify all employees who were terminated from employment and who were denied severance pay and/or benefits based upon Gentiva's position that they were terminated for cause in the last five years, and for each such employee provide their name, job title, address, telephone number and dates of employment.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva objects to this request to the extent it seeks Privileged Information. This request is not relevant to any claim or defense in this matter. Ms. Sobolewski's termination is unrelated to any other employee. Her termination was a result of her own policy and compliance violations.

**REQUEST FOR PRODUCTION NO. 14:** Produce all communications between You and any third parties regarding Ms. Sobolewski's alleged misappropriation of trade secrets or confidential information.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva is not aware of any non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents that support Your claim that the information allegedly misappropriated by Ms. Sobolewski derives

independent economic value from not being generally known or readily ascertainable by others.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva has explained the basis for this in previous requests. The documents speak for themselves.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents supporting Your contention that Ms. Sobolewski is using or has used Your alleged trade secrets, intellectual property or confidential information, including when, where, and how such use occurred.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Ms. Sobolewski unlawfully transferred the files at issue to her personal computer and has been using such files since the date of transfer. Discovery is ongoing and Gentiva will supplement this response as it uncovers additional information about Ms. Sobolewski's use of the files at issue.

**REQUEST FOR PRODUCTION NO. 17:** Produce all policies of Gentiva which in any way concern or relate to confidential information, intellectual property, trade secrets, the securing of such information or access to such information.

**RESPONSE:** Gentiva objects to this request as vague and overbroad. This request seeks "all policies" that in any way "concern or relate to" confidential information, intellectual property, trade secrets, or the securing of such information or access to such information. The term "policies" is undefined and the request appears to seek information that may simply "relate to" rather than directly affect maintenance of these

materials as confidential. Subject to and without waiving the foregoing, Gentiva has produced its Employee Handbook with a comprehensive confidentiality policy applicable to all employees, the confidentiality provisions to which Ms. Sobolewski is subject, and has described in part the security functions it employs to flag and respond to suspicious access to its company-owned information, which were effectively deployed in this case. All employees in marketing and above the executive director level in operations must execute a confidentiality agreement equivalent the one that Ms. Sobolewski is subject to.

(previous Interrogatory no. 18). Please list the total amount of damages, including actual damages and special damages which you are claiming in this case.

**RESPONSE:** This request appears to be a repeat of RFP 9. See response to RFP No. 9 above.

**REQUEST FOR PRODUCTION NO. 18:** Provide the curriculum vitae for each expert witness that Gentiva or its attorneys expect to call to testify at the trial of this case.

**RESPONSE:** See response to Interrogatory No. 10 above.

**REQUEST FOR PRODUCTION NO. 19:** Provide a copy of any statements, written reports, tape recordings, videos, photographs or any other Documents from any person regarding testimony or opinions concerning the facts and allegations which are stated in Gentiva's Complaint or which have otherwise been identified in Your response to these Interrogatories.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva further objects to this request as overbroad and unduly burdensome.

Discovery is ongoing and Gentiva's investigation remains ongoing. Gentiva has attached with this response copies of non-privileged statements regarding the facts and allegations in this matter currently in its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 20:** Produce a complete copy of Ms. Sobolewski's personnel file during her employment with You including, but not limited to the following documents:

a) Performance evaluations or any documentation of performance review;

b) Documentation of any bonuses which were received by the Ms. Sobolewski during her employment;

c) Documentation regarding any promotions or changes in employment position of Ms. Sobolewski during her employment;

d) Documentation regarding any changes in Ms. Sobolewski's rate of pay; and

e) Documentation of any performance improvement plans, warnings, reprimands or other disciplinary actions issued to Ms. Sobolewski.

**RESPONSE:** Please see previously cited documents and documents attached at PLTF_000363 – 460. Defendant reserves the right to supplement as discovery continues.

**REQUEST FOR PRODUCTION NO. 21:** Produce all correspondence between Gentiva and Ms. Sobolewski concerning or in any way related to her employment, her termination from employment, or the alleged misappropriation of trade secrets, intellectual property or confidential information.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. First the term "correspondence" is undefined. This request seeks "all" correspondence between Gentiva and Ms. Sobolewski "in any way related to" her employment. This would effectively include every email, letter, text, etc. sent or received between any representative of Gentiva and Ms. Sobolewski throughout the entirety of her employment. Without a particularized need for such breadth of information, this request exceeds the bounds of relevant information subject to discovery. Moreover, the correspondence regarding Ms. Sobolewski's misappropriation of trade secrets, confidential information, and intellectual property is already in Ms. Sobolewski's possession.

**REQUEST FOR PRODUCTION NO. 22:** Produce all employment records and any other documents concerning Ms. Sobolewski's employment with You, including but not limited to applications, resumes, offer letters, employment agreements, promotion records, compensation records, benefits information and termination documents.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. First the term "employment records" is undefined. Further, this request seeks "all" such records. It's unclear if this is intended to seek all documents relating to Ms. Sobolewski's employment over her entire period of employment with Gentiva, which is obviously overbroad. Gentiva further objects to the extent this request seeks Privileged Information. Gentiva has already produced and identified the documents making up Ms. Sobolewski's personnel file. Should Defendnat seek additional specific documents, such specific requests can be made.

