**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| CURO HEALTH SERVICES, LLC d/b/a GENTIVA, Plaintiff/Counter-Defendant, | ) | |
| vs. | ) | CASE NO.: 2:25-cv-02028-TLB |
| DEBRA SOBOLEWSKI, Defendant/Counter-Plaintiff. | ) | |

**PLAINTIFF'S RESPONSE TO DEBRA SOBOLEWSKI'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CURO HEALTH SERVICES, LLC d/b/a GENTIVA**

Plaintiff/Counter-Defendant, Curo Health Services, LLC d/b/a Gentiva ("**Plaintiff**"), by and through its attorneys, Friday, Eldredge & Clark, LLP, and for its Responses and Objections to Defendant/Counter-Plaintiff Debra Sobolewski's ("**Defendant'**) Second Set of Requests for Production of Documents, states as follows:

**RESERVATION OF RIGHTS**

1. Gentiva provides these responses and objections without waiving or intending to waive, but on the contrary preserving and intending to preserve: (i) all objections to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this action or in any related or subsequent action or proceeding, of the documents and information, if any, produced hereunder or the subject matter thereof; (ii) the right to object on any ground to the use of the documents and information, if any, produced hereunder at any trial or hearing in this action or in any related or subsequent action or proceeding; (iii) the right to object on any ground at any time to any other set of discovery requests; and (iv) the right at any



EXHIBIT "B"

time to revise, amend, supplement, or correct the responses and objections provided herein.

2. The following Responses are made subject to all objections of competence, relevance, materiality, propriety, and admissibility and are subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

3. No incidental or implied admissions are intended.

4. Plaintiff has not completed its own investigation or discovery in this case. Accordingly, these Responses are based upon the best knowledge, information, and belief of Plaintiff at this time. Plaintiff reserves the right to make any further responses if it appears that any omission or error has been made in connection with these Responses or that are more accurate. These Responses are made without prejudice to the right of Plaintiff to use in later discovery or to present at trial such evidence that may be later discovered or evaluated.

5. In reading and responding to the discovery sought, Plaintiff has interpreted the Defendant's Requests and Interrogatories utilizing commonplace meanings for the terms used in the discovery requests. To the extent that the discovery requests purport to seek information other than as so interpreted, Plaintiff objects on the grounds that the discovery request is vague, ambiguous, and/or overly broad.

6. Plaintiff objects to the Interrogatories and Requests to the extent they call for information protected by the attorney-client communication privilege or the attorney-work product doctrine ("**Privileged Information**").

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents known formally, informally or referred to as the "Gentiva Code of Conduct" which was in effect at the time of Ms. Sobolewski's employment.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks Privileged Information. Plaintiff further objects to this request as vague and overbroad, in that it broadly seeks "all documents known formally, informally or referred to as the 'Gentiva Code of Conduct'." Subject to and without waiving the foregoing, at the time of Defendant's discharge, the Gentiva Code of Conduct attached hereto as PLTF_000461-000481 was in effect. Defendant completed annual compliance training on July 9, 2024, confirming her knowledge and understanding of the policies contained in the Gentiva Code of Conduct and Associate Handbook. *See* PLTF_000482.

**REQUEST FOR PRODUCTION NO. 2:** Produce any and all documents which may be referred to formally or informally as "Performance Management Guidelines and Accountability For Leaders" which were in effect at the time of Ms. Sobolewski's employment.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks Privileged Information. Plaintiff further objects to this request as vague and overbroad. Plaintiff is unaware of any document referred to as the "Performance Management Guidelines and Accountability For Leaders."

**REQUEST FOR PRODUCTION NO. 3:** Produce documentation of any HR training which Debbie Sobolewski had at any point during her employment.

