**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

CURO HEALTH SERVICES, LLC )
d/b/a GENTIVA, )
Plaintiff/Counter-Defendant, )
) CASE NO.: 2:25-cv-02028-TLB
vs. )
)
DEBRA SOBOLEWSKI, )
Defendant/Counter-Plaintiff. )

**PLAINTIFF'S RESPONSE TO DEBRA SOBOLEWSKI'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CURO HEALTH SERVICES, LLC d/b/a GENTIVA**

Plaintiff/Counter-Defendant, Curo Health Services, LLC d/b/a Gentiva ("**Plaintiff**"), by and through its attorneys, Friday, Eldredge & Clark, LLP, and for its Responses and Objections to Defendant/Counter-Plaintiff Debra Sobolewski's ("**Defendant**") Third Set of Requests for Production of Documents, states as follows:

**RESERVATION OF RIGHTS**

1. Gentiva provides these responses and objections without waiving or intending to waive, but on the contrary preserving and intending to preserve: (i) all objections to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this action or in any related or subsequent action or proceeding, of the documents and information, if any, produced hereunder or the subject matter thereof; (ii) the right to object on any ground to the use of the documents and information, if any, produced hereunder at any trial or hearing in this action or in any related or subsequent action or proceeding; (iii) the right to object on any ground at any time to any other set of discovery requests; and (iv) the right at any time to revise, amend, supplement, or correct the responses and objections provided herein.



**EXHIBIT "C"**

2. The following Responses are made subject to all objections of competence, relevance, materiality, propriety, and admissibility and are subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

3. No incidental or implied admissions are intended.

4. Plaintiff has not completed its own investigation or discovery in this case. Accordingly, these Responses are based upon the best knowledge, information, and belief of Plaintiff at this time. Plaintiff reserves the right to make any further responses if it appears that any omission or error has been made in connection with these Responses or that are more accurate. These Responses are made without prejudice to the right of Plaintiff to use in later discovery or to present at trial such evidence that may be later discovered or evaluated.

5. In reading and responding to the discovery sought, Plaintiff has interpreted the Defendant's Requests utilizing commonplace meanings for the terms used in the discovery requests. To the extent that the discovery requests purport to seek information other than as so interpreted, Plaintiff objects on the grounds that the discovery request is vague, ambiguous, and/or overly broad.

6. Plaintiff objects to the Interrogatories and Requests to the extent they call for information protected by the attorney-client communication privilege or the attorney-work product doctrine ("**Privileged Information**").

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce a copy of the Information Technology Handbook utilized by Gentiva in 2024.

**RESPONSE:** Attached are the relevant policies currently in place.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>** Produce a copy of all policies and procedures of Gentiva concerning or related to information technology, including but not limited to policies related to the following topics:

(a) Endpoint Management;

(b) OneDrive Configuration;

(c) Group Policy;

(d) Remote Administration;

(e) Monitoring;

(f) Logging;

(g) Data Loss Prevention;

(h) Device Encryption;

(i) USB Controls;

(j) Employee Offboarding Procedures;

(k) Employer Offboarding Procedures; and

(l) Device Security Procedures For Terminated Employees

**RESPONSE:** Attached are the relevant policies currently in place regarding the above.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>** Produce Microsoft Logs for Debra Sobolewski's Microsoft Account maintained, possessed, or accessible to Gentiva for the time period of October 25, 2024 to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva is unaware of what relevance this information has to this matter. This matter involves claims alleging wrongful discharge claim, breach of contract,

and unlawful transfer of information. Defendant has admitted to accessing her work computer when she was no longer permitted to and transferring the data at issue. Microsoft logs are not relevant to these matters. The temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. This request also seeks information regarding all online work accounts, including those that would not be relevant to the matters at issue in this case. Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 4:** Produce a copy of all Microsoft or OneDrive Audit Logs for Debra Sobolewski's Microsoft and OneDrive Accounts maintained, possessed, or accessible to Gentiva for the time period of October 25, 2024 to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva is unaware of what relevance this information has to this matter. This matter involves claims alleging wrongful discharge claim, breach of contract, and unlawful transfer of information. Defendant has admitted to accessing her work computer when she was no longer permitted to and transferring the data at issue. Microsoft or OneDrive Audit Logs are not relevant to these matters. The temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. This request also seeks information regarding all microsoft accounts, including those that would not be relevant to the matters at issue in this case. Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 5:** Produce a copy of all Endpoint Management Logs regarding Debra Sobolewski's online work accounts and/or her work computer for the time period of October 25, 2024 to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva is unaware of what relevance this information has to this matter. This matter involves claims alleging wrongful discharge, breach of contract, and unlawful transfer of information from a work-computer to a personal OneDrive. Defendant has admitted to accessing her work computer when she was no longer permitted to and transferring the data at issue. Endpoint Management logs are not relevant to these matters. The temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. This request also seeks information regarding all online work accounts, including those that would not be relevant to the matters at issue in this case. Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 6:** Produce a copy of any and all group policy logs maintained, possessed, or accessible to Gentiva which pertain to Debra Sobolewski's work computer or online work accounts for the time period of October 25, 2024 to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva is unaware of what relevance this information has to this matter. This matter involves claims alleging wrongful discharge, breach of contract, and unlawful transfer of information from a work-computer to a personal OneDrive. Defendant has admitted to accessing her work computer when she was no longer permitted to and transferring the data at issue. Group policy logs are not relevant to these matters. The temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. This request also seeks information regarding all online work accounts, including those that would not be relevant to the matters at issue in this case.

Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 7:** Produce a copy of any and all remote access logs maintained, possessed, or accessible to Gentiva which would indicate any and all times that any agent or employee Gentiva accessed Debra Sobolewski's work computer or online work accounts during the time period of October 25, 2024, to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. Gentiva is unaware of what relevance this information has to this matter. This matter involves claims alleging wrongful discharge claim, breach of contract, and unlawful transfer of information. Defendant has admitted to accessing her work computer when she was no longer permitted to and transferring the data at issue. Remote access logs are not relevant to these matters. The temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 8:** Produce a copy of all documentation, logs or records which reflect the USB connection history for Debra Sobolewski's work computer from the time period of October 25, 2024, to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. It is unclear what information Defendant seeks when she asks for "all documentation" over a two year period. This request is vague and overbroad. Gentiva has already produced relevant documentation of activity on Defendant's work computer as part of its expert disclosures and report. Defendant has likewise already conducted discovery on the same.

The temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. Subject to and without waiving the foregoing, Gentiva is not aware of any additional relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 9:** Produce a copy of all documentation of Windows event logs concerning Debra Sobolewski's work computer or online accounts maintained, possessed, or accessible to Gentiva for the time period of October 25, 2024 to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. It is unclear what information Defendant seeks when she asks for "all documentation" over a two-year period. This request is vague and overbroad. Gentiva has already produced forensic analysis data of Defendant's work computer. Gentiva is unaware of what additional relevant information would be contained in these logs. This request also seeks "all documentation" regarding all online work accounts, including those that would not be relevant to the matters at issue in this case. The temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. This request also seeks information regarding all online work accounts, including those that would not be relevant to the matters at issue in this case. Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 10:** Produce a copy of all Defender/EDR logs for Debra Sobolewski's work computer or pertaining to her online work accounts maintained, possessed, or accessible to Gentiva for the time period of October 25, 2024 to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. The temporal scope of this request is overbroad. Information

to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. Gentiva has already produced relevant documentation of activity on Defendant's work computer as part of its expert disclosures and report. Gentiva has likewise produced logs showing the alert of the transfer of the files at issue in this matter. Defendant has likewise already conducted discovery on the same. Gentiva is reviewing to determine whether any other relevant EDR logs exist. Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.

**REQUEST FOR PRODUCTION NO. 11:** Produce a copy of all documentation which reflects the administrative account activity with regard to Debra Sobolewski's work computer and/or her online work accounts maintained, possessed, or accessible to Gentiva from the time period of October 25, 2024 to present.

**RESPONSE:** Gentiva objects to this request as overbroad, unduly burdensome, and not proportional to the needs of this case. It is unclear what information Defendant seeks when she asks for "all documentation" over a two-year period. This request is vague and overbroad. Gentiva has already produced relevant documentation of activity on Defendant's work computer as part of its expert disclosures and report. Defendant has likewise already conducted discovery on the same. This request also seeks "all documentation" regarding all online work accounts, including those that would not be relevant to the matters at issue in this case. Finally, the temporal scope of this request is overbroad. Information to "present" goes beyond the relevant time periods at issue in this case relative to the information requested. Subject to and without waiving the foregoing, Gentiva is not aware of any relevant responsive documents that exist.



**EXHIBIT "C"**

Respectfully submitted,

Michael S. Moore (ABA # 82112)
Mark K. Cameron (ABA# 2021193)
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3493
501-370-1578
501-244-5379 Fax
mmoore@fridayfirm.com
mcameron@fridayfirm.com

By: */s/ Mark K. Cameron*______________
Mark K. Cameron
*Attorneys for Plaintiff/Counter-Defendant*

**CERTIFICATE OF SERVICE**

I, Mark K. Cameron, hereby certify that I have caused a copy of the foregoing to be served on the following via email on or about this 1st day October, 2026:

Rebecca D. Hattabaugh
LEDBETTER, COGBILL, ARNOLD & HARRISON, LLP
622 Parker Avenue
PO Box 185
Fort Smith, AR 72902
rhattabaugh@lcahlaw.com

*/s/ Mark K. Cameron*__________________________
Mark K. Cameron



**EXHIBIT "C"**