LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

James A. Arnold, II
Rebecca D. Hattabaugh*
R. Scott Zuerker*
Erin C. Rambo*
* Also Licensed in Oklahoma

622 Parker Avenue
P.O. Box 185
Fort Smith, Arkansas 72902-0185
(479) 782-7294
Fax (479) 782-1493

Of Counsel
Charles R. Ledbetter
E. Diane Graham
Robert E. Hornberger

rhattabaugh@lcahlaw.com
Direct Dial: (479) 397-0126

September 25, 2026

VIA E-MAIL: mcameron@fridayfirm.com and mmoore@fridayfirm.com

Mr. Mark K. Cameron and
Mr. Michael S. Moore
Friday Eldredge & Clark, LLP
400 West Capitol Ave, Suite 2000
Little Rock, AR 72201

Re: Curo Health Services, LLC d/b/a Gentiva v. Debra Sobolewski
U.S. District Court, Western District of Arkansas, Case No.: 2:25-cv-02028

Counsel:

Please consider this letter as my formal request for supplementation with regard to the Answers to Interrogatories and Responses to Requests for Production provided by Gentiva in the above-referenced case. Please consider this letter as my good faith attempt to resolve this matter without court intervention. Due to the impending discovery deadline, please respond as soon as possible. I am happy to discuss any requests that you feel should be more narrowly tailored if that is the basis for the objection.

First Set of Interrogatories and Requests For Production of Documents

Interrogatory No. 9. We have previously requested that you supplement your response to this Interrogatory to identify all witnesses you actually plan to call at trial including their name, address, telephone number, as well as the subject matter of the anticipated testimony. Objection was made on the basis that it sought privileged information. I am not sure how you can take the

**EXHIBIT "D"**

position that a party is not entitled to know the identity of the witnesses who will be called against her prior to trial. Discovery is soon to close. In further response you stated that Gentiva had not determined who would be called at trial and further indicated that you would supplement your response and disclose its witnesses. You further reserved the right to call any of the witnesses identified in your Initial Disclosures and recently relied upon that fact in correspondence to state that the 17 persons identified were the witnesses that you intended to call in this matter. However, there was no discussion in the Initial Disclosures about the subject of the anticipated testimony to be provided by the witnesses. Please supplement your response to this Interrogatory and provide the information requested concerning the witnesses who you will call at trial.

Interrogatory No. 12. The Interrogatory was a standard request for any statements that you have in your possession from any person regarding their knowledge or opinions concerning the facts and allegations in your Complaint. You asserted an objection on the basis of privilege but further stated that you had attached copies of all non-privileged statements regarding the facts and allegations in this matter. There is no reference to any Bates number and as you know there was a large volume of documents produced by Gentiva in its initial production. Please advise which Bates numbered documents Gentiva contends are responsive to this request. In the event any statements are being withheld on the basis of privilege, please provide a privilege log.

Interrogatory No. 13. We requested identification of persons who have access to the trade secret and intellectual property information which my client allegedly misappropriated in this matter. In your response, you objected to the request as overly broad and stated that identification was not necessary. If the information at issue is truly trade secret information and/or intellectual property of Gentiva, it would be anticipated that Gentiva would have only provided a limited number of individuals with access to the information. We are not requesting information as to any persons with access to any of Gentiva's protected information, only those who have access to the specific information which you contend was allegedly misappropriated in this case by my client. In order to make a claim that the information is trade secret and/or intellectual property of Gentiva, it will be necessary for you to prove that the access to this information is limited. Please supplement your response for this reason. In addition, you state in response that my client "took" employee compensation information. Please identify the information that you contend was taken, identify when it was taken, how it was taken, and provide a copy of the information that you contend was taken by my client. Gentiva cannot make claims of wrongful acts committed by my client and then refuse to disclose the evidentiary basis for those allegations.

