**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

CURO HEALTH SERVICES, LLC )
d/b/a GENTIVA, )
Plaintiff/Counter-Defendant, )
) CASE NO.: 2:25-cv-02028-TLB
vs. )
)
DEBRA SOBOLEWSKI, )
Defendant/Counter-Plaintiff. )

**MEMORANDUM BRIEF IN SUPPORT OF**
**DEFENDANT/COUNTER-PLAINTIFF, DEBRA SOBOLEWSKI'S**
**MOTION TO COMPEL DISCOVERY**

The Defendant/Counter-Plaintiff, Debra Sobolewski, (hereinafter "Sobolewski"), submits the following Memorandum Brief in Support of her Motion to Compel Discovery against Curo Health Services, LLC d/b/a Gentiva (hereinafter "Gentiva"), in the above-referenced case.

Gentiva initiated this lawsuit against its former employee, Sobolewski for six separate counts, all arising out of the alleged transfer of approximately 5,000 files on March 13, 2025. Sobolewski was previously employed by Gentiva for many years, most recently as Vice President of Revenue. Sobolewski worked remotely and supervised employees within the Revenue Department who worked remotely. She was issued a laptop computer which she utilized in her day-to-day employment with Gentiva. When Sobolewski was terminated in November of 2024, she had possession of a computer belonging to Gentiva. Gentiva contends that after her employment was terminated, Sobolewski intentionally transferred approximately 5,000 Gentiva files which were confidential, proprietary, and constituted trade secret information as well as intellectual property. In this lawsuit, Gentiva sought an injunction and seeks damages related to the alleged transfer of files. (See DOC#2, Complaint.)

At all times Sobolewski has claimed that she intended to transfer only personal files which were stored on the laptop that she possessed and that any transfer of files belonging to Gentiva was unintentional. (*See* DOC#15, Answer and Counterclaim). Gentiva was monitoring Sobolewski's access to the laptop computer and for that reason, filed this lawsuit as well as an injunction against Sobolewski within days of the alleged transfer of files. Sobolewski contends that over 2,000 of the files at issue are actually personal files consisting of her family photographs, personal, health, educational and financial information which are not in any way related with her employment with Gentiva. Upon notification that there were other files allegedly transferred, Sobolewski immediately returned the computer in question to Gentiva for forensic review.

Despite the fact that Gentiva has conceded that there was no further need for a hearing related to the inadvertent transfer of files and despite the fact that Gentiva has yet to demand that the files be deleted from Sobolewski's OneDrive account, Gentiva is persisting on pursuing claims against Sobolewski related to the alleged trade secret, proprietary and intellectual property nature of the files which they allege were transferred and they allege has in some way been utilized by Sobolewski to its detriment. Counsel for Sobolewski has repeatedly offered to have the files deleted from the personal computer and/or OneDrive account to the extent that they exist and to have an independent third party verify that all files have been deleted. Gentiva has not been interested in that approach, but has instead demanded a full and complete analysis of all information contained in Sobolewski's personal laptop and devices.

Sobolewski has sought discovery regarding the files at issue and specifically Gentiva's claims that those documents constitute trade secret information or intellectual property of Gentiva. Sobolewski has asserted that because Gentiva is a hospice provider and its billings and revenue collections are directly reported to Medicare and governed by its regulations that there is nothing

proprietary or trade secret about any of the documents which would have been stored locally on her work laptop and inadvertently transferred to her OneDrive account. Sobolewski has requested that Gentiva specifically identify any documents within the group of 3,000 files at issue that contain trade secret information or constitute intellectual property. To date, Gentiva has identified 12 files. Sobolewski has requested information about the witnesses who intend to testify about the trade secret nature of the documents at issue as would be required to establish Gentiva's claims under state and federal law and has requested identification of the witnesses who will testify as to that information and the identification and production of documents that specifically relate to those contentions. Gentiva's responses to those requests have been evasive, incomplete, and although Gentiva has indicated that supplementation would be provided, to date it has not been. (See Exhibit "D")

