**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| CURO HEALTH SERVICES, LLC d/b/a GENTIVA, Plaintiff/Counter-Defendant, | ) | |
| vs. | ) | CASE NO.: 2:25-cv-02028-TLB |
| DEBRA SOBOLEWSKI, Defendant/Counter-Plaintiff. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER REGARDING DEFENDANT'S DEPOSITIONS NOTICES AND 30(B)(6) DEPOSITION NOTICE**

COMES NOW, the Defendant/Counter-Plaintiff, Debra Sobolewski, (hereinafter "Sobolewski"), by and through her attorneys, Ledbetter, Cogbill, Arnold & Harrison, LLP, and for her Response to Plaintiff's Motion to Quash and/or For a Protective Order Regarding Defendant's Deposition Notices and 30(B)(6) Deposition Notice filed on behalf of Curo Health Services, LLC d/b/a Gentiva ("Gentiva") and states as follows:

1. Sobolewski noticed the depositions only after attempts to obtain mutually agreeable dates from Gentiva's counsel failed.

2. Two of the depositions Gentiva seeks to quash are individuals it has identified as witnesses.

3. Two of the depositions which Gentiva seeks to quash are depositions that have been sought since August 28, 2026 and were unilaterally noticed after mutually agreeable dates were not provided.

4. On June 29, 2026, Gentiva identified an expert to testify as to the forensic analysis of the computer in question, the computer which had been utilized by Sobolewski during her work.

That deposition took place on August 5, 2026.

5. Following that deposition, and based upon the deposition testimony provided, Sobolewski has requested that Gentiva supplement its discovery responses to provide information which was relied upon by its expert witness Lance Watson, in forming his conclusions.

6. On August 19, 2026, Gentiva filed supplemental expert disclosures identifying additional materials which had been relied upon by Mr. Watson, its expert, in conducting his forensic analysis, and again, identified Jeff Harris, Chief Information Officer of Gentiva, as a witness who would be called to testify regarding the computer systems and information technology processes.

7. On August 28, 2026, counsel for Sobolewski requested the deposition of Jeff Harris who had been disclosed as an expert witness in this matter.

8. Also on August 28, 2026, Sobolewski served a Notice of 30(b)(6) Deposition which was largely geared to questions that Mr. Watson was unable to answer concerning the computer processes and security measures in place with regard to the personal computer that had been utilized by Sobolewski during her employment and because Sobolewski does not know who at Gentiva could supply the information.

9. On August 31, 2026, counsel for Gentiva wrote and requested a conference call to discuss potential objections to the Notice of 30(b)(6) deposition and requested that the conference be held on Thursday or Friday of that week.

10. Counsel conferred on September 3, 2026, and in that conference call, counsel for Gentiva suggested that the depositions which had been requested could be pushed back to explore settlement opportunities and suggested that the settlement conference which had been scheduled for October 6, 2026 could be moved up so that the settlement conference could take place before

any depositions were conducted for the reason that it might avoid unnecessary litigation expenses. During the conference call, counsel for Sobolewski agreed but indicated that although the depositions could be pushed back, that deposition dates would need to be provided for the requested depositions after the settlement conference and before the existing discovery deadline of October 4, 2026. At no time did counsel for Gentiva indicate that those dates would not be provided and appeared to agree to that conditional agreement to put off the noticed 30(b)(6) deposition.

11. Judge Ford accommodated the request to reschedule the settlement conference from October 6, 2026 to September 18, 2026.

12. No proposed dates for any depositions were received by counsel for Sobolewski despite the fact that those had been requested during the conference call. For that reason on September 11, 2026, counsel for Sobolewski reminded Gentiva's counsel that the agreement to continue the 30(b)(6) deposition and the other requested deposition was conditioned upon being provided with dates for the requested depositions before the discovery deadline and no dates had yet been provided. In the same e-mail, Sobolewski requested three additional depositions stating that those depositions would be brief and that all depositions could be held by Zoom so that there was no need for counsel or the parties to travel for the depositions.

13. No response was received and no dates were provided in response to the September 11, 2026 e-mail.

14. The parties attended the settlement conference held on September 18, 2026 and the conference was unsuccessful.

15. Having still received no response to the request for dates for any of the five depositions which had been requested on August 28, 2026 or September 11, 2026, and due to the impending

discovery deadline, Sobolewski served Notices of Depositions for selected dates within the discovery deadline upon which depositions could be conducted by Zoom.

