**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| CURO HEALTH SERVICES, LLC d/b/a GENTIVA, Plaintiff/Counter-Defendant, | ) | CASE NO.: 2:25-cv-02028-TLB |
| vs. | ) | |
| DEBRA SOBOLEWSKI, Defendant/Counter-Plaintiff. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant/Counter-Plaintiff, Debra Sobolewski, (hereinafter "Sobolewski"), by and through her attorneys, Ledbetter, Cogbill, Arnold & Harrison, LLP, and for her Response to Plaintiff's Motion to Compel states as follows:

1. Curo Health Services, LLC d/b/a Gentiva (hereinafter "Gentiva") filed its Verified Complaint on March 19, 2025, alleging six separate counts and requesting a restraining order and temporary injunction be issued against its former employee, Sobolewski. The causes of action arose out of the alleged transfer of files from a laptop computer utilized by Sobolewski in her employment after her termination from employment. The transfer of files had allegedly occurred only days before on March 15, 2025.

2. Within two days of the lawsuit filing, the laptop was shipped to in-house legal counsel of Gentiva so that it could be analyzed. Sobolewski through counsel notified the Court and opposing counsel that any transfer of files was entirely unintentional. Counsel for Gentiva agreed that the laptop at issues was sent to Gentiva by Fed-Ex on Friday, March 21. The parties agreed and notified the Court that they were working together in good faith to have all of the data transferred to Sobolewski's OneDrive account provided to Gentiva's counsel for review and inventory.

Sobolewski also agreed that she would either provide verification or permit inspection in order to verify that all of the files had been removed from her personal devices and any personal cloud based storage. Counsel submitted correspondence to the Court attesting to those agreed facts within days of the lawsuit filing.

3. In compliance with the representations made to the Court, a link to the files was sent to counsel for Gentiva on April 3, 2025. Thereafter, on April 16, 2025, counsel for Sobolewski offered to delete the files from the personal devices and OneDrive account of Ms. Sobolewski or to have a third party do so. Counsel for Defendant informed Gentiva's counsel that she would await instruction.

4. A hearing previously scheduled on the Court's docket was removed based upon the parties representation and agreement that there was a plan to remove the personal information from the device and cloud storage.

5. Counsel for Gentiva then requested an additional investigation of Sobolewski's personal computer which it indicated was directed to preserve computer activity to confirm that the files did not leave Sobolewski's OneDrive account. In response, counsel for Sobolewski suggested that the parties should seek guidance from the Court if Gentiva was requesting blanket access to all files stored on her personal devices including access to all e-mails in part because there was certainly attorney-client privileged information which would be located on the device.

6. The parties have attempted to have a third party conduct a review which was supposed to be directed to ensuring that the particular files at issue in the transfer had not been transferred, to identify the location of all such files in order to ensure the deletion of the files.

7. Although it was believed that there was agreement by the parties that this would be limited to a search for the particular files at issue, when the third party vendor, Guardian Forensics,

performed its review, it was much broader than had been anticipated.

8. Although the parties have attempted to work with Guardian Forensics to narrow the scope of the review, at this point the parties have been unable to agree as to what would constitute a reasonable review under the circumstances of the case.

9. Based upon counsel's review of the report currently received by both parties from Guardian Forensics, the report still includes a number of documents which are entirely unrelated to the case including Sobolewski and her husband's web browsing history, personal information and personal e-mails.

10. To date, the parties have split the cost of the forensic analysis by Guardian Forensics which at this point has totaled in excess of $12,000.

11. For those reasons, counsel for Sobolewski requested an estimate of what further costs would be incurred to conduct the analysis that Gentiva seeks, and it was represented that there would be another $7,000 - $9,000 in charges incurred to further analyze the data. Sobolewski contends that much of the data to be further analyzed is not related to the claims asserts and is in no way related to Gentiva but is her personal information or that of her husband's.

12. Sobolewski also contends that the scope of the review which Gentiva contends is necessary is far beyond what was initially agreed and that there is no justification for the incurring of additional expenses in the nature of what has been proposed since the data which appears to be being analyzed is not related to this case. She also contends there is no justification for further intrusion into her family's personal affairs.

13. For these reasons, Sobolewski submits that the parties are in need of the Court's guidance on this issue as to what is a reasonable and necessary forensic review under the circumstances presented in this case.

14. Additionally, and in the alternative, Sobolewski seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the reasons set forth above and in the accompanying Brief.

15. In Support of this Response, the Court is respectfully referred to the correspondence between the parties on this issue which is attached hereto collectively as Exhibit "A", the Memorandum Brief submitted herewith and the entire file in this action.

WHEREFORE, for the above and foregoing reasons, the Defendant/Counter-Plaintiff, Debra Sobolewski respectfully requests the Motion to Compel filed on behalf of the Plaintiff be denied, that in the alternative, a protective order be entered for an award of her attorney's fees and costs incurred in preparing the Response to this Motion, and for all other relief to which she may be entitled.

Respectfully submitted,

LEDBETTER, COGBILL,
ARNOLD & HARRISON, LLP
622 Parker Avenue
P.O. Box 185
Fort Smith, Arkansas 72902
Phone: (479) 782-7294
rhattabaugh@lcahlaw.com

BY: Rebecca D. Hattabaugh

REBECCA D. HATTABAUGH, ABA#96029
*Attorney for the Defendant/Counter-Plaintiff,*
*Debra Sobolewski*

**CERTIFICATE OF SERVICE**

I, Rebecca D. Hattabaugh, one of the attorneys for the Defendant/Counter-Plaintiff herein, do hereby certify that on October 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will electronically send notification of such filing to the following:

Mr. Mark Cameron
Mr. Michael S. Moore
Friday, Eldredge & Clark, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201
mcameron@fridayfirm.com
mmoore@fridayfirm.com
*Attorneys for Plaintiff, Curo Health Services, LLC d/b/a Gentiva*

Rebecca D. Hattabaugh