Tuesday, October 13, 2026 at 8:40:36 AM Central Daylight Time

**Subject:** RE: 25-2028, Gentiva v. Sobolweski
**Date:** Tuesday, April 1, 2025 at 10:03:00 AM Central Daylight Time
**From:** Mark K. Cameron
**To:** Rebecca Hattabaugh, Erika Esterbrook, Mike S. Moore, Angela McEvoy
**CC:** ARWDdl_Tlbinfo
**Attachments:** image001.jpg

Erika,

We are in agreement with Ms. Hattabaugh. The laptop at issue was sent by FedEx on Friday, March 21, and is set to arrive to Plaintiff's offices today. The parties are working in good faith to have all of the data in Ms. Sobolewski's possession uploaded to a secure OneDrive link for review and inventory by Plaintiff. Defendant has also indicated that she will provide verification/permit inspection to verify that all files have been removed from her personal devices and any personal cloud-based storage.

With the above plan in place, the parties agree that the hearing can be postponed beyond 14 days.

Thank you for your time on this matter.

Best,
Mark

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Tuesday, April 1, 2025 9:43 AM
**To:** Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>; Mike S. Moore <Mmoore@fridayfirm.com>; Mark K. Cameron <mcameron@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Cc:** ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** Re: 25-2028, Gentiva v. Sobolweski

**CAUTION: External Email**



**EXHIBIT "A"**

It is my understanding that FedEx has been attempting to deliver the laptop which was returned by my client on March 21, and that it is scheduled to be delivered today.

It is also my understanding that counsel for Plaintiff has agreed to our plan to share a secured OneDrive link to the files in question and further agree to a continuance of the hearing.

Thank you.

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)

---

**From:** Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>
**Date:** Tuesday, April 1, 2025 at 9:33 AM
**To:** Mike S. Moore <Mmoore@fridayfirm.com>, Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mark K. Cameron <mcameron@fridayfirm.com>
**Cc:** ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** Re: 25-2028, Gentiva v. Sobolweski

Good morning,
The Court would appreciate an update. Thank you!
Erika

---

**Erika Esterbrook**

**Senior Counsel to the Hon. Timothy L. Brooks**

**U.S. District Judge for the Western District of Arkansas**

**35 E. Mountain St.**

**Suite 559**

**Fayetteville, AR 72701**

**479-695-4463**

---

**From:** Mike S. Moore <Mmoore@fridayfirm.com>
**Sent:** Monday, March 31, 2025 7:49 AM
**To:** Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>; Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>; Mark K. Cameron <mcameron@fridayfirm.com>
**Cc:** ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** RE: 25-2028, Gentiva v. Sobolweski

**CAUTION - EXTERNAL:**

Good morning, we spoke with our client over the weekend and they are working with Federal Express to find the laptop. We should have more detail this morning.
We will also reach out to Ms. Hattabaugh this morning to see if we can resolve the issue of the security of the information

MIKE S. MOORE | ATTORNEY

Image removed by sender.

Mmoore@fridayfirm.com | Direct: (501) 370-1526 | Fax (501) 244-5348

400 West Capitol Avenue, Suite 2000

Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1526 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>
**Sent:** Saturday, March 29, 2025 10:36 AM
**To:** Mike S. Moore <Mmoore@fridayfirm.com>; Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>; Mark K. Cameron <mcameron@fridayfirm.com>
**Cc:** ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** RE: 25-2028, Gentiva v. Sobolweski

**CAUTION: External Email**

---

Good morning,
Mr. Moore or Mr. Cameron, would you please provide the Court with an update on the status of the laptop delivery you are tracking?

With regard to Defendant's icloud account that contains the work documents she uploaded, the Court suggests the materials be moved to a commercial cloud server, such as Dropbox, where all attorneys have shared access so that the contents may be inventoried, but not otherwise manipulated or deleted. Counsel should confer with one another as to whether this proposal, or something similar in objective, is feasible, and then please report back to the Court.

Assuming the TRO is complied with in this fashion (or something similar), we will move the hearing beyond the fourteen-day window to a date when Ms. Hattabaugh is back in town after her trip. However, if this proposal is unacceptable, Plaintiff's counsel will need to weigh in on their availability for a hearing within the fourteen-day window of the TRO and with the understanding that we will work around Ms. Hattabaugh's conflict if at all possible.

Best,
Erika

**Erika Esterbrook**
**Senior Counsel to the Hon. Timothy L. Brooks**
**U.S. District Judge for the Western District of Arkansas**
**35 E. Mountain St.**
**Suite 559**
**Fayetteville, AR 72701**
**479-695-4463**

**From:** Mike S. Moore <Mmoore@fridayfirm.com>
**Sent:** Wednesday, March 26, 2025 10:04 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Cc:** Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>; Mark K. Cameron <mcameron@fridayfirm.com>; ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** Re: 25-2028, Gentiva v. Sobolweski

**CAUTION - EXTERNAL:**

Thank you. We are working with FedEx to finalize the delivery. Our tracking information shows that it was shipped by your client last Friday at 5:15 PM
Sent from my iPhone

> On Mar 26, 2025, at 9:48 AM, Rebecca Hattabaugh <rhattabaugh@lcahlaw.com> wrote:

**CAUTION: External Email**

The FedEx tracking number is 791683188795. The tracking information indicates that delivery was attempted yesterday. She shipped it with the label provided to her. Please confirm when it has been received.

Thank you.

Rebecca

<image002.jpg>

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)

---

**From:** Mike S. Moore <Mmoore@fridayfirm.com>
**Date:** Wednesday, March 26, 2025 at 7:35 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>
**Cc:** Mark K. Cameron <mcameron@fridayfirm.com>, ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** RE: 25-2028, Gentiva v. Sobolweski

Ms. Hattabaugh could you please provide the date of shipment and the tracking information

MIKE S. MOORE | ATTORNEY

Image removed by sender.

Mmoore@fridayfirm.com | Direct: (501) 370-1526 | Fax (501) 244-5348
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1526 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Tuesday, March 25, 2025 2:53 PM
**To:** Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>
**Cc:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** Re: 25-2028, Gentiva v. Sobolweski

**CAUTION: External Email**

This will confirm that I represent the Defendant. She has already returned the computer via the return label that was provided by Plaintiff. I can provide tracking information if the Plaintiff has not yet received the device.

It is my understanding that she attempted to transfer some personal files from the computer to her icloud account prior to returning it, and if there was any other transfer of company files it was not intentional. She has not deleted any files from her icloud account pursuant to my instructions. I am not very technologically proficient, but I think there may be a way for her to provide me with access to her icloud account since there is not a physical device to access. I will request that information from my client. Her icloud account will also have a lot of her personal information on it, but I have instructed her to leave the account as is to await further Order of the Court. I will provide her with a copy of the TRO that you provided and relay any further instructions the Court has in this regard.