**<u>REQUEST FOR PRODUCTION NO. 23:</u>** Produce all documents concerning any response, investigation, or action taken by You regarding any complaints, reports or allegations of unlawful employment practices made by Ms. Sobolewski.

**<u>RESPONSE:</u>** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. This request seeks "all documents" without any definition or limitation of what type of documents are sought. Gentiva objects to the extent this request seeks information outside of the custody, possession, or control of Gentiva. Gentiva further objects to this request to the extent it seeks Privileged Information. Gentiva has produced the non-privileged documents directly addressing the complaints and investigation that resulted in Ms. Sobolewski's discharge from employment.

**<u>REQUEST FOR PRODUCTION NO. 24:</u>** Produce all documents concerning your employment policies and procedures, including but not limited to discipline and termination of employees, unlawful employment practices and retaliation.

**<u>RESPONSE:</u>** Gentiva objects to this request as vague, overbroad, and unduly burdensome. "Policies and procedures" is vague and undefined. This request seeks "all" of such "policies and procedures". Subject to and without waiving the foregoing, Gentiva has attached its handbook with these responses.

**<u>REQUEST FOR PRODUCTION NO. 25:</u>** Produce all documents concerning any communications between Ms. Sobolewski and her supervisors, managers, or other employees or representatives of Gentiva regarding her job performance, employment status, or complaints, reports or allegations of unlawful employment practices.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. First the term "employment status" is undefined. Further, this request seeks "all documents concerning any communications", a phrase that lacks clarity as to what exactly it seeks—the communications themselves or documents "related to" any such communications. Gentiva further objects to this request to the extent it seeks Privileged Information. Subject to and without waiving the foregoing, Gentiva attaches with this response non-privileged documents including performance evaluations and documents and communications regarding job performance and the complaints relevant to the claims and defenses in this matter.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents concerning the job performance, disciplinary history, and termination of any employee who was terminated for the same or similar reasons as Ms. Sobolewski during the last five years.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the extent this request seeks Privileged Information. This request is irrelevant to the claims and defenses in this matter. Subject to and without waiving the foregoing, Gentiva affirmatively states that it is unaware of any employee at the same level with substantiated allegations of serious misconduct.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents concerning any training provided to Your Managers, supervisors, or human resources personnel

regarding retaliation, discrimination, or other unlawful employment practices during the last five years.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the extent this request seeks Privileged Information. This request is irrelevant to the claims and defenses in this matter.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents concerning any investigation by any government agency regarding allegations of retaliation, discrimination, or other unlawful employment practices by Gentiva during the last ten years.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the extent this request seeks Privileged Information. This request is irrelevant to the claims and defenses in this matter. Ms. Sobolewski has not filed any charge or complaint with a government agency. Moreover, Ms. Sobolewski does not allege any claims for retaliation or discrimination. Even if she had, matters regarding unrelated investigations by government agencies bear no relevance to Ms. Sobolewski's discharge.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents concerning any lawsuits, administrative charges, or other claims alleging retaliation, discrimination, or other unlawful practices filed against Gentiva during the last ten years.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the

extent this request seeks Privileged Information. The term "other claims" is vague, undefined, and facially overbroad. Moreover, matters regarding other lawsuits or administrative charges are wholly unrelated to Ms. Sobolewski's discharge from employment.

**<u>REQUEST FOR PRODUCTION NO. 30:</u>** Produce all documents concerning any severance, separation, or release agreements between Gentiva and any employee who made complaints or reports of unlawful employment practices during the last five years.

**<u>RESPONSE:</u>** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the extent this request seeks Privileged Information. Any such documents or information have no relevance to the claims and defenses in this matter. Subject to and without waiving the foregoing, Gentiva is not aware of any employee at the same level who allegedly made "complaints or reports of unlawful employment practices" and was separated, provided severance, or provided a release agreement.

**<u>REQUEST FOR PRODUCTION NO. 31:</u>** Produce all documents concerning any lawsuits filed on behalf of Gentiva against any current or former employees related to misappropriation, theft or unauthorized use of trade secrets, intellectual property and/or confidentiality or which were based upon breach of contract.

**<u>RESPONSE:</u>** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the extent this request seeks Privileged Information. Subject to and without waiving the foregoing, over the past 5 years, two former employees have been sued: Madison

Hollabaugh in the U.S. District Court for the Southern District of Indiana and Erica Lilly in the U.S. District Court for Maine. Ms. Sobolewksi has access to these through public record.