**RESPONSE:** Plaintiff objects to this request as vague and overbroad. The term "HR training" is undefined. In addition, this request covers training that is outside the temporal relevance of the matters at issue in this lawsuit. Subject to the foregoing objections, see PLTF_000483-000488.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>** Produce any and all e-mails between Debbie Sobolewski and any or all of the following persons:

1). superiors of Ms. Sobolewski;

2). employees supervised by Ms. Sobolewski;

3). in-house counsel of Gentiva; and

4). HR employees.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks Privileged Information. Any communications with in-house counsel of Gentiva are privileged. Plaintiff further objects to this request as extremely overbroad, overly burdensome, and vague. This request seeks all emails without any temporal limitation between Ms. Sobolewski and any of her superiors, subordinates, and HR employees. This would likely capture nearly every email ever sent or received by Ms. Sobolewski during her employment with Plaintiff and would result in hundreds of thousands of pages of emails.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>** Produce all evidence in any form supporting the substantiated finding that Ms. Sobolewski created a hostile work environment.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks Privileged Information. Plaintiff further objects to this request as vague in that it seeks "all evidence" in "any form." Subject to and without waiving the foregoing objection, Plaintiff has produced all documents in its custody and control supporting the conclusion that Ms. Sobolewski created a hostile work

environment sufficient to warrant for-cause termination.

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all policies of Gentiva regarding remote work or remote employees which were in effect during Ms. Sobolewski's employment, including documents created by Gentiva, or utilized within the department in which Ms. Sobolewski was employed.

**RESPONSE:** Plaintiff objects to this request as vague and overbroad in that it seeks policies "regarding remote work or remote employees." In general, remote employees are subject to the same policies as non-remote employees. Gentiva does maintain a "Work from home, remote and hybrid work" policy in its Associate Handbook, which has already been produced in this matter.

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all documents reviewed or examined in connection with any investigation of Ms. Sobolewski performed at any time during her employment.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva further objects to this request as vague and overbroad. Subject to and without waiving the foregoing, Gentiva has already produced the primary investigative file for the investigation resulting in Ms. Sobolewski's termination, which was identified in Gentiva's response to Defendant's first set of discovery. In addition, Ms. Waller reviewed the following: see PLTF_000489-000494.

**REQUEST FOR PRODUCTION NO. 8:** Produce any and all forms, or documents created or used by Ms. Waller in connection with her investigation of Ms. Sobolewski.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. All such non-privileged documents in the custody, possession, or control of Gentiva have been

produced.

**<u>REQUEST FOR PRODUCTION NO. 9:</u>** Produce all phone records of the compliance hotline from August to November of 2024.

**RESPONSE:** Plaintiff objects to this request as vague, overbroad, and unduly burdensome. The matters at issue in this case do not warrant production of all phone records of the compliance hotline across the entire company. With respect to the complaints at issue in Defendant's termination, the record of those calls are reflected in PLTF_000495-000525.

**<u>REQUEST FOR PRODUCTION NO. 10:</u>** Produce any and all G Drive documents related to Debra Sobolewski.

**RESPONSE:** See PLTF_000526-000572.

**<u>REQUEST FOR PRODUCTION NO. 11:</u>** Produce any and all linked supporting documents concerning the investigation of Debra Sobolewski referenced by Ms. Waller in her deposition as being available in the system.

**RESPONSE:** Plaintiff objects to this request as vague. Plaintiff further objects to the extent this request seeks Privileged Information. Subject to and without waiving the foregoing, see PLTF_000495-000525.

**<u>REQUEST FOR PRODUCTION NO. 12:</u>** Produce the entire investigative file relating to the investigation that was performed by Ms. Waller and any and all other individuals employed by Gentiva related to Debra Sobolewski.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva has, to its knowledge, produced all non-privileged documents reviewed by Ms. Waller as part of her investigation of Ms. Sobolewski in October and November 2024. Should Gentiva discover additional documents that were reviewed, it will supplement these responses.



**EXHIBIT "B"**

**<u>REQUEST FOR PRODUCTION NO. 13:</u>** Produce the entire personnel file of Debra Sobolewski including any separate file maintained by in-house legal counsel.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Subject to and without waiving the foregoing, the documents requested in RFP 13 have already been produced pursuant to Defendant's first set of interrogatories and requests for production.

**<u>REQUEST FOR PRODUCTION NO. 14:</u>** Produce a complete copy of the investigative file which was referenced in the deposition of Ms. Waller as being provided to in-house legal counsel of Gentiva.