Interrogatory No. 14. We requested identification of the trade secrets and intellectual property that you claim my client misappropriated including a detailed description of each item, the day it was developed, how it was developed, who developed it, and the reason it qualifies as a

trade secret or intellectual property. In response, you objected to providing the information as being overly broad and took the position that all documents that were transferred were Gentiva property. That is not responsive to the Interrogatory. Gentiva filed this lawsuit against my client specifically alleging that the documents transferred were trade secret and intellectual property and now has refused to identify the specific documents that it contends are intellectual property or trade secret and has refused to provide any information in order to allow any determination to be made as to whether the documents would actually qualify as either. A mere assertion that all of the documents qualify as trade secret without any information about why they qualify for protection is not responsive. You state in response that Gentiva has "begun" to identify files that are or were trade secret, confidential, or proprietary in nature. You then identify 12 specific documents or files that you contend qualify. However, you have not provide any information about why the documents qualify as trade secret or intellectual property, you did not respond with a detailed description of each item, what it contains, the date it was developed, how it was developed, who developed it and the specific reason it qualifies for protection. Please supplement your response to include this information for the 12 documents identified. In addition, if you intend to assert that any additional documents qualify as trade secret, proprietary, or intellectual property at the trial of this case, please provide identification of the documents as well as the information requested in this Interrogatory.

Interrogatory No. 15. We requested information concerning all measures taken by Gentiva to maintain the secrecy of the documents at issue. Please supplement to identify the measures which were taken to terminate access to the information upon separation from employment including the IT tools used to identify and alert personnel when a suspected breach of security has occurred and identify and describe what is meant by "disabled USB drive".

Request for Production No. 3. We sought communications, documents and recordings related to the decision to terminate Debra Sobolewski's employment including any supporting materials. Objection was made on the basis of privilege. However, Gentiva then stated please see the attached production of non-privileged documents. Gentiva failed to identify the Bates numbers for any documents that it contends are specifically responsive to this request. Please identify those documents by Bates number. In addition, if any documents were withheld on the basis of privilege, please provide a privilege log for the documents which were withheld.

Request for Production No. 25. We requested communications between Debra Sobolewski and supervisors, managers, or co-workers regarding her job performance, employment status, complaints, reports or allegations of unlawful employment practices. The response was objected to as overly broad and seeking privileged information. The requests seeks only communications to which Debra Sobolewski was a party and which specifically address complaints about her job performance, complaints and allegations of unlawful employment practices which are clearly relevant to this wrongful termination claim. Since

Debra Sobolewski was a party to the communications, the documents are clearly not the subject of any attorney-client privilege. It is then stated that Gentiva has produced with the responses e-mail correspondence relevant to the discharge but Gentiva again fails to identify the Bates numbered documents that it contends are responsive to this request. Gentiva then states it is willing to provide information if the request is narrowed. We would request that responsive e-mails be provided for the one-year period prior to Debra Sobolewski's termination from employment and that any documents that you contend are responsive be identified by Bates number.

Request for Production No. 27. We sought documentation concerning training provided to managers, such as Debra Sobolewski, regarding retaliation, discrimination, or other unlawful employment practices. Gentiva has asserted that Debra Sobolewski retaliated against employees, engaged in unlawful employment practices and subjected employees to a hostile work environment, actions which it relied upon in terminating her employment. Whether Gentiva as her employer provided any training to her and the substance of any training which it provided to her and other supervisory employees concerning these matters is clearly relevant to the issues of what guidance was given to Debra Sobolewski concerning her management of employees. Objection was made as overly broad and unduly burdensome. Training given to managers about employment practices in an employment case such as this is clearly relevant. We are willing to narrow this request to the time period of 2018 to 2024 as that appears to be the time period for which Gentiva reviewed evidence related to complaints made against Debra Sobolewski.

Request for Production No. 37. We sought documents concerning communications in which Debra Sobolewski's name was mentioned during the last six months of her employment. Although objection was made, you stated that Gentiva was conducting a search of Tom Dolan's e-mail using my client's name as a search term during the six months prior to her discharge and that you would produce any relevant, non-privileged communications. Please supplement your discovery responses with the status of the results of this search.

Request for Production No. 38. We sought documents related to the denial of contractual severance benefits to terminated employees. This evidence is clearly relevant pattern or practice evidence concerning Gentiva's true motivation for terminating my client's employment with cause in order to deny contractual benefits to her. Please supplement your response to this request.