Sobolewski has additionally prosecuted Counterclaims against Gentiva related to breach of contract claims and wrongful termination claims as the result of her separation from employment. When she was terminated in November of 2024, Sobolewski was not provided with the cause for her termination. Although she was advised that complaints were made against her, she was not advised of the particularities of any of the complaints or the identity of the complaining parties. She was not asked specific questions about the complaints or allowed the opportunity to specifically address the complaints that were made. For that reason, after termination, she consulted an attorney and requested information regarding the specific cause of her termination. The reason for the request for the identification of the cause of her termination relates directly to the claims she is pursuing in this case. Pursuant to her employment as an executive with Gentiva, she was entitled to 12 months' severance pay. In addition, she had previously been awarded shares as part of the compensation package for her position. Gentiva has taken the position that

because Sobolewski was terminated for cause, she is not entitled to the severance benefits she would have otherwise been entitled to under employment contract and that she has also forfeited all shares of company stock pursuant to that agreement. For those reasons, Sobolewski after termination requested that Gentiva provide the specific cause for her termination as Gentiva refused to provide that information when she was terminated. In this litigation, Sobolewski has propounded interrogatories to Gentiva specifically requesting additional information concerning the reasons for her termination from employment, the witnesses who will be testifying about her termination from employment and documents which support the decision to terminate her employment for cause. To date, Gentiva has not provided adequate information sufficient for Sobolewski to defend these claims and for that reason, the Motion to Compel Discovery is being filed.

Sobolewski will now address the specific discovery requests to which she contends supplementation is required.

FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO CURO HEALTH SERVICES, LLC d/b/a GENTIVA

**Interrogatory No. 9.** Sobolewski requested identification of witnesses that Gentiva planned to call at trial including name, address, telephone number as well as the subject of the anticipated testimony. Objection was made in Gentiva's Responses on the basis that it sought privileged information. In further response, Gentiva stated that it had not yet determined who would be called at trial and further indicated that the response would be supplemented and that Gentiva reserved the right to call any of the witnesses identified in the Initial Disclosures which consisted of 17 persons. (See Gentiva's Answers to First Set of Interrogatories and Requests for Production, attached to Sobolewski's Motion as Exhibit "A"). No information was provided in the Initial Disclosures about the subject of the anticipated testimony. It is Sobolewski's

understanding that in recent correspondence exchanged with Gentiva's counsel on this issue that they represented that all 17 witnesses would be called at trial but they refused to provide any information about the subject matter of their testimony. In addition, Gentiva recently identified two additional witnesses, but has not provided information about the subject matter their testimony although Gentiva's counsel did indicate that discovery responses would be supplemented to disclose this information. (See Exhibit "D")

**Interrogatory No. 13.** In this request, Sobolewski requested that Gentiva identify all persons who had access to the trade secret and intellectual property information which they contend Sobolewski misappropriated in this matter. Identification of the persons who had access to this information is necessary to evaluate the claim that the information does constitute trade secret information or intellectual property information because if the information is readily accessible to all employees or is otherwise available to the public, that would certainly be an indication that it would not constitute trade secret or intellectual property. It is believed that some of the documents in question are not trade secret, it is believed that some of the documents in question are publicly reported information and therefore there would be a large number of people, who would have access to that information. For that reason, Sobolewski has requested that Gentiva provide information about the specific documents that they contend constitute trade secret or intellectual property information so that focus can be made on those particular documents at trial. It is anticipated that if the documents are truly trade secret or intellectual property, that the access to the information at issue would be limited and that Gentiva would be able to provide the identity of the person who have access to the information or at least the job positions who would have access to the information to establish that access to the information is truly limited. The request was objected to as overly broad, and it was stated that identification is not necessary because all

of the files at issue constituted the "property" of Gentiva. (See Exhibit "A"). That is not the relevant inquiry for the claims that Gentiva has asserted. Gentiva is making specific claims in this case that wrongful actions were committed by Sobolewski and they have refused to disclose the evidentiary basis for those allegations. For those reasons, Sobolewski has requested supplementation which to date has not been provided.