16. Gentiva's counsel immediately responded that Gentiva would file a Motion to Quash all of the depositions.

17. Counsel has in fact filed a Motion to Quash all of the depositions on the basis that the notices were unilaterally served which is at best disingenuous and at worst a misrepresentation. Counsel for Sobolewski had requested one of the depositions and served notice of her intention to take the 30(b)(6) deposition back on August 28, 2026. The three other depositions were requested on September 11, 2026 and Gentiva did not respond. The only reason that the deposition notices were sent out again was because no response was received to the request for the depositions to be voluntarily scheduled.

18. The 30(b)(6) topics are relevant to the issues in this case and are made necessary by the fact that the discovery responses to date have been incomplete and evasive.

19. Gentiva appears to concede that the deposition of Mr. Harris disclosed as an expert witness has been requested since August 28 but takes the position that the unilaterally noticed deposition issued almost a month after the deposition had been requested without receiving any response was untimely. Gentiva has offered no evidence as to why the deposition of its own employee could not have been scheduled sometime between August 28, and today.

20. One reason that Gentiva may not want to produce Jeff Harris is the fact that it has now determined that Jeff Harris may not be an appropriate witness. After the Notice of Deposition was issued, for the first time Gentiva suggested that he might not be the appropriate person to provide testimony on the issues for which he was previously identified as a witness. Instead, Gentiva has identified two additional witness who were never disclosed in discovery until after the Notice of

Deposition was served on Gentiva for Mr. Harris' deposition. Sobolewski has asked for clarification as to whether Mr. Harris is being withdrawn as a witness in this matter but to date has not received information that he will be withdrawn. However, it has now at least been represented that he is not an appropriate person to testify concerning the matters for which he was previously identified as a witness.

21. Although Gentiva complains about the fact that the notices were untimely, Gentiva has recently identified two additional witnesses and indicated that one of the witnesses who was noticed for deposition may not be able to provide the testimony that it said he would. Thus, it seems quite clear that the reasons for the delay in the depositions being scheduled is at least partially attributable to the fact that Gentiva has failed to identify its witnesses appropriately and in accordance with the Court's Case Management Order.

22. In addition, Gentiva, through a joint motion, has recently requested that the trial be continued. The entire basis for the Motion is that there is not sufficient time to address and provide the required deposition testimony. With the requested continuance, those arguments do not hold weight.

23. In support of this Response, the Court is respectfully referred to the correspondence between the parties concerning the scheduling of depositions, attached hereto collectively as Exhibit "A", relevant portions of the deposition of Julie Waller which are attached hereto as Exhibit "B," the entire file in this action and the Memorandum Brief submitted herewith.

WHEREFORE, for the above and foregoing reasons, the Defendant/Counter-Plaintiff, Debra Sobolewski respectfully requests the Motion to Quash and/or For a Protective Order Regarding Defendant's Deposition Notices and 30(B)(6) Deposition Notice be denied and for all

other relief to which she may be entitled, including her attorney's fees and costs incurred in preparing the Response to this Motion, and for all other proper relief.

Respectfully submitted,

LEDBETTER, COGBILL,
ARNOLD & HARRISON, LLP
622 Parker Avenue
P.O. Box 185
Fort Smith, Arkansas 72902
Phone: (479) 782-7294
rhattabaugh@lcahlaw.com

BY: ______________________
REBECCA D. HATTABAUGH, ABA#96029
*Attorney for the Defendant/Counter-Plaintiff,*
*Debra Sobolewski*

**CERTIFICATE OF SERVICE**

I, Rebecca D. Hattabaugh, one of the attorneys for the Defendant/Counter-Plaintiff herein, do hereby certify that on October 12, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will electronically send notification of such filing to the following:

Mr. Mark Cameron
Mr. Michael S. Moore
Friday, Eldredge & Clark, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201
mcameron@fridayfirm.com
mmoore@fridayfirm.com
*Attorneys for Plaintiff, Curo Health Services, LLC*
*d/b/a Gentiva*

______________________
Rebecca D. Hattabaugh