I received the attached TRO. I am flying out to Los Angeles on the afternoon of April 1 and will be out of the office the remainder of the week attending graduate school visits with my daughter in California and New York. I would respectfully request that the hearing be moved to a different date if possible, for that reason. I am available on March 31. I have another hearing with Judge Brooks on the morning of April 1. My flight to LA is in the afternoon on April 1. I am also available anytime the following week except for a 10 a.m. hearing on April 9 and an 9 a.m. deposition on April 11.

Thank you for your consideration.

Rebecca

<image001.jpg>

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com

rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)

---

**From:** Erika Esterbrook <Erika_Esterbrook@arwd.uscourts.gov>
**Date:** Tuesday, March 25, 2025 at 1:46 PM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Cc:** mcameron@fridayfirm.com <mcameron@fridayfirm.com>, mmoore@fridayfirm.com <mmoore@fridayfirm.com>, ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** 25-2028, Gentiva v. Sobolweski

Dear Ms. Hattabaugh,

Attached please find a file-marked copy of a TRO that was entered today. Plaintiff's counsel advised the Court that you represent the Defendant. Would you please confirm that? Also, please reply to all and advise once you are in possession of the equipment/materials that are to be surrendered.

Best,
Erika

---

**Erika Esterbrook**

**Senior Counsel to the Hon. Timothy L. Brooks**

**U.S. District Judge for the Western District of Arkansas**

**35 E. Mountain St.**

**Suite 559**

**Fayetteville, AR 72701**

**479-695-4463**



**EXHIBIT "A"**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Tuesday, October 13, 2026 at 8:43:45 AM Central Daylight Time**

**Subject:** RE: 25-2028, Gentiva v. Sobolewski
**Date:** Thursday, April 3, 2025 at 3:52:22 PM Central Daylight Time
**From:** Mike S. Moore
**To:** Rebecca Hattabaugh
**CC:** Mark K. Cameron
**Attachments:** image001.jpg

Yes we received. Have not had a chance to access yet

MIKE S. MOORE | ATTORNEY

Mmoore@fridayfirm.com | Direct: (501) 370-1526 | Fax (501) 244-5348
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1526 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Thursday, April 3, 2025 3:47 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION: External Email**

I believe you should have received a link with the files from our office today. Please confirm once you have received them.

Rebecca

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Wednesday, April 2, 2025 at 11:58 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Rebecca,

Following up here on the uploading of the files, do you have a timeline for when we will receive a link to review?



**EXHIBIT "A"**

Tuesday, October 13, 2026 at 8:46:29 AM Central Daylight Time

**Subject:** Re: 25-2028, Gentiva v. Sobolewski
**Date:** Monday, April 21, 2025 at 10:04:24 AM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg

OK. I have asked her not to do anything at this point because I thought you might want to be present or have someone present to watch the deletion of the files. If you prefer for her to go ahead and delete them and then have someone verify that later, we can do that.

Just let me know.

Rebecca

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, April 21, 2025 at 8:37 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Yes the link has worked for us.

With respect to confirming that the files have been deleted from personal devices, we would prefer third-party confirmation. We'll work to coordinate that and follow-up.

-Mark

MARK K. CAMERON | ATTORNEY
Image removed by sender.
mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Wednesday, April 16, 2025 11:33 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski



EXHIBIT "A"

**CAUTION: External Email**

May 20th at 9:00 a.m. works for us.

Can you confirm that the links we provided to the files worked for you? I think you confirmed receipt already but I want to make sure you were able to access the files.

Also, assuming you were able to access the files, what do you want us to do in so far as providing evidence that our client has deleted the files? Do you want our office to do so or would you prefer a third party perform an inspection? Just let me know what you propose.

Rebecca

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Wednesday, April 16, 2025 at 11:19 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Rebecca,

Touching base to see which days of the newly proposed hearing dates work for you and your client. May 20th would be best for us.

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Thursday, April 3, 2025 4:01 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION: External Email**

I am available on Monday through Wednesday of that week. I am not available on Thursday or

**Tuesday, October 13, 2026 at 8:47:47 AM Central Daylight Time**

**Subject:** RE: 25-2028, Gentiva v. Sobolewski
**Date:** Thursday, May 8, 2025 at 11:03:24 AM Central Daylight Time
**From:** Mark K. Cameron
**To:** Rebecca Hattabaugh, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg

Rebecca,

We're looking to see if there's an easier solution at this point. We'll be in touch today or tomorrow about how we can get this piece resolved.

And, I think we're on the same page about the hearing if we can find a good solution for removing the data from her personal device.

Thanks for touching base.

-Mark

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Thursday, May 8, 2025 10:51 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION:** External Email

Do you have any additional information about this proposal for me to relay to my client?

If we can get this issue resolved, is there any need for us to have a hearing on May 20?

Thanks,

Rebecca



**EXHIBIT "A"**

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Date:** Monday, May 5, 2025 at 4:00 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

Mark,

Before my client responds as to whether we can agree to this proposal, I would like to have some more information about how they propose to conduct the review and what the anticipated cost would be. I am not familiar with Avansic.

Do you have a contact number for someone I could speak with at Avansic? Or would you prefer to provide us with the additional information needed?

Just to be clear, after the documents were transferred, they were not deleted. If you want me to have Debbie delete them, I can do that, but I did not want her to do anything more without obtaining express permission to do so.

Rebecca

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Wednesday, April 30, 2025 at 10:52 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Rebecca,

We have hired Avansic to conduct forensic review of the company laptop in this matter. After consulting them on this issue, we believe the best option to ensure deletion is to have Avansic conduct a review of Ms. Sobolewski's personal devices that contain the documents at issue to confirm deletion.

The cost of this review would be billed directly to Ms. Sobolewski.

Let us know your thoughts.

Best,
Mark

MARK K. CAMERON | ATTORNEY

Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379

400 West Capitol Avenue, Suite 2000

Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Monday, April 21, 2025 10:04 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION: External Email**

OK. I have asked her not to do anything at this point because I thought you might want to be present or have someone present to watch the deletion of the files. If you prefer for her to go ahead and delete them and then have someone verify that later, we can do that.

Just let me know.

Rebecca

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, April 21, 2025 at 8:37 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Yes the link has worked for us.

With respect to confirming that the files have been deleted from personal devices, we would prefer third-party confirmation. We'll work to coordinate that and follow-up.

-Mark

MARK K. CAMERON | ATTORNEY

Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379

400 West Capitol Avenue, Suite 2000

Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have

**Subject:** Re: 25-2028, Gentiva v. Sobolewski
**Date:** Monday, May 12, 2025 at 2:39:30 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg, image002.jpg

I have another suggestion. Run this by your folks at Avansic and see if this will work. She could allow them to remotely access her computer and OneDrive account at a designated time. They should be able to see everything that they need to see from their end and delete the necessary files while she is online with them. That would be more convenient, and she would not have to be without her computer. Let me know if that will work.