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents concerning Ms. Sobolewski's compensation, including but not limited to salary, wages, bonuses, commissions, benefits, and any other form of compensation.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, and unduly burdensome. This request seeks "all documents" "concerning" Ms. Sobolewskis' compensation without limitation. Subject to and without waiving the foregoing, Gentiva has attached herewith Ms. Sobolewski's W2s, bonus compensation and benefits information at PLTF_00426 – 447.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents concerning any communications between You and any third party regarding Ms. Sobolewski's employment, job performance, or termination.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. First the term "employment, job performance, or termination " are undefined. Further, this request seeks "all documents concerning any communications", a phrase that lacks clarity as to what exactly it seeks—the communications themselves or documents "related to" any such communications. Gentiva further objects to this request to the extent it seeks Privileged Information. This request contains no limitations on timeframe, actor, or search terms. Such a broad request is not proportional to the needs of this case. Subject to and without waiving the foregoing,

at this time Gentiva is not aware of any communications to third parties that are not privileged.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents concerning any replacement hired for Ms. Sobolewski's position after her termination, including, but not limited to, applications, resumes, offer letters, and employment agreements.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to the extent this request seeks Privileged Information. It is unclear what relevance the information requested has to the claims and defenses made in this case.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents concerning any communications between or among your employees, agents, or representatives regarding Ms. Sobolewski's protected activity or complaints of unlawful employment practices.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. This request seeks "all documents concerning any communications", a phrase that lacks clarity as to what exactly it seeks—the communications themselves or documents "related to" any such communications. Gentiva further objects to this request to the extent it seeks Privileged Information. Subject to and without waiving the foregoing, Gentiva is unaware of any non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:** Produce all documentation concerning any meetings or discussions in which Ms. Sobolewski's employment status, job performance, or termination was discussed.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. This request seeks "all" documentation concerning any meetings or discussions without limitation to those that are within the custody, possession, or control of Gentiva. Gentiva further objects to this request to the extent it seeks Privileged Information. This request contains no limitations regarding time frame, actor, or subject. This request is overbroad and appears to seek information over the entirety of Ms. Sobolewski's employment, including information not relevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents concerning any electronic or written communications in which Ms. Sobolewski's name is mentioned during the period from six months before her suspension until the present.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. This request seeks "all documents concerning any communications", a phrase that lacks clarity as to what exactly it seeks—the communications themselves or documents "related to" any such communications. Gentiva further objects to this request to the extent it seeks Privileged Information. Further, the request is overbroad and not proportional to the needs of this case because it seeks all such documents that "mention" Ms. Sobolewski, regardless of the relevance to this matter. Subject to and without waiving the foregoing, Gentiva is

conducting a search of Tom Dolan's email using Ms. Sobolewski's name as a search term during the six months prior to Ms. Sobolewski's discharge and will produce any relevant, non-privileged communications. Gentiva will supplement this response with any relevant, non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 38:** Produce all documents related to Gentiva's denial of severance pay or benefits to employees who were terminated by Gentiva including any and all communications with the employees or their representatives.

**RESPONSE:** Gentiva objects to this request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva further objects to this request to the extent it seeks Privileged Information. This request seeks information from other employees over the life of the company with no relation to the claims or defenses in this matter. Ms. Sobolewski's discharge is unrelated to the discharge of any other former employee of Gentiva.

**REQUEST FOR PRODUCTION NO. 39:** Produce all communications, instructions or other notifications you provided to Ms. Sobolewski regarding the return of company documents or property after she was terminated from employment.

**RESPONSE:** Gentiva objects to this request to the extent that such communications, instructions or other notifications are already in the possession of Ms. Sobolewski. Gentiva affirmatively states that at least some of the communications, instructions, or other notifications were sent by physical mail to Ms. Sobolewski and therefore are no longer in Gentiva's custody, possession, or control. This includes multiple laptop boxes with

instructions on how to properly pack and return Gentiva's company laptop. Subject to and without waiving the foregoing, Gentiva has attached with this response the following documents PLTF_000078-000079; 000343-000346.

**REQUEST FOR PRODUCTION NO. 40:** Produce any and all documents identified in your Initial Disclosures or that you intend to use to support your claims or defenses in this case.

**RESPONSE:** Gentiva objects to this request as discovery is ongoing and it is unable to identify "all" documents that it intends to us to support its claims at this time. Gentiva will disclose the documents it intends to use at trial in accordance with the Federal Rules of Civil Procedure and the Court's scheduling order. Gentiva further objects to this request in so much as it seeks Privileged Information. Subject to and without waiving the foregoing, Gentiva reserves the right to use any and all documents produced during discovery, including those produced by Ms. Sobolewski.

Respectfully submitted,

Michael S. Moore (ABA # 82112)
Mark K. Cameron (ABA# 2021193)
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3493
501-370-1578
501-244-5379 Fax
mmoore@fridayfirm.com
mcameron@fridayfirm.com

By: /s/ Mark K. Cameron_______________
Mark K. Cameron
*Attorneys for Plaintiff/Counter-Defendant*

**CERTIFICATE OF SERVICE**

I, Mark K. Cameron, hereby certify that I have caused a copy of the foregoing to be served on the following via email on or about this 23rd day February, 2026:

Rebecca D. Hattabaugh
LEDBETTER, COGBILL, ARNOLD & HARRISON, LLP
622 Parker Avenue
PO Box 185
Fort Smith, AR 72902
rhattabaugh@lcahlaw.com

*/s/ Mark K. Cameron*
Mark K. Cameron


EXHIBIT "A"