**RESPONSE:** Gentiva objects to this request as it seeks Privileged Information. Subject to and without waiving the foregoing objection, in-house legal counsel was provided the investigative report created by Ms. Waller and previously produced in Plaintiff's supplemental production. In-house counsel would likewise have access to other documents as needed upon request.

**<u>REQUEST FOR PRODUCTION NO. 15:</u>** Produce the entire personnel file of the following employees, including any file separately maintained by in-house legal counsel:

a). Vickie Chandler;

b). Tammie Coleman;

c). Michelle Mantel;

d). Marsha Cox;

e). Randy Wallace; and

f). Constance Brume.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva further objects to this request as vague, overbroad, and unduly burdensome. The term "personnel file" is undefined and vague as to what information is sought. Further, the "personnel

files" of the above listed individuals are likely to contain highly confidential personal information that is wholly unrelated to the issues in this case. If there are specific documents or information that Defendant seeks, please so specify and we will review the narrower request.

**REQUEST FOR PRODUCTION NO. 16:** Produce any and all e-mails sent by or to Tom Dolan regarding Debra Sobolewski's job performance, complaints made against her, investigation, and termination.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Plaintiff further objects to this request as overbroad, unduly burdensome and vague. This request seeks emails regarding Defendant's job performance, complaints made against her, investigation, and termination, across the entire period when Mr. Dolan acted as her supervisor. Emails "regarding . . . job performance" is vague and overbroad and would require the review of thousands of emails as nearly all could be construed as "regarding . . . job performance." Subject to and without waiving the foregoing, Plaintiff has searched for emails sent by or to Tom Dolan that include complaints against Defendant, information regarding the investigation conducted in October 2024, and Defendant's termination in November 2024. *See* PLTF_000573-000596.

**REQUEST FOR PRODUCTION NO. 17:** Produce any and all forms which are utilized by Gentiva for investigation of complaints about a co-worker or supervisor.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva further objects to this request as overbroad and vague. Subject to and without waiving the foregoing, attached are the forms that may be used for investigation of complaints. *See* PLTF_000597-000600.

**REQUEST FOR PRODUCTION NO. 18:** Produce any and all correspondence involving Debra Sobolewski about the Michell Mantel situation, including the complaints raised



EXHIBIT "B"

by Ms. Mantel and any responses thereto.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Plaintiff further objects that this request is vague as it refers to the "Michell Mantel situation." Subject to and without waiving the foregoing, attached herewith is all non-privileged correspondence sent or received by Defendant and which relates to Michell Mantel's discharge. *See* [PLTF_000601-000619].

**REQUEST FOR PRODUCTION NO. 19:** Produce the complete investigative file regarding the complaints asserted by Michell Mantel including any separately maintained file by in-house legal counsel.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. The documents regarding the complaints asserted by Michelle Mantel were previously produced as PLTF_000302-000317.

**REQUEST FOR PRODUCTION NO. 20:** Produce the entire investigative file for the complaints asserted by Tammie Coleman which were made during or after her employment with Gentiva, including any separately maintained file of in-house legal counsel.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Any investigative file maintained by in-house legal counsel is subject to the attorney-client privilege. Subject to and without waiving the foregoing objections, Gentiva is reviewing these documents for Privileged Information and will supplement this production.

**REQUEST FOR PRODUCTION NO. 21:** Produce any and all Gentiva policies concerning false documentation, including but not limited to Medicare billing.

**RESPONSE:** See attached PLTF_000620-000637.

**REQUEST FOR PRODUCTION NO. 22:** Produce all policies which were in effect at

the time of Ms. Sobolewski's employment that were specific to the Revenue Cycle Department.

**RESPONSE:** See attached policies that to Gentiva's knowledge were created by Ms. Sobolewski for use in her department. *See* PLTF_000638-000711.

**REQUEST FOR PRODUCTION NO. 23:** Produce any and all phone records of Julie Waller.

**RESPONSE:** Plaintiff objects to this request as overbroad and unduly burdensome. This request seeks documents and information outside the possession, custody, and/or control of Gentiva. Ms. Waller does not have a company issued phone over which Gentiva has custody or control.

**REQUEST FOR PRODUCTION NO. 24:** Produce any and all documents related to Gentiva's Document Retention Policy.

**RESPONSE:** Plaintiff maintains its previous objections to a similar request made in Defendant's initial set of Interrogatories and Requests for Production. Meta-discovery with respect to Gentiva's document retention is unwarranted.