Second Set of Requests for Production of Documents.

Request for Production No. 4. We sought e-mails between Debra Sobolewski and her superiors at Gentiva, employees supervised by her at Gentiva, in-house counsel of Gentiva, and

HR employees of Gentiva. You objected on the basis that the request was overly broad. We are willing to narrow this request to the one-year period prior to her suspension from employment. Please supplement based upon the narrowed scope provided.

Request for Production No. 14. We sought documentation of the complete investigative file referenced in the deposition of Julie Waller as something that would have been available to in-house legal counsel of Gentiva. You responded to the request objecting on the basis of privileged information. You then indicated that in-house counsel would have had access to other documents separate and apart from the investigative materials provided by Julie Waller and discussed in her deposition. That was the entire reason for this request. She testified that Ron Lazas made the decision to termination Debra Sobloewski's employment and that he had other investigative materials which were available to him and to which she was not privy. To the extent that those materials were relied upon in the decision to terminate my client, they are clearly relevant and discoverable in this matter. Please supplement your response.

Request for Production No. 15. We sought personnel files of six employees who were identified in the investigation of my client and as potential witnesses in this matter. My client's actions related to these employees' employment served as the basis for the decision to terminate her. As such, materials from their personnel file are clearly relevant as they may include complaints made about my client, investigation into those complaints, disciplinary actions taken by my client or Gentiva, whether the employees had some motivation to make a complaint about my client as well as how Gentiva viewed the complaint and its veracity when those complaints were made. Some of those significantly predate her termination from employment. The request was objected to as overly broad and that it contained confidential personnel information. In order to attempt to narrow this request in response to the objection, we are willing to narrow the request for all employees except Randy Wallace to their application materials, resumes, any disciplinary actions, any documents which include complaints regarding Debra Sobolewski or Gentiva, and performance reviews from 2020 to 2024. For Randy Wallace, Gentiva claims that his relationship was not disclosed in the hiring process, that my client discriminated against him as his supervisor, and that he was overpaid and received other benefits as a result of his familial relationship. We seek all personnel file materials but specifically to include at a minimum, his application for employment, any communications from him or any other person which disclosed his familial relationship to Debra Sobolewski, resume, work history, information relied upon by Gentiva in the hiring process, compensation records, disciplinary records, performance reviews, changes in employment status or compensation, pay rates and termination documents.

Request for Production No. 16. We sought e-mails sent by or to Tom Dolan regarding my client's job performance, any complaints made against her, any investigation of those complaints, and her termination. Gentiva objected to this request as being overly broad and

seeking privileged information. Gentiva then states that the materials are provided specifically directed to the investigation which was conducted in October 2024. The materials requested are clearly relevant to the claims in this matter because they are e-mails either to or from her direct supervisor who Gentiva has identified as the ultimate decision maker in this matter about her job performance or any complaints which were made against her. In determining whether the termination was for cause, evidence related to how her direct supervisor viewed her job performance, any specific complaints that were made about her job performance, and any particular responses of Gentiva to those complaints and/or directions given to her in response to those complaints is relevant to the claims asserted in this matter. In order to further narrow this request, Defendant would request that Gentiva supplement and provide information responsive to this request for the one year prior to Debra Sobolewski's suspension from employment.

<u>Request for Production No. 20.</u> The investigation which resulted in termination relied in part upon evidence related to complaints made by Tammy Coleman and Gentiva has produced portions of the evidence related to those complaints. As part of the documentation reviewed and relied upon by Gentiva in terminating Debra Sobolewski, the entire investigative file into the complaints which were made, including all evidence as to the validity or invalidity of the complaints which were asserted, is clearly relevant and Defendant is entitled to them. Producing only complaints without Gentiva's response to those complaints, investigation into those complaints, evidence that Gentiva accumulated concerning whether the complaints were valid or unjustified is material and relevant. Gentiva cannot simply provide the complaint and then refuse to provide its investigation into the complaint and any evidence which either supported or refuted the complaints that were made against my client. If any specific documents are being withheld as privileged, please provide a privilege log. Gentiva did indicate that it was reviewing the materials and would supplement, but to date, no further documents have been received. Please supplement this response.