**Interrogatory No. 14.** In this request, Sobolewski requested identification of the trade secrets and intellectual property that Gentiva specifically claims were misappropriated by Sobolewski including a detailed description of each item, the day the item was developed, how it was developed, who developed it and the reason it qualifies for trade secrete or intellectual property protection. In response, Gentiva objected to providing the information as overly broad and took the position that all documents that were transferred, regardless of how they were created, who created them or whether Gentiva was in any way involved in the creation of the documents, still constituted Gentiva property and that no further delineation or identification was necessary. (See Exhibit "A") That response is evasive. Gentiva has filed claims in this lawsuit making specific claims under state and federal law alleging that the documents are entitled to protection as documents classified and entitled to protection under trade secret and intellectual property laws. To date, Gentiva has refused to provide any information to allow Sobolewski to determine whether or not the documents in question actually qualify for protection under federal or state law. In response to the Interrogatory, Gentiva stated that they had "begun" to identify files that were trade secret or qualified as intellectual property but only identified 12 specific files out of the 5,000 files that they claim to be in issue. There was no description provided for the documents at issue, there was no identification of what information was contained, why it was privileged, trade secret, confidential, or constituted intellectual property that qualified for protection. In addition, there

was a representation that additional files would be identified and the response would be supplemented. (See Exhibit "A") To date, no additional documents have been identified and no identification of what the documents identified represent or why they are entitled to protection has been provided.

**Interrogatory No. 15.** In this request, Sobolewski requested information concerning all measures that Gentiva took to ensure the secrecy of the documents at issue in this lawsuit. The response to this request was vague and did not delineate the specific measures that were taken other than describing that there was a "disabled USB drive". (See Exhibit "A") The specific IT tools that were used, the monitoring which was obviously taking place as a result of their ability to identify that files had been transferred, was not provided. In order to establish a claim, Gentiva must prove the adequacy of the measures it took to secure the documents.

**Request for Production No. 3.** Sobolewski requested communication, documents and recordings relating to the decision to terminate her employment including supporting materials. Objection was made on the basis of privilege. Gentiva then referred Sobolewski to the attached non-privileged documents. Gentiva failed however to identify the bates numbers of the documents that they contend are specifically responsive to this request. (See Exhibit "A"). Sobolewski has requested supplementation so that she can determine what documents Gentiva is relying on as a result of this claim and to date, Gentiva has failed to supplement this response.

**Request for Production No. 25.** Sobolewski requested communications between herself and supervisors, managers, or co-workers regarding job performance, employment status, complaints, reports, or allegations of unlawful employment practices. In this case, Gentiva contends that Sobolewski was terminated because of complaints that were made concerning her job performance and treatment of co-workers. The response was objected to as overly broad and

seeking privileged information. The request seeks communications only to which Sobolewski was a party and which specifically address complaints about her job performance and allegations of unlawful employment practices which are clearly relevant to her breach of contract and wrongful termination claims. Since Sobolewski was a party to the communications, the documents are clearly not subject to any attorney-client privilege. Gentiva does state that it has produced documents responsive to this request, but again fails to identify the Bates numbers of the documents that it contends are responsive to this request. Gentiva further indicated that it would respond if the request were narrowed. (See Exhibit "A") On September 25, 2026, Sobolewski's attorney requested that the information be provided for the one year period prior to her termination of employment and that Gentiva provide information concerning any responsive Bates numbered documents. To date, no additional information has been received.

**Request for Production No. 27.** Sobolewski sought documentation concerning training which was provided to managers such as herself regarding retaliation, discrimination, or other unlawful employment practices. Gentiva has asserted that Sobolewski violated its policies and procedures by retaliating against employees, engaging in unlawful employment practice and subjecting employees to a hostile work environment, actions which it says it relied upon in terminating her employment. Whether Gentiva as Sobolewski's employer provided any training to her or other management employees regarding these matters is clearly relevant to the issue of what guidance was given to her in advance of her termination concerning the manner in which she should supervise her employees. Objection was made by Gentiva as to the request being overly broad and unduly burdensome. (See Exhibit "A") Training given to managers about employment practices in an employment case such as this is clearly relevant. Sobolewski has indicated that she is willing to narrow the request to the time period of 2018 to 2024 as that appears to be the

time period for which Gentiva reviewed evidence related to complaints made against her. To date no supplementation has been provided.

**Request for Production No. 37.** Sobolewski sought documents concerning communications in which Sobolewski's name was mentioned during the last six months of her employment. Although objection was made, Gentiva stated that it was conducting a search of Tom Dolan, Sobolewski's direct supervisor, concerning Sobolewski's name as a search term for the six months prior to her discharge and Gentiva further represented that they would produce any relevant, non-privileged documents. (See Exhibit "A") To date, no such documents have been produced.