I did verify that she did not put anything on the hard drive. She was attempting to save some documents to it from her computer, but it would not allow her to do so. That is the reason she eventually used OneDrive. She still has the flash drive, and she could insert it into the computer during the examination so the absence of information could be verified.

She brought up an additional issue today that I should have considered. We have exchanged emails on her computer and those are obviously privileged. She has also saved things to her computer from our correspondence. We are obviously not agreeable to you having access to those documents nor your retained expert.

We would need to remove or restrict any personal email accounts of hers from the computer before allowing access as well as any attorney client privileged documents. I wanted to bring this to your attention in case we do need to have a hearing on how we should deal with that issue since it was not discussed.

Thanks,

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, May 12, 2025 at 12:16 PM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Rebecca,

Thanks for jumping on a call today.

As we discussed, in exchange for agreeing to forego the hearing next week, we would need the attached signed and notarized by your client.

With respect to the cost of review by Avansic, Gentiva will cover the cost at this time but does not waive its right to seek recovery of any and all costs incurred to ensure the deletion of its confidential and trade secret information from Ms. Sobolewski's OneDrive and personal devices.

Let us know if you have any questions.

-Mark

MARK K. CAMERON | ATTORNEY

Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379

400 West Capitol Avenue, Suite 2000

Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Monday, May 12, 2025 11:14 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION: External Email**

Tuesday, October 13, 2026 at 8:49:26 AM Central Daylight Time

**Subject:** Re: 25-2028, Gentiva v. Sobolewski
**Date:** Monday, May 12, 2025 at 4:08:13 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg

I will relay this to my client, but I think we may need the court's guidance if you are contending that Avansic needs access to all of Ms. Sobolewski's personal email accounts with no limitation as to time.

I will relay your proposal to my client and let you know.

Rebecca

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, May 12, 2025 at 4:00 PM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Rebecca,

These are good insights that we need to think through. From our end, we are concerned both about deleting the information and preserving computer activity data that would confirm that the files did not leave her one drive, computer, or USB—whatever the case may be—and end up somewhere else. To do that will require more than just a brief remote access session. Ms. Sobolewski's actions have put this data at issue in this case and what she has done with that information is relevant to both our claims and her defenses. We think it's beneficial to find a way to preserve that information soon before this becomes a spoliation issue.

I've spoken to Avansic and my understanding is that to capture the data relevant to perform its review will require Avansic to physically have the laptop for at least one to two days. We would like Avansic to keep the laptop for as long as it needs to ensure that it is able to capture all data necessary to complete its review and ultimately delete all of Gentiva's confidential information from the laptop—they've told us that they would need one to two weeks with the laptop. We're open to finding a way to get the laptop back to Ms. Sobolewski during this process, but keep in mind that any data that is altered or deleted prior to Avansic completing its review would be a spoliation issue.

Let us know if you have a proposed compromise on that issue.

Avansic has dealt with the attorney-client privilege concerns and has notified us that all they would need is name/email addresses for you to exclude attorney-client privilege communications from the review universe and a list of item pathways and/or file names that fall under the privilege.



EXHIBIT "A"

Thanks,
Mark

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Monday, May 12, 2025 2:39 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION: External Email**

I have another suggestion. Run this by your folks at Avansic and see if this will work. She could allow them to remotely access her computer and OneDrive account at a designated time. They should be able to see everything that they need to see from their end and delete the necessary files while she is online with them. That would be more convenient, and she would not have to be without her computer. Let me know if that will work.

I did verify that she did not put anything on the hard drive. She was attempting to save some documents to it from her computer, but it would not allow her to do so. That is the reason she eventually used OneDrive. She still has the flash drive, and she could insert it into the computer during the examination so the absence of information could be verified.

She brought up an additional issue today that I should have considered. We have exchanged emails on her computer and those are obviously privileged. She has also saved things to her computer from our correspondence. We are obviously not agreeable to you having access to those documents nor your retained expert.

We would need to remove or restrict any personal email accounts of hers from the computer before allowing access as well as any attorney client privileged documents. I wanted to bring this to your attention in case we do need to have a hearing on how we should deal with that issue since it was not discussed.

Thanks,

Rebecca

**Tuesday, October 13, 2026 at 8:49:41 AM Central Daylight Time**

---

**Subject:** RE: 25-2028, Gentiva v. Sobolewski
**Date:** Monday, May 12, 2025 at 4:28:54 PM Central Daylight Time
**From:** Mark K. Cameron
**To:** Rebecca Hattabaugh, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg

For purposes of this review, I don't believe we need access to personal email accounts. I addressed that in case there were items saved to her computer as you mentioned in your previous email. If we believe we need access to personal email, we'll make that request later down the road. But, your client should be on notice to preserve all data related to this litigation while it's ongoing, including personal emails.

For this review we would be pulling the data that is locally stored on the computer to review where the files were saved and if they have been moved and then to delete the relevant files.

-Mark

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Monday, May 12, 2025 4:08 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION: External Email**

---

I will relay this to my client, but I think we may need the court's guidance if you are contending that Avansic needs access to all of Ms. Sobolewski's personal email accounts with no limitation as to time.

I will relay your proposal to my client and let you know.

Tuesday, October 13, 2026 at 8:50:18 AM Central Daylight Time

**Subject:** Re: 25-2028, Gentiva v. Sobolewski
**Date:** Tuesday, May 13, 2025 at 4:10:18 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg, image002.jpg

My client has significant reservations about turning over her personal computer for a forensic analysis. She apparently assists family members with their taxes so she has hers and others' personal financial information, log ins to bank accounts, etc. It is our understanding that those types of logins would be recoverable even if she deleted the passwords so she could be exposing herself to liability on that end. She may be particularly sensitive to that since she is in a federal lawsuit due to similar circumstances and wants to make sure she is protecting any sensitive information.

With that and the fact that there are attorney client privileged documents on the computer, it may be best to have the Court's guidance and an order which sets forth the scope of the permitted review. We would obviously be more comfortable with a provider of our choosing or one that is jointly selected or appointed by the Court and receives directions from the Court as to what the scope is since the parties are in active litigation. We certainly do not want to do anything that would waive attorney client privilege.

I think we should just keep the hearing at this point unfortunately.

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>



**EXHIBIT "A"**

Tuesday, October 13, 2026 at 8:51:16 AM Central Daylight Time

---

**Subject:** RE: 25-2028, Gentiva v. Sobolweski - MOTION HEARING
**Date:** Thursday, May 15, 2025 at 8:57:22 AM Central Daylight Time
**From:** Mark K. Cameron
**To:** Sheri Craig, Rebecca Hattabaugh, Mike S. Moore, Sarah Smith
**CC:** ARWDdl_Tlbinfo
**Attachments:** image001.jpg

Sheri,

The parties have conferred and reached an agreement that resolves the need for the temporary injunction hearing scheduled for May 20th. Ms. Sobolewski has returned the company laptop and has agreed to comply with restrictions on use and disclosure of any data remaining on personal devices or in cloud storage while the parties work to preserve the electronic data at issue in this case prior to complete deletion of the data from these storage devices. Both parties feel comfortable with this approach at this time, but Gentiva does reserve its right to have the Court reset a hearing date for its motion for preliminary injunction should the need arise.