**REQUEST FOR PRODUCTION NO. 25:** Produce any records in the possession of Gentiva related to the EEOC Complaint asserted by Tammie Cason.

**RESPONSE:** Plaintiff objects to this request as it seeks Privileged Information. Plaintiff further objects that this request is overbroad, vague, and not relevant to this matter. Plaintiff is unaware of a "Tammie Cason" and their relevance to this matter.

**REQUEST FOR PRODUCTION NO. 26:** Produce any and all Gentiva policies concerning the hiring of related employees or nepotism.

**RESPONSE:** This policy has already been produced as part of the Gentiva Associate Handbook. *See* PLTF_0000019 & 33.



EXHIBIT "B"

**REQUEST FOR PRODUCTION NO. 27:** Produce any and all e-mails or other documentations concerning Tammie Cason's employment, protected status and request for leaves and termination.

**RESPONSE:** Plaintiff objects to this request as it seeks Privileged Information. Plaintiff further objects that this request is overbroad, vague, and not relevant to this matter. Plaintiff is unaware of a "Tammie Cason" and their relevance to this matter.

**REQUEST FOR PRODUCTION NO. 28:** Produce a copy of the rubric which was used in the Revenue Cycle Department to evaluate potential employees.

**RESPONSE:** *See* PLTF_000712-000716.

**REQUEST FOR PRODUCTION NO. 29:** Produce the resumes of Randy Wallace and any other employees working in his department at the same time when he was employed.

**RESPONSE:** Plaintiff objects to this request as overbroad. Plaintiff will produce the resumes of employees in the same department and with the same job title employed at the same time as Mr. Wallace. Subject to and without waiving the foregoing, see PLTF_000717-000738.

**REQUEST FOR PRODUCTION NO. 30:** Produce the applications, cover letters and resumes of Amber Page and Robert Kinney as well as the rubrics which were used to evaluate those employees for employment.

**RESPONSE:** See the attached PLTF_000739-000745. Plaintiff was unable to locate documents for these individuals other than those attached.

**REQUEST FOR PRODUCTION NO. 31:** Produce all applications, cover letters and resumes which were submitted to Gentiva for any position where you contend that Ms. Sobolewski unlawfully discriminated against a potential employee in the hiring process.

**RESPONSE:** Based on the investigative report the following individuals were identified:

Amber Page, Jennifer Pawlishn, and Lysett Kiel. Their resumes have been produced. *See* PLTF_0000292 – 301; PLTF_000731-000838.

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents pertaining to Tammie Cason's separation from employment or settlement.

**RESPONSE:** Plaintiff objects to this request as it seeks Privileged Information. Plaintiff further objects that this request is overbroad, vague, and not relevant to this matter. Plaintiff is unaware of a "Tammie Cason" and their relevance to this matter.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documentation and any other evidence which Gentiva contends supports the finding that Ms. Sobolewski created a hostile work environment.

**RESPONSE:** Gentiva objects to this request to the extent it seeks Privileged Information. Gentiva has produced all documentation that it is aware of to date. Gentiva reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 34:** Produce a copy of the Gentiva Code of Conduct signed by Debra Sobloewski.

**RESPONSE:** *See* PLTF_000482.

Respectfully submitted,

Michael S. Moore (ABA # 82112)
Mark K. Cameron (ABA# 2021193)
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3493
mmoore@fridayfirm.com
mcameron@fridayfirm.com

By: */s/ Mark K. Cameron*_______________
Mark K. Cameron
*Attorneys for Plaintiff/Counter-Defendant*

**CERTIFICATE OF SERVICE**

I, Mark K. Cameron, hereby certify that I have caused a copy of the foregoing to be served on the following via email on or about this 19th day August, 2026:

Rebecca D. Hattabaugh
LEDBETTER, COGBILL, ARNOLD & HARRISON, LLP
622 Parker Avenue
PO Box 185
Fort Smith, AR 72902
rhattabaugh@lcahlaw.com

*/s/ Mark K. Cameron*
Mark K. Cameron



**EXHIBIT "B"**