<u>Request for Production No. 25.</u> Although the request sought information concerning the EEOC complaint asserted by Tammy Cason, that was clearly a typo and it was clearly related to Tammy Coleman otherwise and previously referenced in the requests. We sought records in Gentiva's possession related to the EEOC complaint which was asserted by Ms. Coleman. Again, the fact that such a claim was asserted was referenced in Julie Waller's deposition and part of the information reviewed and relied upon by Gentiva in terminating Debra Sobolewski. The complaint which a former employee made with a government agency is not privileged nor are records which were provided to the EEOC in response to that complaint or the EEOC findings. As this matter appears to have had a bearing on the termination decision and it at least was implied that the EEOC claim had something to do with Debra Sobolewski and her handling of this particular employee, evidence which was generated in response to these allegations and provided as part of the EEOC process is clearly relevant and would go to show whether the particular complaints had any validity. Further, as Gentiva has provided information concerning

this matter in discovery, it cannot withhold evidence pertaining to it and any privilege has been waived. Defendant is entitled to know the evidence which was relied upon by Gentiva to refute the claims which were made by Ms. Coleman and to the extent that those allegations of Ms. Coleman were found to be unjustified and unwarranted, and if Gentiva found that my client's conduct was appropriate, then those are clearly relevant matters. In the event any documents are withheld, please provide a privilege log.

Request for Production No. 27. Again, the request clearly is meant to refer to Tammy Coleman. At the deposition of Julie Waller there was some testimony given about Ms. Coleman's protected status and her request for leave. Again, Gentiva cited my client's handling of this situation as a reason for her dismissal although these matters were not brought to her attention at the time. For that reason, she has no information about the evidence that Gentiva compiled and apparently relied upon to determine that she had treated this employee in an improper manner concerning an alleged protected status which was not disclosed in the materials she was reviewing at the time. Gentiva's communications about this employee and whether or not she was a protected employee, how the employment situation was handled, and whether it was handled appropriately are certainly relevant and were apparently relied upon by Gentiva. Again, Gentiva cannot provide a portion of the documents relied upon and then fail to provide the evidence it developed about those complaints.

Request for Production No. 31. We requested applications, resumes, and cover letters for any job position in which you contend that unlawful discrimination occurred at the hands of Debra Sobolewski. In response, only three resumes were provided. It does not appear to include all of the individuals who applied for the particular position in question and does not include the materials for the employees who were actually hired in the position. In order to evaluate the actions taken by my client in response to the applications which were submitted by the supposedly effected employees, it would be necessary to review all of the applications and materials submitted for anyone applying for that position, including the individual employees who were actually hired. Please supplement your response to this request and provide all off the materials for all of the applicants for each position which is at issue.

Request for Production No. 32. Again, the request clearly refers to Tammy Coleman. Documents pertinent to her separation from employment, whether she was terminated, or whether an agreement was reached between her and Gentiva are clearly relevant as Gentiva has reviewed and relied upon the evidence concerning her termination and her subsequent complaints in terminating my client.

Again, I am happy to discuss any of your complaints concerning any of the discovery requests referenced in this letter. As the discovery deadline will be closing soon, I would appreciate a prompt response with regard to whether or not you intend to provide any

supplemental materials. If you do not intend to provide any supplementation, I will clearly need to file a Motion within the near future.

Thank you for your cooperation in this matter.

Yours truly,

Rebecca D. Hattabaugh

RDH:adm

---

**Subject:** RE: 2:25-cv-02028, Curo Health Services, LLC v. Debra Sobolewski
**Date:** Tuesday, September 29, 2026 at 1:00:58 PM Central Daylight Time
**From:** Mark K. Cameron
**To:** Angela McEvoy, Mike S. Moore
**CC:** Cara Paredes, Rebecca Hattabaugh
**Attachments:** image001.png

Rebecca, I am reviewing your good faith letter and am working on a response and some supplemental discovery responses. I will note that you have chosen to engage in good faith discussions for the first time a week from the close of discovery regarding discovery responses that you have had since February and August. Some of these requests cannot be responded to "promptly" and a request so late in discovery does not comply with the Court's scheduling order.