**Request for Production No. 38.** Sobolewski sought documents related to the denial of contractual severance benefits for terminated employees and Gentiva objected. (See Exhibit "A") In this case, Gentiva has refused to honor Sobolewski's employment contract's provision for severance benefits by taking the position that her employment was terminated for cause. Sobolewski denies that there was any cause for her termination. Whether other similarly situated employees were terminated for cause resulting in a denial of their severance benefits is relevant pattern or practice evidence concerning Gentiva's true motivation for terminating Sobolewski's employment with cause in order to deny those same contractual benefits to her. Sobolewski has requested supplementation and to date none has been received.

<u>SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO CURO HEALTH SERVICES, LLC d/b/a GENTIVA</u>

**Request for Production No. 4.** Sobolewski sought e-mails between Sobolewski and her superiors at Gentiva, any employees supervised by her at Gentiva, in-house counsel of Gentiva, and HR employees of Gentiva. Gentiva objected on the basis that the request was overly broad. (See Gentiva's Responses to Second Set of Requests for Production of Documents attached to

Sobolewski's Motion as Exhibit "B"). Sobolewski has indicated that she was willing to narrow this request to the one year prior to her termination from employment. To date, no supplementation has been provided.

**Request for Production No. 14.** Sobolewski sought documentation of the complete investigative file referenced in the deposition of Julie Waller as something that would have been available to in-house counsel of Gentiva and relied upon in the termination decision. Julie Waller, Vice President of Human Resources, testified at her deposition that although she conducted the investigation and reported her findings to in-house counsel, that she did not have access to all the documents that in-house counsel would have reviewed in reaching the determination to terminate Sobolewski. She further stated that she was not the person who made the determination to terminate Sobolewski's employment. In this case, the reason that Sobolewski was terminated from her employment is directly relevant to whether the termination qualifies as being for cause pursuant to her employment contract and her benefits agreement. Both of those agreement contain separate definitions as to what constitutes "for cause" under the agreements. Ms. Waller was deposed and testified that she made findings but that she did not make the determination to terminate employment and that the persons who did had access to and would have reviewed other information in order to make that determination. For that reason, Sobolewski requested the complete investigative file including all documents that would have been reviewed or relied upon in the termination decision. Gentiva objected on the basis of privileged information. ((See Exhibit "B".) Gentiva conceded that in-house counsel would have had access to other documents separate and apart from the investigative materials provided by Julie Waller which were discussed in her deposition and disclosed in this case but Gentiva has not disclosed those documents. The exact documents that were reviewed and relied upon by the persons who made the decision to terminate

Sobolewski are directly relevant and necessary for her prosecution of her claims. Gentiva has yet to supplement its response to this request.

**Request for Production No. 15.** Sobolewski sought personnel files of six employees who are identified in her investigation as potential witnesses in this matter. The individuals were primarily individuals who were supervised by her and allegedly made complaints about her management style. According to Gentiva, Sobolewski's actions related to these employees' employment served as the basis for the decision to terminate her for cause. Materials from these individual employees' personnel files are clearly relevant as they may include complaints made about Sobolewski, investigation into those complaints, any disciplinary actions taken by Sobolewski or Gentiva against these employees, whether the employees had some motivation to make a complaint about Sobolewski as well as how Gentiva viewed the complaints that were made at the time the complaints were made as well as Gentiva's opinion as to the veracity of those complaints is relevant. Some of the alleged complaints significantly pre-date Sobolewski's termination from employment and she was completely unaware of any complaints being made. The request was objected to as overly broad and that it contained confidential personnel information. (See Exhibit "B"). Sobolewski has offered to narrow the request in response to those objections and stated that with regard to the request for all employees except for Randy Wallace, that Sobolewski specifically sought application materials, resumes, disciplinary actions, any documents including complaints regarding Sobolewski or Gentiva and performance reviews from 2020 to 2024. (See Exhibit "D"). Part of Gentiva's determination to terminate Sobolewski concerned the employment of her brother Randy Wallace and whether his familial status was adequately disclosed in the hiring process. Gentiva further alleges that Sobolewski treated him more favorably than other employees within his department. For that reason, Sobolewski has