Please let us know if the Court needs additional information.

Best,
Mark

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Sheri Craig <Sheri_Craig@arwd.uscourts.gov>
**Sent:** Wednesday, April 16, 2025 2:03 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Sarah Smith <ssmith@fridayfirm.com>
**Cc:** ARWDdl_Tlbinfo <tlbinfo@arwd.uscourts.gov>
**Subject:** RE: 25-2028, Gentiva v. Sobolweski - MOTION HEARING

**CAUTION: External Email**

---

Thank you! --Sheri



**EXHIBIT "A"**

Tuesday, October 13, 2026 at 8:52:32 AM Central Daylight Time

**Subject:** Re: 25-2028, Gentiva v. Sobolewski
**Date:** Friday, May 30, 2025 at 5:12:09 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg, image002.jpg

Sorry Mark. I have been out of the office all week. There are no company documents on her personal computer. They are solely on the One Drive and they are labeled as they are on the files we sent to you. Some of the documents on the One Drive are personal.

What I would propose is that we identify a third party and we draft a joint scope of work for what they are to do. It should be nothing more than identifying and deleting any company files from her OneDrive account and making sure that no company files were backed up to her personal computer. Does that sound right to you?

I will give some thought and try to get a recommendation of a third party. If you have one you want to propose, other than Avansic, let me know. My issue with Avansic is primarily the fact that they are already working on the case on behalf of Gentiva on other issues, and I would prefer a neutral party who is not aligned with either side.

Thanks,

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)



EXHIBIT "A"

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Thursday, May 29, 2025 at 11:10 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Rebecca,

Following up here. Please let us know if we can move forward with using Avansic to review your client's laptop, OneDrive, and thumb drives, or if you have another provider to propose.

-Mark

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Mark K. Cameron
**Sent:** Friday, May 23, 2025 3:50 PM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: 25-2028, Gentiva v. Sobolewski

Rebecca,

We want to restart the conversation here on the preservation of data on Ms. Sobolewski's personal computer. You indicated that you would like to identify a third-party (outside of Avansic) to handle the review. Is there anyone you have in mind?

Additionally, you expressed concern about financial and tax information of family members on her laptop. I believe that we can instruct the third-party provider not to pull any of that information. If some of it does get picked up, perhaps an attorney eyes only agreement or protective order with respect to the personal, financial, and tax information of those individuals would be sufficient to resolve any concern.

We would like to get this sorted out soon so that we can preserve that information and have the

**Subject:** RE: 25-2028, Gentiva v. Sobolewski
**Date:** Tuesday, June 10, 2025 at 7:53:03 AM Central Daylight Time
**From:** Mark K. Cameron
**To:** Rebecca Hattabaugh, Mike S. Moore, Angela McEvoy
**Attachments:** image001.jpg

I would add to that scope examining whether any of the files were transferred to any other device/individual from her OneDrive. We will also need a review of the USB drives at issue to ensure no data was moved to/is on those.

Looks like there is a company called Guardian Forensics that has an office in Fort Smith. After asking around, they seem to be a good option.

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Friday, May 30, 2025 5:12 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>; Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: 25-2028, Gentiva v. Sobolewski

**CAUTION: External Email**

Sorry Mark. I have been out of the office all week. There are no company documents on her personal computer. They are solely on the One Drive and they are labeled as they are on the files we sent to you. Some of the documents on the One Drive are personal.

What I would propose is that we identify a third party and we draft a joint scope of work for what they are to do. It should be nothing more than identifying and deleting any company files from her OneDrive account and making sure that no company files were backed up to her personal computer. Does that sound right to you?

I will give some thought and try to get a recommendation of a third party. If you have one you want to propose, other than Avansic, let me know. My issue with Avansic is primarily the fact that they are already working on the case on behalf of Gentiva on other issues, and I would prefer a neutral

**Subject:** Re: Digital Forensics; Gentiva v. Sobolewski
**Date:** Monday, July 7, 2025 at 10:11:20 AM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore

So in looking at this, there are clearly some things that are not company documents, such as the jpg files with titles such as Wedding photos, Debbie and family, Abby wedding, Anna Halloween, etc.

I do not see any reason to have Guardian search for documents that are personal in nature. Do you disagree? Have you performed any analysis of the documents you contend are trade secret/proprietary information because it appears a lot of these files are not. It seems like we ought to at least eliminate from the search the items which are clearly not company related documents.

Rebecca

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Thursday, July 3, 2025 at 9:34 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: Digital Forensics; Gentiva v. Sobolewski

Rebecca,

Attached is a first draft. Please review and provide any edits or thoughts you have. I plan to rely on Alvey for any areas that we may not have fully covered for his purposes.

Thanks,
Mark

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Monday, June 30, 2025 11:55 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>



EXHIBIT "A"

**Subject:** Re: Digital Forensics; Gentiva v. Sobolewski

**CAUTION: External Email**

Yes. Tomorrow or Thursday are good for me.

Rebecca

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, June 30, 2025 at 11:53 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: Digital Forensics; Gentiva v. Sobolewski

Yes, is there a day/time this week that works well for you?

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Monday, June 30, 2025 11:20 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** FW: Digital Forensics; Gentiva v. Sobolewski

**CAUTION: External Email**

Do we want to schedule a call to discuss the scope with them?

Thanks,

Rebecca

**From:** Guardian Forensics <alvey@guardian-forensics.com>
**Date:** Monday, June 23, 2025 at 2:43 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>
**Cc:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>

**Subject:** Re: Digital Forensics; Gentiva v. Sobolewski

Attached is the CV and retainer agreement.

**Alvey Matlock**
Principal Consultant, Digital Forensics Expert
Guardian Forensics, Unlocking The Truth
Civil | Criminal | Corporate Investigations

(479) 926-4340 | 1(800) 403-0442
alvey@guardian-forensics.com
www.guardian-forensics.com

"PRIVILEGED & CONFIDENTIAL: This e-mail is intended only for the person or entity to whom it is directed. It may contain information that is attorney/client privileged, confidential or exempt from disclosure. Dissemination or copying of this e-mail other than by the intended recipient or its duly designated employee or agent is prohibited. If you are not the intended recipient, please notify us immediately and permanently delete this e-mail and any attachments.