-Mark

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
3350 S. Pinnacle Hills Pkwy, Suite 301
Rogers, Arkansas 72758 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Angela McEvoy <amcevoy@lcahlaw.com>
**Sent:** Friday, September 25, 2026 4:22 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Cc:** Cara Paredes <cparedes@fridayfirm.com>; Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Subject:** 2:25-cv-02028, Curo Health Services, LLC v. Debra Sobolewski

**CAUTION: External Email**

---

Counsel,

Attached for your review is correspondence from Rebecca D. Hattabaugh constituting her good faith letter to attempt to resolve discovery issues in the above captioned case.

Also attached are Answers to Plaintiff's Second Set of Interrogatories and Requests for Production to Defendant, Debra Sobolewski.



**EXHIBIT "D"**

Thank you,

Angela D. McEvoy
Legal Assistant for Rebecca D. Hattabaugh and Erin C. Rambo
amcevoy@lcahlaw.com
Direct Dial: (479) 397-0124

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP
Attorneys at Law
P.O. Box 185
Fort Smith, AR 72902-0185
Ph: 479.782.7294

CONFIDENTIALITY STATEMENT

This electronic message transmission, and any prior or subsequent transmissions in the same "e-mail chain", contains information from the law firm of Ledbetter, Cogbill, Arnold & Harrison, LLP and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (479-782-7294) immediately.

Notice: Any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.



**EXHIBIT "D"**

**Subject:** Re: 2:25-cv-02028, Curo Health Services, LLC v. Debra Sobolewski
**Date:** Thursday, October 1, 2026 at 9:24:16 AM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Angela McEvoy, Mike S. Moore
**CC:** Cara Paredes
**Attachments:** image001.png

Mark,

I appreciate the response and that you are working on supplementation. Do you and/or Mike have time to confer this afternoon about the supplementation that I can expect and to see if any resolution on the other requests can be reached? I am about to walk into a deposition but I expect to be finished by 1 p.m.

Thanks,

Rebecca

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Tuesday, September 29, 2026 at 1:00 PM
**To:** Angela McEvoy <amcevoy@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Cc:** Cara Paredes <cparedes@fridayfirm.com>, Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Subject:** RE: 2:25-cv-02028, Curo Health Services, LLC v. Debra Sobolewski

Rebecca, I am reviewing your good faith letter and am working on a response and some supplemental discovery responses. I will note that you have chosen to engage in good faith discussions for the first time a week from the close of discovery regarding discovery responses that you have had since February and August. Some of these requests cannot be responded to "promptly" and a request so late in discovery does not comply with the Court's scheduling order.

-Mark

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
3350 S. Pinnacle Hills Pkwy, Suite 301
Rogers, Arkansas 72758 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have

received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Angela McEvoy <amcevoy@lcahlaw.com>
**Sent:** Friday, September 25, 2026 4:22 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Cc:** Cara Paredes <cparedes@fridayfirm.com>; Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Subject:** 2:25-cv-02028, Curo Health Services, LLC v. Debra Sobolewski

**CAUTION: External Email**

---

Counsel,

Attached for your review is correspondence from Rebecca D. Hattabaugh constituting her good faith letter to attempt to resolve discovery issues in the above captioned case.

Also attached are Answers to Plaintiff's Second Set of Interrogatories and Requests for Production to Defendant, Debra Sobolewski.

Thank you,

Angela D. McEvoy
Legal Assistant for Rebecca D. Hattabaugh and Erin C. Rambo
amcevoy@lcahlaw.com
Direct Dial: (479) 397-0124

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP
Attorneys at Law
P.O. Box 185
Fort Smith, AR 72902-0185
Ph: 479.782.7294

CONFIDENTIALITY STATEMENT

This electronic message transmission, and any prior or subsequent transmissions in the same "e-mail chain", contains information from the law firm of Ledbetter, Cogbill, Arnold & Harrison, LLP and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (479-782-7294) immediately.

Notice: Any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters



EXHIBIT "D"

addressed herein.