sought for Randy Wallace, personnel file materials specifically including, at a minimum, his application for employment, any communications from him or any other person which disclose his familial relationship to Sobolewski, his resume, his work history, information relied upon by Gentiva in the hiring process, compensation records, disciplinary records, performance reviews, changes in employment status or compensation, pay rates, and any termination documents. Because Gentiva has alleged that he was treated more favorably as a result of his familial relationship, the request for these broader documents is relevant and necessary to a determination as to whether he was actually treated any differently than other employees in his department. The information regarding whether his familial status was disclosed is clearly relevant to Gentiva's claim that it was somehow unaware of this information as Sobolewski was terminated in part for alleged nepotism in supervising or allowing an employee to be hired who was a family member. Whether the information concerning his familial status was disclosed, is clearly relevant to that allegation and the supposed reason for her termination.

**Request for Production No. 16.** Sobolewski sought e-mails sent by or to Tom Dolan regarding Sobolewski's job performance. Tom Dolan was her immediate supervisor. The request sought information concerning her job performance, complaints made against her, and any investigation of those complaints as well as her termination. Gentiva objected to the request as being overly broad and seeking privileged information. (See Exhibit "B"). Gentiva then stated that the materials are provided specifically directed to the investigation which was conducted in October of 2024. The materials which are requested are clearly relevant to the claims in this matter cause the e-mails are either to or from her direct supervisor who Gentiva has identified as the ultimate decision-maker in this matter about her job performance or any complaints which were made against her. In determining whether the termination was for cause, evidence from her direct

supervisor related to how he viewed her job performance, how he viewed any complaints that were made against her and any particular response of Gentiva to those complaints or directions given to Sobolewski in response to those complaints is relevant to the claims that have been asserted by Sobolewski in this matter. In an effort to further narrow this request, Sobolewski has indicated that she would be willing to accept information responsive to the request for the one year period prior to her termination from her employment. (See Exhibit "D")

**Request for Production No. 20.** Sobolewski sought the investigative file materials related to complaints made by Tammy Coleman against Gentiva. Gentiva has represented that the investigation which resulted in the termination of Sobolewski relied in part upon evidence related to complaints made by Tammy Coleman and Gentiva has produced portions of that evidence in discovery as support for the decision to terminate her employment. Thus, the entire investigative file that Gentiva has regarding these complaints which were made, including all evidence as to the validity or invalidity of the complaints which were asserted by Tammy Coleman is clearly relevant and Sobolewski is entitled to review them. Producing only complaints without providing any material about Gentiva's response to those complaints, evidence related to those complaints, investigation into the complaints and as to whether those complaints were valid or unjustified is material and relevant as to whether reliance upon the complaints of Tammy Coleman supports the for cause termination. If Ms. Coleman's complaints were determined to be unjustified and invalid, certainly, Gentiva's reliance on those complaints is nothing more than pretext. Gentiva did indicate in the response to this request that it was reviewing materials and would supplement the response but to date no supplementation has been provided. (See Exhibit "B")

**Request for Production No. 25.** During the deposition of Julie Waller it came to light that there was an EEOC complaint which was asserted by Tammy Coleman referenced above.

Sobolewski sought records in Gentiva's possession related to the EEOC complaint which was asserted by Ms. Coleman and its response and investigation into the matter. (See Exhibit "B") The fact that such a claim was asserted was purportedly part of the information reviewed and relied upon by Gentiva in its determination to terminate Sobolewski. The complaint which a former employee made to a government agency is not privileged although a privilege objection was asserted. Any records which were provided to the EEOC in response to that complaint and the EEOC findings are clearly relevant as to whether the complaint had any merit. As this complaint appears to have some bearing on the decision to terminate as well as Sobolewski's handling of this particular employee, evidence which was generated in response to the allegations by the employee and provided as part of the EEOC process is clearly relevant and would go to show whether the particular complaints asserted by Ms. Coleman had any validity. Further, as Gentiva has provided some documents relevant to the EEOC claim, it cannot withhold additional elements pertaining to whether those complaints had any merit on the basis of privilege because any such privilege has been waived by the prior voluntary disclosures. Sobolewski is entitled to know the evidence which was relied upon by Gentiva to terminate her employment and is entitled to know whether the claims which were made by Ms. Coleman were refuted or found to be without merit. In the event Gentiva asserted a response to the EEOC or a determination was made that Sobolewski or Gentiva's conduct was appropriate and not violative of any law, that would certainly indicate that the reliance upon the complaint being made was merely pretext for the termination decision.