On Mon, Jun 23, 2025, 2:01 PM Mark K. Cameron <mcameron@fridayfirm.com> wrote:

> Alvey,
>
> Thank you for the brief call today. As I noted, we are looking for a neutral party to review some electronic files on a laptop and OneDrive. I've looped in opposing counsel, Rebecca Hattabaugh, and my Partner, Mike Moore.
>
> Can we set a time to connect via zoom and discuss the details of the project?
>
> Thanks,
> Mark
>
> MARK K. CAMERON | ATTORNEY
> Image removed by sender.
>
> mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
> 400 West Capitol Avenue, Suite 2000
> Little Rock, Arkansas 72201-3522 | www.FridayFirm.com
>
> This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**Subject:** Re: Gentiva
**Date:** Tuesday, July 29, 2025 at 8:55:14 AM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore
**Attachments:** image001.jpg, image002.jpg

Mark,

I am attempting to do what you asked me to do. I am not technically proficient enough to do it, so I am having someone assist me with it. This is an attempt on my part to make the review of documents easier for you so that you can determine that the documents are personal in nature. It is going to have to be done at some point in this litigation, so I think it will be beneficial for all of us to try to come up with an agreed list of personal documents versus ones that were acquired from the company's OneDrive. Many of these include college coursework for courses Debbie attended, her personal medical records, family photos, quotes she has found inspirational, recipes, health tips, and her father's financial and medical information. I hope there will not be much dispute about these types of documents or their source, and the fact that Guardian does not need to search for these documents on her personal computer as I cannot imagine what that would accomplish. If you do not agree with this approach, we probably ought to have a hearing.

I do want to correct one thing that you said in a prior email. Debbie did not download these documents to the company OneDrive. They were downloaded to the work computer which has been returned to you and has been examined. They were also transferred to her Personal OneDrive. You have a copy of the Personal OneDrive.

I am hoping we can get it wrapped up this week.

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)



EXHIBIT "A"

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Tuesday, July 29, 2025 at 8:34 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: Gentiva

Rebecca,

When will we receive a response to my email below?

Thanks,
Mark

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Mark K. Cameron
**Sent:** Tuesday, July 15, 2025 11:38 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: Gentiva

Rebecca,

We're willing to exempt truly personal files such as family photos, correspondence with family/friends, personal financial information, etc. But a lot of this appears to be work-related materials that were developed during and as part of Ms. Sobolewski's employment and added to Gentiva's computer and OneDrive as part of her work with Gentiva. This would include the templates, leadership materials, etc. that are not personal to Ms. Soboloweski. While we're willing to work in good faith to make an exception for certain truly personal documents, the list of 2,000 documents is too unwieldy to efficiently verify and keep the forensic review moving forward in a timely manner.

Like I mentioned previously, the fact that these documents were saved in Gentiva's OneDrive and on Gentiva's laptop makes them Gentiva data. Gentiva's handbook made clear to employees that they should not expect any privacy with respect to data stored on or transferred using Gentiva hardware or electronic systems. Moreover, given your client's level in the company and her IT background, she was undoubtedly aware that at the time she transferred these files, she was not supposed to be accessing Gentiva's systems. Had she not improperly and unlawfully accessed their systems, she would not have any of these documents in her possession. Please don't misunderstand our willingness to work in good faith with Ms. Sobolewski so that she may preserve items of personal significance as an acknowledgment that she is entitled to any of the documents at issue.

I propose that your client reduce the list to only those documents that are personal and irreplaceable (i.e. if the same photos exist on her phone or another hard drive, they should not be included) and that you resend the documents themselves for our review. At this time, we've found it difficult to match up the documents in the current list with the documents that we have on file. Resending a new set of documents will ensure we're all looking at the same files.

Thanks,
Mark

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Friday, July 11, 2025 3:07 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** FW: Gentiva

**CAUTION: External Email**

---

As you requested, I had my client go through and attempt to identify personal files that she did not obtain from Gentiva. There are some templates that she used in her work, but she bought those herself. As you will see there are over 2000 files that we contend are entirely personal in nature; it is not merely a handful of documents. The documents have already been produced to you so you should be able to verify that they did not come from Gentiva.

We are not agreeable to Guardian conducting a search on Debbie's own computer for files that did not come from Gentiva. I am not sure what that would accomplish, and it is a waste of time. How

will it help prove your claim if you prove that Debbie downloaded a family photo or recipe to her work computer, and she has the same photo or recipe on her personal computer? These are not files that she downloaded from the company One Drive. They clearly came from other sources, and they are not Gentiva's property. Let's not abandon all reason.

In short, I think the search should be limited to documents that you legitimately claim at least came from Gentiva rather than a public source or Debbie herself. Hopefully, you can agree that is the proper scope.

Please review the list and documents and let me know if you contend any of the documents listed were sourced from Gentiva or constitute the property of Gentiva.

Thanks,

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)

Tuesday, October 13, 2026 at 9:09:13 AM Central Daylight Time

**Subject:** Sobolewski Index
**Date:** Thursday, August 7, 2025 at 2:39:45 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron
**Attachments:** image001.jpg

We have created an index with direct links to the documents themselves that Debbie has indicated are personal in nature. I do not really think that there will be much to dispute. Many of the files contain family photos, course work from college classes, inspirational quotes, recipes and any number of things that are not in any way related to Gentiva. The index with the direct links will make it significantly easier to view the documents to determine the nature of the content involved.

There are some things that are sensitive in nature including personal health information, financial information, and social security numbers which needs to be protected. I was thinking for some reason that we had a protective order already in place, but I did not see one. Do you have any objection to the entry of an order in this regard?

I think up until this point what we have done has been pursuant to the Court's orders, and I do not want to produce documents without a court order to the extent that could be viewed as a voluntary disclosure leaving the documents unprotected from further dissemination.

Let me know your thoughts on this.

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)



EXHIBIT "A"

Tuesday, October 13, 2026 at 9:09:28 AM Central Daylight Time

**Subject:** FW: Sobolewski
**Date:** Friday, August 8, 2025 at 10:07:49 AM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Angela McEvoy
**Attachments:** Sobolewski Index of Personal Docs.docx, image001.jpg

Attached is the index of files with links to facilitate the viewing of the documents that my client contends were solely personal in nature.

This is not intended to be an exhaustive list of all the files which are personal and not company documents, but these were ones that we feel can easily be determined to be non company documents or files. Some of the files contain a number of discreet images such as photos from a Disney World trip, so there are a number of files that we believe should be excluded from being lumped in with the other work documents so that the search for files that you contend are work related can be appropriately narrowed. These are also files that our client would like to retain and not be required to delete from her One Drive account.

These are produced with the understanding that the parties have agreed that a Protective Order should be entered and will abide by the provisions of the Court's standard protective order with regard to these documents. Some of the documents which you have already received pursuant to the Court's Order contain sensitive, personal, financial, confidential and medical information of my client and others as well as images of persons who are not parties to this case, and this will confirm that the documents included with this index should be kept confidential.

Let me know if you can agree that these documents are personal to Ms. Sobolewski and not the property of Gentiva.