**Request for Production No. 27.** At the deposition of Julie Waller there was testimony given about Ms. Coleman's alleged protected status and her request for leave as a result of that protected status. Again, as Gentiva has cited Sobolewski's handling of this situation as something that was related to her termination, although these matters were never brought to her attention at

the time or at any time prior to her termination, evidence concerning whether or not Ms. Coleman was actually a protected employee pursuant to federal law is relevant. Gentiva's HR representative represented that either the employee was entitled to protected status or that Sobolewski should have given consideration to whether or not she was entitled to protected status. Sobolewski claims that she had no information about the employee's protected status. For that reason, Sobolewski requested information about whether the employee at issue, Ms. Coleman, was actually a protected employee and whether any information about her alleged protected status was ever communicated to Sobolewski or to any of the managers who were supervising Tammy Coleman. (See Exhibit "B"). Sobolewski has no information to dispute these claims because Gentiva never informed her that there was any issue with regard to this employee, they never provided any documents to her but apparently and allegedly they relied upon some information to determine that she had treated this employee in an improper manner concerning the alleged protected status which is not disclosed in any of the materials that have been produced to date. The information that Gentiva has it its possession regarding its communications about this employee and whether or not she is or was a protected employee, how the employment situation was handled, and whether Gentiva handled it as handled inappropriately or appropriately at the time are certainly relevant to whether they were actually relied upon by Gentiva in the termination decision or whether they were merely pretext for the decision to terminate her. Again, Gentiva has provided a portion of these documents relied upon consisting only of the complaints made by the employee without providing any of the investigative materials to determine whether any of those complaints had merit. Gentiva has at this point and to date not supplemented its response to this request.

**Request for Production No. 31.** Sobolewski requested applications, resumes and cover letters for any job position which Gentiva contends that involved unlawful discrimination at the

hands of Sobolewski. One of the stated reason for her termination was her alleged unlawful discrimination against job applicants. In response to this request, three resumes were provided. (See Exhibit “B”) . No explanation was given and it does not appear to include all of the individuals who applied for the particular positions in question and it does not include all of the materials for the employees who actually were hired in the position. In order to evaluate whether the supposedly effected employees were discriminated against, it would be necessary to review all of the applications submitted for the position that was open and to review the qualifications of the individual who was actually hired in comparison with the individual employee who allegedly had a protected status and was not hired. Sobolewski has requested supplementation with regard to this response and to date none has been provided.

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO CURO HEALTH SERVICES, LLC d/b/a GENTIVA

Sobolewski propounded a Third Set of discovery requests to Gentiva in this matter which were specifically directed to Gentiva’s monitoring of the device in question and its forensic examination of the device, including, Microsoft logs, OneDrive audit logs, Endpoint management logs, group policy logs, remote access logs, logs of USB connection history, Windows event logs, Defender/EDR logs, and administrative account activity logs. The requests were limited to the laptop that Sobolewski utilized during her employment with Gentiva which has been returned to Gentiva and which Gentiva has performed forensic analysis upon. Sobolewski limited her request to logs of that activity from the time of her suspension from employment, October 25, 2024 to present. Gentiva objected to the requests for various reasons, primarily stating that the information requested was not relevant and that the request was overly broad. In response, Sobolewski has offered to the limit the timeframe with regard to the production of this information from the time

the computer was within her possession after she was suspended from employment, a time period of approximately six months.

In discovery in this case it has been established that Gentiva had the ability to access the work computer and was actively monitoring Sobolewski's computer and that is the reason it was immediately alerted when a transfer of files occurred. Gentiva relies upon portions of these documents in order to establish that the files in question were accessed and transferred on a particular date. The logs which have been requested would establish all of the times that Sobolewski accessed the computer in question or attempted to download or transfer any of the files which are at issue. The evidence requested would also reflect times at which Gentiva may have accessed the computer and any alerts or information that was provided to Gentiva about Sobolewski's access to the work computer during the relevant time. Documentation and evidence concerning Sobolewski's access to the computer and the specific files in the computer and how the alleged transfer of files did or did not occur is clearly relevant to the claims which have been asserted against her. It is also relevant to Gentiva's claims as to whether or not they were able to access the computer and see what activity took place or take certain actions while the computer was in Sobolewski's possession. Sobolewski asserts that Gentiva cannot rely on a portion of the information at its disposal about the access to this computer and actions that were taken on the computer without disclosing all of the documentation it has with regard to those actions including the complete history of all of the actions that were taken by either Sobolewski or Gentiva with regard to the laptop in question.