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)



EXHIBIT "A"

**Tuesday, October 13, 2026 at 9:16:13 AM Central Daylight Time**

---

**Subject:** FW: Digital Forensics; Gentiva v. Sobolewski
**Date:** Monday, June 1, 2026 at 2:57:55 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Angela McEvoy
**Attachments:** GF Search Terms.xlsx

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Thursday, July 3, 2025 at 2:13 PM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: Digital Forensics; Gentiva v. Sobolewski

I have a list of the file names (attached) that will likely work as the search list for purposes of this analysis. We'll need to confirm that with Alvey, but that's my thought at this point.

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Thursday, July 3, 2025 1:30 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** Re: Digital Forensics; Gentiva v. Sobolewski

**CAUTION: External Email**

---

What do you propose for the attached list?

Thanks,

Rebecca

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Thursday, July 3, 2025 at 9:34 AM



**EXHIBIT "A"**

**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: Digital Forensics; Gentiva v. Sobolewski

Rebecca,

Attached is a first draft. Please review and provide any edits or thoughts you have. I plan to rely on Alvey for any areas that we may not have fully covered for his purposes.

Thanks,
Mark

MARK K. CAMERON | ATTORNEY
Image removed by sender.

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Sent:** Monday, June 30, 2025 11:55 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>; Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** Re: Digital Forensics; Gentiva v. Sobolewski

**CAUTION: External Email**

---

Yes. Tomorrow or Thursday are good for me.

Rebecca

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, June 30, 2025 at 11:53 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Mike S. Moore <Mmoore@fridayfirm.com>
**Subject:** RE: Digital Forensics; Gentiva v. Sobolewski

Yes, is there a day/time this week that works well for you?

MARK K. CAMERON | ATTORNEY
Image removed by sender.



**EXHIBIT "A"**

**Subject:** Guardian Review
**Date:** Wednesday, June 17, 2026 at 12:36:41 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore
**Attachments:** image001.jpg

I met with Alvey yesterday, and he delivered a drive to me. Based upon my conversation with him, I think he completely misunderstood the assignment, and I am hoping that you agree.

I think what he has done is made a physical copy of every file that was on Debbie's personal computer from the beginning of time and has excluded only the excluded files, images and attorney client emails.

I know that you asked him to capture all that was on her PC in the event further evaluation was needed at some point, but it was never my intention and I am not in agreement to turn over all of the contents of her PC to you. First, I think that is well beyond the scope of discovery, and it would require me to review all of it to determine if there is anything that should not be turned over for any reason. I assume that there is a lot of financial information, personal information, medical information, etc. and so on.

To give you an idea of the scope of what that review would entail, it has taken 24 hours to attempt to download the information to our system, and we were not able to download all of it for some reason. I expect it would take me weeks to try to try to review it all. Just based upon what I saw the files go back for many years.

I have not even attempted to review the files yet, but I do not see any way for me to accomplish any meaningful review before the approaching deadlines so I wanted to give you a heads up.

Let me know if you want to set up a call to discuss. If you intend to assert that you are entitled to all contents of her personal computer, I will definitely want a hearing.

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh



EXHIBIT "A"

**Subject:** Second report
**Date:** Wednesday, June 24, 2026 at 5:39:54 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Alvey Matlock (Guardian Forensics), Mark K. Cameron, Angela McEvoy
**Attachments:** image001.jpg

First off, I will admit that I am technologically disadvantaged. I have begun reviewing the drive, and I do not understand what it is supposed to represent. It appears that it contains a lot of personal files which should not have been located in a search of the specific files that were on the work OneDrive. I know that there is new stuff here which was not within the 5000 files at issue in this lawsuit so there must be something wrong with our search parameters. Debbie and her husband shared the PC and it appears there are loads of documents pertaining to his business. There are many personal and financial documents. There are also scores of photos which I thought we were excluding from the search. There are also documents from this case, which could not have been within the 5000 files which are at issue because they did not exist at the time the files were transferred. There are something like 127,000 files. I have not opened all of them. Some of them will not open. There is a reference to 180,000 plus search terms in the Excel spreadsheet. I understood that the files we are searching for are 3000 or so files. The 5000 files minus the 2000 personal files and photographs. It appears to me that the search parameters are too broad since it appears they are capturing documents that have nothing to do with this case.

If we give you an actual drive containing the files at issue would that work better?

Rebecca

LEDBETTER
LEDBETTER \ COGBILL \ ARNOLD \ HARRISON, LLP

Rebecca D. Hattabaugh
622 Parker Avenue
Fort Smith, AR. 72901
www.lcahlaw.com
rhattabaugh@lcahlaw.com
479-397-0126 (direct)
479-782-1493 (fax)



EXHIBIT "A"

**Subject:** Re: Second report
**Date:** Monday, June 29, 2026 at 10:17:33 AM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Alvey Matlock (Guardian Forensics), Mark K. Cameron
**CC:** Angela McEvoy
**Attachments:** image001.jpg

Again, I do not think that the search term approach is working. We are looking for particular documents or files.

The search terms appear to be pulling in a lot of documents that are not pertinent to the case that we do not have time to wade through.

Rebecca

**From:** Alvey Matlock (Guardian Forensics) <alvey@guardian-forensics.com>
**Date:** Monday, June 29, 2026 at 10:04 AM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>
**Cc:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: Second report

Mark,

What are your thoughts on narrowing the keyword list from nearly 5,000 search terms down to a prioritized list of the top 20, 30, or top 50 terms?

My thought is to use that smaller set to perform a sample analysis and evaluate the quality of the results. This would allow us to determine whether refining the search criteria significantly reduces false positives and other non-relevant hits before we spend additional time reviewing a much larger dataset.

If the sampling produces meaningful results, we can either expand the list incrementally or refine the remaining search terms based on what proves to be most relevant.

I think this approach could make the review process much more efficient while ensuring we focus on the highest-value evidence first.

Regards,

**Alvey Matlock**
Principal Consultant, Digital Forensics Expert
Guardian Forensics, Unlocking The Truth
Civil | Criminal | Corporate Investigations

(479) 926-4340 | 1(800) 403-0442
alvey@guardian-forensics.com
www.guardian-forensics.com



EXHIBIT "A"

| | |
|---|---|
| **Subject:** | Re: File sharing |
| **Date:** | Tuesday, July 7, 2026 at 1:36:06 PM Central Daylight Time |
| **From:** | Alvey Matlock (Guardian Forensics) |
| **To:** | Mark K. Cameron |
| **CC:** | Rebecca Hattabaugh, Angela McEvoy |
| **Attachments:** | image001.jpg, Report.html, Top 30 Keywords search results.docx |

Mark and Rebecca,

Please see the two attached reports. In particular, I recommend reviewing the **HTML report**, as it provides additional insight into why the initial round of keyword searches generated such a large number of hits.

The report identifies several search terms that produced a disproportionately high number of results and appear to be responsible for the majority of the responsive and potentially false-positive hits. I recommend considering the removal of these broad search terms and then rerunning the keyword search. Doing so should significantly reduce the volume of non-responsive results and produce a more refined report for Rebecca's privilege review.

**FYI:** Depending on your browser and security settings, you may need to save the HTML report to your desktop before opening it.