## CONCLUSION

In this case Gentiva filed a federal lawsuit against its former employee seeking an injunction on the basis that files had been improperly transferred which violated state and federal law because

of trademark and intellectual properties protections provided by state and federal law. To date, Gentiva has failed to identify the particular documents at issue or why they qualify for protection under those laws. While they were quick to file a lawsuit within days of being notified that files were allegedly transferred, they have refused to provide any information about why the documents are entitled to protection or how they have been damaged. Sobolewski has repeatedly requested this information and attempted to narrow the scope of any forensic examination that needed to be conducted. Gentiva has simply taken the position that anything on the computer in question was intellectual property and trademark protected and has refused to participate in discovery as to those issues.

Gentiva has also taken the position that Sobolewski was properly denied hundreds of thousands of dollars in benefits to which she would have otherwise been entitled because she was terminated for cause from her employment. However, at the time she was terminated, Gentiva refused to tell her the reason that she was being terminated. In the "investigation" that Gentiva conducted with regard to alleged complaints made against her, they never apprised Sobolewski of the specific complaints that were made, the timing or the circumstances of those complaints or the individuals making them. She was unable to defend herself or provide any context with regard to any employees who may or may not have asserted complaints against her.

In discovery, Sobolewski has attempted to ask proper discovery requests to obtain the information that she needs to defend the intellectual property claims and prosecute her wrongful termination and breach of contract claims. Gentiva has taken the position that it can provide the documents that it chooses and that it has no obligation to disclose anything else in regard to this case. Although Gentiva will certainly assert that the request for supplementation was late made, it has been no secret throughout this litigation and Sobolewski has repeatedly requested

information concerning the documents that are alleged to be trade secret, proprietary or intellectual information and Gentiva has never provided a list of those documents nor has it provided a list of the witnesses it intends to call or the substance of the testimony to be provided on those issues. In addition, in deposition testimony it has been disclosed that Gentiva allegedly relied upon documents that it contends Sobolewski is not entitled to review and Gentiva apparently concedes that this is the case. With regard to the specific complaints that they contend form the basis of the decision to terminate her, she is entitled to receive the documentary evidence that they relied upon in making that determination as well as the documentary evidence that exists with regard to whether those complaints had any validity. Without this information, Sobolewski is unable to defend the claims that have been asserted against her or to prosecute the claims which she has asserted.

For the above and foregoing reasons, Defendant/Counter-Plaintiff, Debra Sobolewski asserts that Curo Health Services, LLC d/b/a Gentiva has failed to appropriately respond to discovery in this matter and that Gentiva should be compelled to respond specifically and fully to the discovery requests referenced hereinabove within thirty (30) days, and for all other relief to which she may be entitled.

Respectfully submitted,

LEDBETTER, COGBILL,
ARNOLD & HARRISON, LLP
622 Parker Avenue
P.O. Box 185
Fort Smith, Arkansas 72902
Phone: (479) 782-7294
rhattabaugh@lcahlaw.com

BY: Rebecca D. Hattabaugh
REBECCA D. HATTABAUGH, ABA#96029
*Attorney for the Defendant/Counter-Plaintiff,*
*Debra Sobolewski*

**CERTIFICATE OF SERVICE**

I, Rebecca D. Hattabaugh, one of the attorneys for the Defendant/Counter-Plaintiff herein, do hereby certify that on October 5th, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will electronically send notification of such filing to the following:

Mr. Mark Cameron
Mr. Michael S. Moore
Friday, Eldredge & Clark, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201
mcameron@fridayfirm.com
mmoore@fridayfirm.com
*Attorneys for Plaintiff, Curo Health Services, LLC d/b/a Gentiva*

Rebecca D. Hattabaugh