After you've had an opportunity to review the reports, we can discuss whether refining the keyword list is appropriate before proceeding with the next round of reporting.

Thank you,

**Alvey Matlock**
Principal Consultant, Digital Forensics Expert
Guardian Forensics, Unlocking The Truth
Civil | Criminal | Corporate Investigations

(479) 926-4340 | 1(800) 403-0442
alvey@guardian-forensics.com
www.guardian-forensics.com

"PRIVILEGED & CONFIDENTIAL: This e-mail is intended only for the person or entity to whom it is directed. It may contain information that is Protected Work Product, attorney/client privileged, confidential or exempt from disclosure. Dissemination or copying of this e-mail other than by the intended recipient or its duly designated employee or agent is prohibited. If you are not the intended recipient, please notify us immediately and permanently delete this e-mail and any attachments.

On Thu, Jul 2, 2026 at 11:16 AM Mark K. Cameron <mcameron@fridayfirm.com> wrote:

> Alvey,

**Subject:** Re: File sharing
**Date:** Monday, July 20, 2026 at 3:15:55 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Alvey Matlock (Guardian Forensics)
**CC:** Angela McEvoy
**Attachments:** image001.jpg

I think you also received a copy of what I received. Still not what we need. One of the search terms is my client's last name which is responsible for a large number of the hits.

I still think that we need to limit the search to the actual files. I have no idea how to do that but what we are getting is not what we need. I think we need to scrap the protocol and try again.

Mark, I thought you were going to provide a clean or cleaner copy of the files from the computer. I can provide a copy of the files from what I have but we have accessed the documents and prepared the summary linked documents which we shared.

Rebecca

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, July 20, 2026 at 3:02 PM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Alvey Matlock (Guardian Forensics) <alvey@guardian-forensics.com>
**Cc:** Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** RE: File sharing

Rebecca and Alvey,

Following up here to see where we are on this. I was out of office last week and want to make sure this is still moving forward. Is there anything pending for me to provide or is Rebecca currently reviewing the limited report?

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have

**Subject:** Re: File sharing
**Date:** Tuesday, August 4, 2026 at 5:51:51 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** alvey, Mark K. Cameron
**CC:** Angela McEvoy
**Attachments:** image001.jpg, image.png

I still do not think this will work. We do not want to review 10,000 records on her computer that contain key words. I guess I will speak for myself but I do not want to review 10,000 documents to try to ascertain if they are or are not the 4999 files at issue and then determine which are part of the 2000 files we agreed to exclude from the review.

We want to know if the actual files at issue exist on the devices. There are about 3000 documents total when the 2000 files are excluded. Then we want to know when they were accessed or modified. Is that something we can do?

I know that may not be consistent with the original scope of review, but I think that is what we meant for it to be.

Thanks,

Rebecca

**From:** Alvey Matlock (Guardian Forensics) <alvey@guardian-forensics.com>
**Date:** Tuesday, August 4, 2026 at 5:06 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>
**Cc:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: File sharing

The original keyword search consisted of 4,999 search terms with a date range filter of October 24, 2024, through September 4, 2025, which produced a total of 140,506 records for review.

Based on the HTML report I provided on July 9, 2026, I removed the four highest-frequency search terms that were responsible for the majority of the false-positive results. After excluding these terms, the search results were reduced to **10,096 records**, representing a **92.8% reduction** in the volume of records requiring review.

The remaining records include potentially relevant documents as well as forensic artifacts reflecting how files were created, accessed, modified, copied, transferred, or otherwise interacted with during the relevant time period.

The four excluded search terms were:

1. **Sobolewski**
2. **css**
3. **preview**
4. **thumbnail**

This refinement significantly reduces the review population while preserving a focused set of potentially relevant evidence. It also makes the review process substantially more efficient and cost-effective without materially impacting the forensic objectives of the examination.

I also filter the evidence and can see the 10k hits are divided between two pieces of evidence as shown belong which further addresses Mark's earlier consider about the USB evidence.

1) Laptop 1TB has 4,814 of the 10k records

2) debbiesobolewski@gmail has 5,117 hits

3) USB Labeled P has 75 hits

4) USB labeled W has 90 hits



Principal Consultant, Digital Forensics Expert
Guardian Forensics, Unlocking The Truth
Civil | Criminal | Corporate Investigations

(479) 926-4340 | 1(800) 403-0442
alvey@guardian-forensics.com
www.guardian-forensics.com

"PRIVILEGED & CONFIDENTIAL: This e-mail is intended only for the person or entity to whom it is directed. It may contain information that is Protected Work Product, attorney/client privileged, confidential or exempt from disclosure. Dissemination or copying of this e-mail other than by the intended recipient or its duly designated employee or agent is prohibited. If you are not the intended recipient, please notify us immediately and permanently delete this e-mail and any attachments.

On Tue, Aug 4, 2026 at 4:41 PM Mark K. Cameron <mcameron@fridayfirm.com> wrote:

Alvey,

If you think that removing the ones with the most hits would reduce the burden and result in an accurate forensic review, then I'm open to that.

-Mark

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 501-370-1578 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

**From:** Alvey Matlock (Guardian Forensics) <alvey@guardian-forensics.com>
**Sent:** Tuesday, August 4, 2026 4:35 PM
**To:** Mark K. Cameron <mcameron@fridayfirm.com>
**Cc:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>; Angela McEvoy <amcevoy@lcahlaw.com>

**Subject:** FW: File sharing
**Date:** Wednesday, August 5, 2026 at 3:48:13 PM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron
**Attachments:** image001.jpg, image.png, image.png, Exported results.xlsx

I have not had time to review this thoroughly, but I did immediately notice that there are file names as hits that should have been excluded, such as photos, 50 states Marathon, Amazon images. If I am missing something, please try to explain it to me.

Let me know your thoughts but I remain unconvinced that this strategy is working.

Rebecca

---

**From:** Alvey Matlock (Guardian Forensics) <alvey@guardian-forensics.com>
**Date:** Wednesday, August 5, 2026 at 10:18 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Cc:** Mark K. Cameron <mcameron@fridayfirm.com>, Angela McEvoy <amcevoy@lcahlaw.com>
**Subject:** Re: File sharing

Mark and Rebecca,

I believe I can provide a revised Excel report that better aligns with the concerns raised regarding the initial keyword search production. Based on both parties' comments, I want to clarify that the agreed keyword searches are intended to identify not only responsive documents, but also the associated forensic artifacts that provide context regarding those documents. These artifacts may identify where a document was located, the evidence source in which it was found, available metadata (such as creation, modification, and access dates), and, where applicable, operating system artifacts that may reflect user interaction or activity related to the document. The accompanying Excel report is organized to present this information in a structured format. If requested, I can then perform a forensic analysis of the responsive results and associated artifacts and prepare a summary report addressing observations regarding document existence, metadata, and any relevant user activity supported by the evidence.

Rather than producing reports containing embedded document content, the revised Excel report contains metadata only. It organizes the responsive results into discrete forensic artifact categories and identifies the actual files, forensic artifacts, and evidence sources in which the agreed search terms were located. Additionally, after applying the original protocol's exclusion of multimedia files, the original report has been reduced by an additional 2,206 records, further narrowing the data set for review.

**See screenshot:** The responsive search results associated with documents which accounts for 1,152 documents and 5,170 documents located in a OneDrive Cloud account, and emails & attachments with possible relevant hits. These records originate from the following preserved evidence items and a screenshot listing the most important documents and their file types is also included.

**Subject:** FW: invoices
**Date:** Thursday, September 3, 2026 at 10:46:15 AM Central Daylight Time
**From:** Rebecca Hattabaugh
**To:** Mark K. Cameron, Mike S. Moore, Angela McEvoy

Mark,

Thanks for reaching out. My client has had a death in the family and is out of town this week. We have communicated about the issue, but I do not have a firm decision. Having invested over $6000 in the process and being asked for at least $4000 more, or $20,000 total, I am questioning what we are gaining from this review and whether it is necessary or will eventually net a usable result. I am also concerned that whatever information we get is likely to have to be further refined, may require additional discovery and depositions and we will not have time to conduct that discovery within our current discovery deadline to allow this case to proceed to trial as scheduled.

We have thus far gotten two reports which did not contain any usable data. I have repeatedly pointed this out, but current search parameters continue to focus on a key word search which netted 180,000 plus "hits" and then attempts to exclude the unrelated hits piece by painstaking piece. The results to date have yielded a large number of unrelated personal documents which have absolutely nothing to do with your client. Our current goal as I understand it if we continue to fund the research, is to exclude some search terms to get the documents down to a more feasible number but it appears likely that unrelated documents will still be included, there just won't be as many. Then I will have to review the documents to determine whether they actually are related to the transferred files before the data is shared with you. That is far beyond what we initially agreed to address which was only an examination limited to the transferred files to ensure their deletion, and excluding the 2000+ personal documents we had identified.

I have been trying to review our correspondence to see how we got in this predicament. I am not representing it was intentional. Based upon my review, this started with a very limited concern of yours that the files that were inadvertently transferred be deleted. We were agreeable. I offered to ensure the files were deleted, but that was not sufficient for your client. You wanted a third party to do it and proposed that your expert, Avansic take possession of my client's personal computer and delete the files with my client paying for all of the costs to do so. I questioned the cost and expressed concerns about the fact that her personal computer would have attorney-client privileged information on it as well as personal and financial information about herself and family members. Thus, I was not comfortable with turning it over to your expert for review and deletion of files and said so.



**EXHIBIT "A"**

You then proposed an additional review that would include a review of data locally stored to see if the files at issue (3000 files) had been moved and to delete the relevant files. You proposed that a third party, Guardian, perform the review and ensure deletion. We agreed to pay half the cost with the understanding that review would focus on identifying and deleting the 3000 files at issue, not an entire forensic examination of my client's personal computer which she shares with her husband and an examination of all of the files which are contained on it. I understood the search parameters you prepared were consistent with the approach we had discussed. Specifically, I thought the search parameters indicated the peculiar file names that were transferred, and the computer would be searched to identify those particular files. That is clearly not how Guardian has approached it.

Have you looked at the last report? I note two things that are important in determining whether we are getting anywhere. The first is that many, many of the hits are obviously not related to the point that I question why they are coming up as hits. There are a lot of product images and online shopping information from retailers such as Amazon, Bath and Body Works, Hoka, and Walmart. There are downloads from a recipe site. It seems obvious that we are conducting a review of their internet browser history. That is not at all what I thought we were doing. Why would information pulled from the internet have any relevance to this case? It looks like my client downloaded a slow cooker recipe for pork several times about a year ago but I cannot imagine why that would be included in this examination or that you would be interested in that. It also looks like there is some research concerning a trip to the Grand Canyon and 2nd Grade Reading Comprehension Worksheets. There are a lot of images, email attachments containing coupons for home appliances and "Essential Senior Discounts." The only emails identified that were sent by my client were emails to her husband. The other email "hits" were emails sent to or from her husband. There are also a number of documents related to Lowes and Master Lock which I believe to be related to her husband's employment. The fact that these documents are being identified means the forensic review parameters are far too broad which is why the search has been and continues to be so time consuming and expensive.

Secondly, while we do see some files that I think are the files in question based upon the file names, that is no surprise and reveals nothing. We are not disputing that the files were transferred to her OneDrive. I did not find all of the 3000 files listed, which means that not only are we finding a lot of unrelated documents to wade through, the search is also not identifying all of the documents actually at issue.

More fundamentally, I think we need to distinguish between establishing that certain files may have existed on my client's personal computer and establishing the elements necessary to support the claims being asserted. So far, the report only shows that some of the files are on the computer and nothing more.

My understanding is that Gentiva contends that the files contain trade-secret information and that my client misappropriated that information. If that is the theory, I would like to understand what evidence currently exists concerning (1) the specific information



**EXHIBIT "A"**

Gentiva contends constitutes a trade secret; (2) the measures Gentiva took to protect that information; (3) whether and how the information was actually misappropriated; (4) whether the information was accessed, used, disclosed, transmitted, or provided to anyone; and (5) what actual loss, or other legally cognizable harm Gentiva contends resulted.

I recognize that the forensic examination may be intended to address some of these questions. However, after approximately $12,000 in forensic costs, I have not seen evidence establishing that the files were used or disclosed, that they were provided to anyone, or that my client obtained any benefit from them. Nor have I been provided with the identity of a witness who can explain why the particular files at issue constitute trade secrets or what economic value or harm is associated with them.

That distinction is important to my client. If the purpose of continuing the forensic examination is simply to determine whether additional files remain on her personal computer, without evidence suggesting that those files were actually used, disclosed, transferred, or otherwise misappropriated, I am not convinced that an increasingly broad examination of her personal computer is proportional to the issues that need to be resolved in this case.

We remain willing to do what we agreed to at the outset which is to pay one-half of the cost for someone to ensure deletion of the files allegedly transferred from her personal computer.

Rebecca

---

**From:** Mark K. Cameron <mcameron@fridayfirm.com>
**Date:** Monday, August 31, 2026 at 8:11 AM
**To:** Rebecca Hattabaugh <rhattabaugh@lcahlaw.com>
**Subject:** RE: invoices

Rebecca,

Have you spoken to your client about the retainer requested by Alvey? Gentiva is prepared to split the retainer (approx.. $4,000 each) to move this project forward.

MARK K. CAMERON | ATTORNEY

mcameron@fridayfirm.com | Direct: (501) 370-1578 | Fax (501) 244-5379
3350 S. Pinnacle Hills Pkwy, Suite 301
Rogers, Arkansas 72758 | www.FridayFirm.com

This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended